DOWNEY BRAND LLP
TORY E. GRIFFIN (Bar No. 186181)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
mbaker@downeybrand.com
tgriffin@downeybrand.com

Attorneys for Defendants GAULT SOUTH BAY,
INC. and ROBERT GAULT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEPUY ORTHOPAEDICS, INC., | Case No.  C:07-cv-05897-JW |
| Plaintiff, | ANSWER OF DEFENDANTS GAULT SOUTH BAY, INC. AND ROBERT GAULT |
| v. | |
| GAULT SOUTH BAY, INC., a California Corporation, and ROBERT GAULT, | |
| Defendants. | |

Defendants Gault South Bay Inc. ("GSB") and Robert Gault ("Gault") hereby answer the Complaint of Plaintiff DePuy Orthopaedics, Inc. ("DePuy").

JURISDICTION AND VENUE

1.    GSB and Gault (collectively "Defendants") lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and on that basis deny the allegations therein.

2.    Defendants admit the allegations in paragraph 2.

3.    Defendants admit the allegations in paragraph 3.

4.    The allegations in paragraph 4 consist of legal conclusions and jurisdictional statements to which no factual response is required.  To the extent that paragraph 4 contains any factual allegations, those allegations are denied.

898913.2

1

5.  The allegations in paragraph 5 consist of legal conclusions and jurisdictional statements to which no factual response is required.  To the extent that paragraph 5 contains any factual allegations, those allegations are denied.

6.  The allegations in paragraph 6 consist of legal conclusions and jurisdictional statements to which no factual response is required.  To the extent that paragraph 6 contains any factual allegations, those allegations are denied.

## THE BUSINESS OF DEPUY

7.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and on that basis deny the allegations therein.

8.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and on that basis deny the allegations therein.

9.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and on that basis deny the allegations therein.

10.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and on that basis deny the allegations therein.

11.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and on that basis deny the allegations therein.

12.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and on that basis deny the allegations therein.

13.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and on that basis deny the allegations therein.

## THE RELATIONSHIP BETWEEN DEPUY AND GAULT

14.  Defendants admit that GSB entered into an agreement with DePuy in or around November 2006 whereby GSB agreed to act as the independent sales representative for DePuy products in a designated California territory (the "Contract").  Defendants deny the remaining allegations in paragraph 14.

15.  Defendants admit that GSB entered into the Contract with DePuy in or around November 2006 whereby GSB agreed to act as the independent sales representative for DePuy

products in a designated California territory. Defendants also admit that a true and correct copy of the Contract has been attached to the Complaint as Exhibit A. The terms of the Contract speak for themselves; to the extent Plaintiff attempts to characterize those terms, Defendants deny such allegations. Defendants deny that Gault is a party to the Contract, and also deny any remaining allegations in paragraph 15.

16.    Defendants admit the allegations in paragraph 16.

17.    The terms of the Contract speak for themselves; to the extent Plaintiff attempts to characterize those terms, Defendants deny such allegations.

18.    The terms of the Contract speak for themselves; to the extent Plaintiff attempts to characterize those terms, Defendants deny such allegations. Defendants further deny that the non-compete provisions of the Contract referred to in this paragraph are enforceable.

19.    Defendants deny each and every allegation in paragraph 19.

20.    Defendants deny each and every allegation in paragraph 20.

21.    Defendants admit that Brad LaPoint sent a letter purporting to terminate the Contract between DePuy and GSB effective August 24, 2007. Defendants lack sufficient knowledge or information to form a belief as to when Mr. LaPoint sent that letter or the reason(s) why DePuy chose to terminate the Contract, and on that basis denies these allegations. Defendants deny any remaining allegations in paragraph 21.

22.    Defendants admit they filed a lawsuit against DePuy on August 24, 2007, in California Superior Court, Santa Clara County, which seeks, *inter alia*, to declare the non-compete provisions in the Contract void and unenforceable. Defendants also admit that the Complaint originally named Candice Polich as a Plaintiff, but she has since been dismissed from the lawsuit. Defendants deny the remaining allegations in paragraph 22.

23.    Defendants deny each and every allegation in paragraph 23.

24.    Defendants deny each and every allegation in paragraph 24.

25.    Defendants deny each and every allegation in paragraph 25.

26.    Defendants deny each and every allegation in paragraph 26.

////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT I

### BREACH OF CONTRACT

### (Directed to Gault South Bay)

27.　　In response to paragraph 27, GSB incorporates by reference each and every response in paragraphs 1-26 of this Answer as though fully set forth herein.

28.　　GSB admits that it entered into a Contract with DePuy, but denies that all of the terms and provisions therein, including (but not limited to) those purporting to restrict GSB and Gault from competing with DePuy following the termination of the Contract, are valid and binding on either GSB or Gault.

