1  DOWNEY BRAND LLP
   TORY E. GRIFFIN (Bar No. 186181)
2  MEGHAN M. BAKER (Bar No. 243765)
   555 Capitol Mall, Tenth Floor
3  Sacramento, CA  95814-4686
   Telephone: (916) 444-1000
4  Facsimile: (916) 444-2100
   mbaker@downeybrand.com
5  tgriffin@downeybrand.com

6  Attorneys for Defendants GAULT SOUTH BAY,
   INC. and ROBERT GAULT
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12 | DEPUY ORTHOPAEDICS, INC.,            | Case No.  C:07-cv-05897-JW
13 |           Plaintiff,                 | **NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**
14 | v.                                   |
15 | GAULT SOUTH BAY, INC., a California  | Date: April 7, 2008
   | Corporation, and ROBERT GAULT,       | Time: 9:00 a.m.
16 |                                      |
17 |           Defendants.                |

18       NOTICE IS HEREBY GIVEN that on April 7, 2008, at 9:00 a.m., or as soon thereafter as

19 this matter may be heard in the above entitled court, located at 280 S. 1st Street, San Jose,

20 California, Defendants Gault South Bay, Inc. ("GSB") and Robert Gault ("Gault") (collectively,

21 the "Defendants") will, and hereby do, move this Court for an order granting partial summary

22 judgment in their favor and against Plaintiff DePuy Orthopaedics, Inc. ("DePuy").  Defendants

23 make this motion pursuant to Federal Rule of Civil Procedure 56, on the ground that GSB and

24 Gault are entitled to partial summary judgment on DePuy's claims against them to the extent

25 DePuy's claims are predicated on an unlawful covenant not to compete.  As to the portion of

26 DePuy's claims against Defendants predicated on such unlawful covenant not to compete, there is

27 no genuine issue as to any material fact and that the moving parties are entitled to judgment as a

28 matter of law.  More specifically:

906654.1                                1

The contract at issue between GSB and DePuy (the "Agreement") contains an extremely broad covenant not to compete following termination of the Agreement. It provides, in pertinent part:

> Contractor agrees that, if this Agreement is terminated for any reason, that for a period of one (1) year after termination of the Agreement, that neither Contractor nor any of its employees, independent contractors, or agents who were involved in the representation or sale of the Products, will, without DePuy's prior written consent, accept a position with a competitor of DePuy, which involves direct or indirect sales of competitive products in the same Territory or sales to the same accounts covered by the Agreement or engage, directly or indirectly in the sales of competitive products or in competitive activities as described above.

(*Id.*)

The Agreement also includes a provision that purports to limit the ability of GSB employees and independent contractors (such as Gault himself) from competing with DePuy, notwithstanding the fact that they are not parties or signatories to the Agreement. The Agreement states, in pertinent part:

> Contractor may hire its own employees or contract with other individuals or entities to assist Contractor in the performance of its duties hereunder, which employees, individuals or entities shall be solely Contractor's responsibility and shall be compensated solely by Contractor. Contractor agrees that any such employees, individuals or entities will not be subject to DePuy's approval or supervision, but will be bound by the same DePuy and Johnson & Johnson guidelines, policies and procedures, the non-compete provisions and all other provisions of this agreement to which Contractor is subject.

(*Id.*, at p. 2.)

In this action, DePuy alleges, among other things, that GSB breached the covenant not to compete in the Agreement by going to work for DePuy's competitor after DePuy terminated the Agreement. (Complaint, at ¶¶ 21, 23, 30.) DePuy further alleges various claims against both GSB and Gault, including claims for (1) "tortious interference with contractual relationship" against Gault, (2) tortious interference with customer relationships against both Gault and GSB, (3) breach of duties owed to DePuy against both Gault and GSB, and (4) unfair competition against both Gault and GSB. These additional claims appear to be based, in part, on the alleged

906654.1

2

1  violation of the covenant not to compete after DePuy terminated the Agreement on August 24, 2007.  Based on these allegations, DePuy seeks monetary damages and injunctive relief preventing Gault and GSB from further competing with DePuy.  (*Id.*, at ¶¶ 31, 37, 42, 46, 53.)

   Each of DePuy's claims fail as a matter of law to the extent such claims are predicated on the covenants not to compete in the Agreement set forth above.  Such restrictive covenants are void as against the strong public policy of the State of California.  Moreover, California law applies to the issue of whether the covenant not to compete is enforceable because of California's strong public policy in this regard, and because California has a materially greater interest than does Indiana (the applicable law designated in the Agreement).

   This motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the accompanying Declarations of Robert Gault and Tory E. Griffin; the accompanying Request for Judicial Notice; all pleadings, papers and records on file herein when the Motion is heard; and any argument at the hearing on this matter.

DATED: February 13, 2008            DOWNEY BRAND LLP


                                    By:    /s/ Tory E. Griffin
                                         TORY E. GRIFFIN
                                         Attorney for Defendants
                                         GAULT SOUTH BAY, INC. and ROBERT GAULT