**EXHIBIT D**

ADR

FILED

2007 SEP 10 P 2: 40

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

1  Mark A. Neubauer (No. 73728)
   Rebecca Edelson (No. 150464)
2  Steptoe & Johnson LLP
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles CA 90067
   Telephone:  (310) 734-3200
4  Facsimile:   (310) 734-3300
   Email: mneubauer@steptoe.com
5  Email: redelson@steptoe.com

6  Attorneys for Defendant
   DEPUY ORTHOPAEDICS, INC.,
7  an Indiana corporation

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11                      C07  04659   RS

12

13  GAULT SOUTH BAY, INC. a          CASE NO.
    California Corporation, BOB
14  GAULT, an individual, and        NOTICE OF REMOVAL OF
    CANDICE POLICH, an individual,   ACTION UNDER 28 U.S.C. § 1441(b)
15                                   BY DEFENDANT DEPUY
              Plaintiff,             ORTHOPAEDICS, INC.
16
        vs.
17
                                                          BY FAX
    DEPUY ORTHOPAEDICS, INC.,
18  an Indiana corporation,

19            Defendants.

20        **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND**

21  **PLAINTIFFS GAULT SOUTH BAY, INC., BOB GAULT AND CANDICE**

22  **POLICH AND THEIR COUNSEL OF RECORD:**

23        PLEASE TAKE NOTICE that defendant DePuy Orthopaedics, Inc.

24  ("DePuy" or "Defendant") hereby removes this action to the United States District

25  Court for the Northern District of California.

26        1.    **Intradistrict Assignment.**  On August 24, 2007, an action was

27  commenced in the Superior Court of the State of California for the County of

28  **Santa Clara,** entitled <u>Gault South Bay, Inc., Bob Gault and Candice Polich vs.</u>

-1-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.          Case No. _____
§ 1441(b) BY DEFT. DEPUY ORTHOPAEDICS, INC.          Doc. # CC-166020 v.1

DePuy Orthopaedics, Inc., as Case Number 107CV092906 ("State Court Action"). No process, pleadings, or orders have been served on Defendant at the time of removal, but a true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit 1. Assignment to the San Jose Division of the United States District Court is therefore appropriate. (Local Rule 3-2(e)).

2. To date, DePuy has not been served with a copy of the Complaint or Summons.

3. This Notice of Removal is filed within 30 days of service of the Complaint since service has not yet occurred and is therefore timely under 28 U.S.C. § 1446(b).

4. To Defendant's knowledge, no further proceedings have taken place in the State Court Action other than the Complaint attached at Exhibit 1.

5. **Jurisdiction.** This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Removal is therefore proper under § 1441(a). As set forth below, there is diversity of citizenship between Plaintiffs and Defendant.

A. **Plaintiffs.** As alleged in the Complaint, plaintiff Bob Gault was, at the time his action commenced, and continues to be, an individual who is a citizen of the State of California. As alleged in the Complaint, plaintiff Candice Polich was, at the time the State Court Action commenced, and continues to be, an individual who is a citizen of the State of California. Plaintiff Gault South Bay, Inc. was, at the time this action commenced, and continues to be, a corporation duly organized and incorporated under the laws of the State of California with its principal place of business in California. These are the only plaintiffs in the State Court Action.

B. **Defendant DePuy.** Defendant DePuy was, at the time this action commenced, and continues to be a corporation duly organized and incorporated under the laws of the State of Indiana with its principal place of

1  business in Warsaw, Indiana. DePuy is the only defendant in the State Court
2  Action.
3          C.     The amount in controversy exceeds the sum of $75,000,
4  exclusive of interest and costs. To the extent that the sales representative
5  agreement at issue in the State Court Action is declared unenforceable as prayed
6  for in the Complaint, DePuy stands to lose in excess of $75,000. To the extent that
7  Plaintiffs are permitted to take to a competitor those accounts they serviced as
8  DePuy sales representatives and wrongfully exploit those relationships they
9  developed or enhanced using DePuy's resources in violation of Gault South Bay
10 Inc.'s sales representative agreement with DePuy, DePuy will be damaged well in
11 excess of $75,000 given the profits Gault South Bay, Inc. generated for DePuy
12 while it was a DePuy sales representative.
13      6.     Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendant
14 DePuy will promptly give notice of the filing of this Notice of Removal to Plaintiff
15 and will file a copy with the Clerk of the Superior Court of the State of California
16 for the County of Santa Clara.