29.　　GSB denies each and every allegation in paragraph 29.

30.　　GSB denies each and every allegation in paragraph 30.

31.　　GSB denies each and every allegation in paragraph 31.

## COUNT II

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

### (Directed to Gault)

32.　　In response to paragraph 32, Gault incorporates by reference each and every response in paragraphs 1-26 of this Answer as though fully set forth herein.

33.　　Gault admits that GSB entered into a Contract with DePuy, but denies that all of the terms and provisions therein, including (but not limited to) those purporting to restrict GSB and Gault from competing with DePuy following the termination of the Contract, are enforceable against either GSB or Gault.

34.　　Gault admits he was aware of the Contract between GSB and DePuy.

35.　　The terms of the Contract speak for themselves; to the extent Plaintiff attempts to characterize those terms, Gault denies such allegations.

36.　　Gault denies each and every allegation in paragraph 36.

37.　　Gault denies each and every allegation in paragraph 37.

////

////

898913.2

4

1

**COUNT III**

**TORTIOUS INTERFERENCE WITH CUSTOMER RELATIONSHIPS**

**(Directed to Gault and GSB)**

38.    In response to paragraph 38, Defendants incorporate by reference each and every response in paragraphs 1-37 of this Answer as though fully set forth herein.

39.    Defendants deny each and every allegation in paragraph 39.

40.    Defendants deny each and every allegation in paragraph 40.

41.    Defendants deny each and every allegation in paragraph 41.

42.    Defendants deny each and every allegation in paragraph 42.

**COUNT IV**

**BREACH OF DUTIES OWED TO DEPUY**

**(Directed to Gault and GSB)**

43.    In response to paragraph 43, Defendants incorporate by reference each and every response in paragraphs 1-42 of this Answer as though fully set forth herein.

44.    Defendants admit that GSB served as an independent contractor of DePuy. Defendants also admit that Gault served as the President and controlling shareholder of GSB. The remaining allegations in paragraph 44 consist of legal conclusions to which no factual response is required.  However, should paragraph 44 contain any remaining factual allegations, those allegations are denied.

45.    Defendants deny each and every allegation in paragraph 45.

46.    Defendants deny each and every allegation in paragraph 46.

**COUNT V**

**UNFAIR COMPETITION**

**(Directed to Gault and GSB)**

47.    In response to paragraph 47, Defendants incorporate by reference each and every response in paragraphs 1-46 of this Answer as though fully set forth herein.

48.    The allegations in paragraph 48 are vague, ambiguous, and fail to specify what type of relationships Defendants allegedly developed with customers.  As a result, Defendants

1  lack sufficient knowledge or information to form a belief as to the truth of the allegations in

2  paragraph 48, and on that basis deny the allegations therein.

3        49.    The allegations in paragraph 49 are vague, ambiguous, and fail to specify what

4  type of relationships Defendants allegedly developed with customers or how these relationships

5  supposedly placed Defendants in a position to unfairly compete with DePuy.  As a result,

6  Defendants lack sufficient knowledge or information to form a belief as to the truth of the

7  allegations in paragraph 49, and on that basis deny the allegations therein.

8        50.    Defendants deny each and every allegation in paragraph 50.

9        51.    Defendants deny each and every allegation in paragraph 51.

10        52.    Defendants deny each and every allegation in paragraph 52.

11        53.    Defendants deny each and every allegation in paragraph 53.

12                         **AFFIRMATIVE DEFENSES**

13        As separate and affirmative defenses to all causes of action in the Complaint, Defendants

14  allege as follows:

15                        **First Affirmative Defense**

16                          **(Failure to State a Claim)**

17        Each and every claim fails to state a claim upon which relief can be granted.

18                       **Second Affirmative Defense**

19             **(Non-Compete Provisions Are Void and Unenforceable)**

20        The non-compete provisions in the Contract are void and unenforceable.

21                        **Third Affirmative Defense**

22                          **(Condition Precedent)**

23        Plaintiff failed to comply with the terms and conditions of the Contract, thereby

24  discharging any and all obligations on the part of Defendants.

25                       **Fourth Affirmative Defense**

26                          **(Complete Performance)**

27        Defendants have appropriately, completely, and fully performed and discharged all

28  obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

**Fifth Affirmative Defense**

**(Excuse of Performance)**

Any duties or obligations, contractual or otherwise, that Plaintiff claims were owed by Defendants to Plaintiff have been fully excused.

**Sixth Affirmative Defense**

**(Good Faith)**

At all times alleged in the Complaint the actions of Defendants were reasonable and conducted in good faith, without malice, and with the reasonable belief that such actions and conduct were lawful and valid.