17 DATED: September 10, 2007      STEPTOE & JOHNSON LLP

                                  MARK A. NEUBAUER
                                  REBECCA EDELSON


                                  By /s/ Rebecca Edelson
                                     REBECCA EDELSON
                                     Attorneys for Defendant
                                     DEPUY ORTHOPAEDICS, INC.

**EXHIBIT 1**

DOWNEY BRAND LLP
TORY E. GRIFFIN (Bar No. 186181)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone:   (916) 444-1000
Facsimile:    (916) 444-2100

Attorneys for Plaintiffs
GAULT SOUTH BAY, INC., BOB GAULT, and
CANDICE POLICH

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| GAULT SOUTH BAY, INC., a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>DEPUY ORTHOPAEDICS, INC., an Indiana Corporation, <br><br>Defendant. | CASE NO. 107CV092906 <br><br>COMPLAINT |



   Plaintiffs Gault South Bay, Inc. ("Gault South Bay"), and Bob Gault ("Gault"), (collectively referred to herein as "Plaintiffs") seek declaratory and injunctive relief pursuant to California Code of Civil Procedure Section 1060 and Business and Professions Code Section 17200. In support thereof, Plaintiffs allege:

### THE PARTIES

   1.   Gault South Bay is a corporation incorporated in the State of California with its principal place of business in California. Gault is the President and sole shareholder of Gault South Bay. Gault South Bay's business purpose is to allow Gault to perform certain sales activities on behalf of Defendant, as stated more fully herein.

2. Gault is an individual residing in Santa Clara County, California.

3. Polich is an individual residing in California.

4. Defendant DePuy Orthopedics, Inc. ("Defendant") is a corporation incorporated in the State of Indiana and having its principal place of business in the State of Indiana. Plaintiffs are informed and believes that Defendant maintains sufficient contacts with California such that this court has personal jurisdiction over said defendant. These contacts include, but are not limited to, numerous clients in California, and several employees residing in California. Moreover, the instant dispute arises out of the contract between Gault South Bay and Defendant, and such contract was to be performed in California.

5. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs at the time of filing this complaint, and therefore Plaintiffs sue said defendants under such fictitious names. Plaintiffs will amend this complaint to insert the true name and capacities of the fictitiously named Defendants when the same become known to Plaintiffs.

**VENUE**

6. Venue is proper in this court pursuant to Code of Civil Procedure sections 395 or 395.5 because (a) Defendant does not reside in California, and (b) because the controversy regarding the written agreement that is the subject of this declaratory relief action arose in Santa Clara County, California, and such written agreement was made in Santa Clara County, California.

**GENERAL BACKGROUND**

7. Defendant is a corporation that designs, manufactures and distributes orthopedic devices and supplies including hip, knee, extremity, trauma, orthobiologics, and operating room products.

8. In November 2006, Gault South Bay and Defendant entered into an independent contractor agreement (the "Agreement") whereby Gault South Bay agreed to act as the independent sales representative for Defendant's products in a certain identified territory. The Agreement had an effective date of January 1, 2007. A copy of the Agreement is attached hereto

2

COMPLAINT   Page 5
Exhibit 1

1 | as Exhibit A.

2 | 9. The Agreement purports to be in effect until December 31, 2007, and states that during this time period, Contractor will not "sell any competitive products or engage in any competitive activities without obtaining DePuy's prior written consent." (Exhibit A, at p. 1.) The Agreement further defines competitive activities in this context as "selling, offering for sale, promoting, receiving or soliciting orders for goods or services similar, or intended for similar use as those offered by DePuy or any other J&J company, or accepting remuneration or any kind from any person providing such goods and services." (*Id.*)

10. On August 24, 2007, DePuy sent a letter terminating the Agreement.

11. In addition to the restrictive covenant noted in Paragraph 8 above, the Agreement contains an extremely broad covenant not to compete following termination of the Agreement. It provides, in pertinent part:

> Contractor agrees that, if this Agreement is terminated for any reason, that for a period of one (1) year after termination of the Agreement, that neither Contractor nor any of its employees, independent contractors, or agents who were involved in the representation or sale of the Products, will, without DePuy's prior written consent, accept a position with a competitor of DePuy, which involves direct or indirect sales of competitive products in the same Territory or sales to the same accounts covered by the Agreement or engage, directly or indirectly in the sales of competitive products or in competitive activities as described above.
>
> ...
>
> Contractor also agree [sic] to waive any defense to entry of a preliminary injunction prohibiting its violation of the noncompetition provisions of this Agreement based on the existence of an adequate remedy at law by DePuy.