**Seventh Affirmative Defense**

**(Alter Ego Doctrine)**

Plaintiff has failed to allege sufficient facts showing that Defendants are the alter ego of one another, and Defendants are not the alter ego of one another.

**Eighth Affirmative Defense**

**(Causation)**

Any breach of contract, direct liability or other fault, act or omission allegedly on the part of Defendants, if any, was not, in fact, a proximate cause of the damages or liabilities claimed by Plaintiff, if any, but rather any such alleged breaches, acts or omissions, if any, were only secondary inconsequential and indirect and did not contribute to or cause the alleged damages and liabilities claimed by Plaintiff, if any.

**Ninth Affirmative Defense**

**(Conduct of Plaintiff)**

If Plaintiff has been damaged, said damages were proximately caused by its own conduct and/or that of its agents or employees, and not any acts or omissions on the part of Defendants.

////

////

////

////

898913.2

7

1

**Tenth Affirmative Defense**

2

**(Third Party Conduct)**

3    If Plaintiff has been damaged, said damages were proximately caused by the conduct of

4    independent third parties and/or that of their agents or employees, and not any acts or omissions

5    on the part of Defendants.

6

**Eleventh Affirmative Defense**

7

**(Avoidable Loss)**

8    Losses suffered by Plaintiff, if any, were avoidable by Plaintiff's reasonable effort and

9    without undue expense on the part of Plaintiff, and Plaintiff is therefore barred from recovery.

10

**Twelfth Affirmative Defense**

11

**(Failure to Mitigate)**

12    Plaintiff has failed to mitigate its alleged losses or damages, if any.  Therefore, the

13    damages claimed by Plaintiff, if any, should be barred or reduced by the amount of such damages

14    that Plaintiff could have avoided.

15

**Thirteenth Affirmative Defense**

16

**(Speculative Damages)**

17    If Plaintiff has been damaged, said damages are too speculative to form a basis of

18    recovery.

19

**Fourteenth Affirmative Defense**

20

**(Failure to State Basis for Punitive and/or Exemplary Damages)**

21    Plaintiff has failed to state a valid basis for an award of punitive and/or exemplary

22    damages in its favor.

23

**Fifteenth Affirmative Defense**

24

**(Unconstitutionality of Punitive and/or Exemplary Damage Award)**

25    Any award of punitive damages as sought by Plaintiff would violate the due process and

26    excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United States

27    Constitution, as well as the Constitutions of the States of Indiana and California.

28    ////

898913.2

8

**Sixteenth Affirmative Defense**

**(No Punitive and/or Exemplary Damages)**

Plaintiff cannot recover punitive or exemplary damages because any alleged act or omission by Defendants was done in good faith, and Defendants had reasonable grounds to believe that their actions did not violate any laws of the United States, Indiana or California.

**Seventeenth Affirmative Defense**

**(No Injunctive or Equitable Relief)**

If Plaintiff suffered any loss, damage or injury, it is compensable by monetary damages and Plaintiff is not entitled to injunctive or any other equitable relief.

**Eighteenth Affirmative Defense**

**(No Restitutionary Relief)**

As to the third claim for statutory unfair competition, Plaintiff is not entitled to the remedy of restitution it seeks under Business and Professions Code § 17200 et seq.

**Nineteenth Affirmative Defense**

**(Estoppel)**

Each and every claim is barred by the doctrine of estoppel.

**Twentieth Affirmative Defense**

**(Unclean Hands)**

Each and every claim is barred by the doctrine of unclean hands.

**Twenty-First Affirmative Defense**

**(Laches)**

Each and every claim is barred by the equitable doctrine of laches.

**Twenty-Second Affirmative Defense**

**(Waiver)**

Each and every claim is barred by the doctrine of waiver.

////

////

////

898913.2

9

1

**Twenty-Third Affirmative Defense**

2

**(Reservation of Right to Assert Additional Affirmative Defenses)**

3

Defendants reserve the right to assert other applicable affirmative defenses as may

4

become available or apparent during discovery proceedings. Defendants further reserve the right

5

to amend this Answer and/or affirmative defenses accordingly and/or delete affirmative defenses

6

that they determine are not applicable during the course of subsequent discovery.

7

**PRAYER FOR RELIEF**

8

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

9

1.      Plaintiff take nothing by way of this action;

10

2.      The Complaint be dismissed with prejudice;

11

3.      Defendants have judgment against Plaintiff, including an award of attorneys' fees

12

and costs as allowed by law;

13

4.      For such other relief as the Court deems just and proper.

14

DATED: January 2, 2008                    DOWNEY BRAND LLP

15

16

By:_____/s/ Tory E. Griffin_____

17

TORY E. GRIFFIN
Attorney for Defendants

18

GAULT SOUTH BAY, INC. and ROBERT
GAULT

19

20

21

22

23

24

25

26

27

28

898913.2

10