(Exhibit A, at p.7.)

12. Polich is not a party to the Agreement. Polich is an independent contractor for Gault South Bay. Nevertheless, the Agreement purports to limit Polich's ability to compete with DePuy. The Agreement states:

> Contractor may hire its own employees or contract with other individuals or entities to assist Contractor in the performance of its duties hereunder, which employees, individuals or entities shall be solely Contractor's responsibility and shall be compensated solely by Contractor. Contractor agrees that any such employees,

3

COMPLAINT

Page 6
Exhibit 1

      individuals or entities will not be subject to DePuy's approval or supervision, but will be bound by the same DePuy and Johnson & Johnson guidelines, policies and procedures, the non-compete provisions and all other provisions of this agreement to which Contractor is subject.

(Exhibit A, p. 2.)

13. The Agreement also contains a waiver of a right to a jury trial. (Exhibit A, at p.9.) Such provisions are unenforceable in California.

14. By this action, Plaintiffs wish to have this court declare that the non-compete provisions contained in the Agreement are void and invalid as contrary under California law, due to California's strong public policy against agreements restricting an individual from employment in his or her chosen trade or profession. (*See* Business and Professions Code Section 16600). In particular, Plaintiffs seek to have this court declare all restrictive covenants in the Agreement void as an improper restraint of trade under Business and Professions Code Section 16600. (*See Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881 (1998)).

15. Plaintiffs further seek to have the Agreement declared invalid insofar as the one-year term purports to prohibit Gault from engaging in his chosen profession during this one-year period. Enforcement of the one-year term against Plaintiffs would constitute an unlawful restraint of trade in violation of California law.

## FIRST CAUSE OF ACTION
## REQUEST FOR DECLARATORY RELIEF

16. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 15, as though fully contained herein.

17. An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and obligations under the Agreement. Plaintiffs believe the Agreement is terminable at will, and that the non-compete provisions contained in the Agreement are void and unenforceable. Plaintiffs, however, are informed and believe, and thereon allege, that Defendant disputes these assertions.

18. Plaintiffs request a judicial determination regarding the validity and enforceability of the non-compete provisions contained in the Agreement, as well as the termination provision

K72956.1

4

COMPLAINT

Page 7
Exhibit 7

of the Agreement and the waiver of the right to a jury trial.

19. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiffs may ascertain the scope and extent of their right to do business in their chosen profession.

### SECOND CAUSE OF ACTION
### UNFAIR COMPETITION
(Business & Professions Code § 17200)

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19, as though fully contained herein.

21. The Agreement is unlawful and unfair within the meaning of Business & Professions Code Section 17200 insofar as the Agreement restricts Plaintiffs' ability to compete with DePuy, or otherwise restricts the ability to terminate the Agreement.

22. Plaintiffs seek an injunction to prohibit enforcement of the invalid portions of the Agreement, as set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

1. For a declaration that the non-compete contained in the Agreement are void and unenforceable in California, and that the Agreement is not applicable to or binding on non-parties thereto, including the one-year term and non-compete provisions of the Agreement;

2. For a preliminary and permanent injunction preventing Defendant from enforcing any non-compete provisions contained in the Agreement, or from enforcing any portion of the Agreement against non-parties thereto;

3. For attorneys' fees, according to proof and as permitted by law;

4. For costs of suit as permitted by law; and

5. For such other relief as the court deems just and proper.

DATED: August 24, 2007

DOWNEY BRAND LLP

By: _____
TORY E. GRIFFIN
Attorney for Plaintiffs
GAULT SOUTH BAY SYSTEMS, INC., BOB
GAULT, and CANDICE POLICH

872966.3

6

COMPLAINT

Page 9
Exhibit 1