**EXHIBIT H**

1
2
3
4
5
6
7

Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles  CA  90067
Telephone:   (310) 734-3200
Facsimile:    (310) 734-3300
Email: mneubauer@steptoe.com
Email: redelson@steptoe.com

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

### SAN JOSE DIVISION

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| GAULT SOUTH BAY, INC. a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DEPUY ORTHOPAEDICS, INC., an Indiana corporation, <br><br> Defendants. | CASE NO. 5:07-cv-4659-JW <br><br> **DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION** <br><br> [Request for Judicial Notice filed concurrently herewith] <br><br> Date: TBD |

1

# TABLE OF CONTENTS

2

Page

I.    INTRODUCTION ................................................................................... 1

3

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................... 2

4

III.   THERE IS NO JUSTIFICATION FOR AN EX PARTE INJUNCTION ......... 5

5

IV.   CALIFORNIA LAW – ON WHICH PLAINTIFFS PURPORT TO RELY –
      PROHIBITS THE INJUNCTION THEY SEEK ......................................... 6

6

V.    THE MANDATORY INDIANA FORUM SELECTION CLAUSE IN THE
      PARTIES' AGREEMENT PRECLUDES THE INJUNCTION PLAINTIFFS
      SEEK ................................................................................................. 8

7

8

    A.   The Parties' Forum Selection Clause Mandates A Different Venue ............. 8

9

    B.   Public Policy Does Not Invalidate the Indiana Forum Selection Provision in
         the Parties' Agreement ...................................................................... 13

10

11

VI.   THE FIRST-TO-FILE RULE DOES *NOT* SUPPORT PLAINTIFFS' EX
      PARTE APPLICATION ........................................................................ 19

12

13

VII.  CONCLUSION ................................................................................... 21

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION**
CASE NO. 5:07-cv-04659-RS

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

Alltrade, Inc. v. Uniweld Products, Inc.,
    946 F. 2d 622 (9th Cir. 1991) ............................................................................... 19

Argueta v. Banco Mexicano, S.A.,
    87 F.3d 320 (9th Cir. 1996) ................................................................................... 9

Austin Powder Co. v. Wallwork,
    761 F. Supp. 612 (S.D. Ind. 1990) ...................................................................... 17

Bergh v. State of Washington,
    535 F.2d 505 (9th Cir. 1976) ............................................................................ 6, 8

Davis v. Advanced Care Technologies, Inc.,
    2007 WL 2288298 (E.D. Cal. 2007) .................................................................. 18

Del Mar Avionics vs. Quiton Instruments Co., 645 F. 2d 832 (9th Cir. 1981) ......... 8

Docksider, Ltd. v. SeaTechnology, Ltd.,
    875 F.2d 762 (9th Cir. 1989) .............................................................................. 10

E. & J. Gallo Winery v. Andina Licores S.A.,
    440 F. Supp. 2d 1115 (E.D. Cal. 2006) .............................................................. 15

E. & J. Gallo Winery v. Andina Licores S.A.,
    440 F. Supp. 2d 1134 (E.D. Cal. 2006) ................................................................ 8

E. & J. Gallo Winery v. Andina Licores S.A.,
    446 F. 3d 984 (9th Cir. 2006) ................................................................. 8, 14, 19

Employers Insurance of WAUSAU and Nat'l Cas. Co. v. News Corporation,
    439 F. Supp. 2d 328 (S.D.N.Y. 2006) ................................................................ 20

Fireman's Fund Ins. Co. v. M.V. DSR Atlantic,
    131 F.3d 1336 (9th Cir. 1997) ............................................................................ 15

Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.,
    949 F. Supp. 1427 (N.D. Cal. 1997) ................................................................... 11

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 5:07-cv-04659-RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hopkinson v. Lotus Dev. Corp.,
    1995 WL 381888 (N.D. Cal. June 20, 1995) ................................................. 9, 13

Iconix, Inc. v. Tokuda,
    457 F. Supp. 2d 969 (N.D. Cal. 2006) .................................................................. 5

Jones v. GNC Franchising, Inc.,
    211 F. 3d 495 (9th Cir. 2000) ........................................................................... 18

Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty,
    408 F.3d 1250 (9th Cir. 2005) ............................................................................. 9

Manetti-Farrow, Inc. v. Gucci Am., Inc.,
    858 F.2d 509 (9th Cir. 1988) ...................................................................... Passim

Midgett v. Tri-County Metropolitan Transp. Dist. of Oregon,
    254 F.3d 846 (9th Cir. 2001) ............................................................................... 5

Multimin USA, Inc. v. Walco International, Inc.,
    2006 WL 1046964 (E.D. Cal. 2006) .................................................................. 14

Pacesetter Systems, Inc. v. Medtronic, Inc.,
    678 F.2d 93 (9th Cir. 1982) ............................................................................... 19

Publicis Communication v. True North Communications Inc.,
    132 F. 3d 363 (7th Cir. 1997) ............................................................................ 19

Richards v. Lloyd's of London,
    135 F.3d 1289 (9th Cir. 1998) ............................................................................. 8

Roberson v. Norwegian Cruise Line,
    897 F. Supp. 1285 (C.D. Cal. 1995) .................................................................. 14

Sarmiento v. BMG Entm't,
    326 F. Supp. 2d 1108 (C.D. Cal. 2003) ............................................................. 8-9

Sierra Club v. Hickel,
    433 F.2d 24 (9th Cir. 1970) ................................................................................. 5

South Bend Consumers Club, Inc. v. United Consumers Club, Inc.,
    572 F. Supp. 209 (N.D. Ind. 1983) .................................................................... 17

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**
CASE NO. 5:07-cv-04659-RS

Spradlin v. Lear Siegler Management Services Co.,
    926 F.2d 865 (9th Cir. 1991) ................................................................. 9

Stewart Organization, Inc. v. Ricoh Corp.,
    487 U.S. 22 (1988) ........................................................................... 12

Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.,
    240 F. 3d 832 (9th Cir. 2001) ............................................................... 5

Sutter Corp. v. P & P Industries, Inc.
    125 F. 3d 914 (5th Cir. 1997) ............................................................. 19

Swenson v. T-Mobile USA, Inc.,
    415 F. Supp. 2d 1101 (S.D. Cal. 2006) .................................... 15-16, 18

TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.,
    915 F.2d 1351 (9th Cir. 1990) ............................................................. 10

United Rentals, Inc. v. Pruett,
    296 F. Supp. 2d 220 (D. Conn. 2003) ............................................. 11-12

Whipple Industries, Inc. v. Opcon AB,
    2005 WL 2175871 (E.D. Cal. 2005) ............................................... 16-18

STATE CASES

Advanced Bionic Corp. v. Medtronic, Inc.,
    29 Cal. 4th 697 (2002) ..................................................................... 1, 7

Biosense Webster, Inc. v. The Superior Court,
    135 Cal. App. 4th 827 (2006) ................................................................ 7

Olinick v. BMG Entertainment,
    138 Cal. App. 4th 1286 (2006) ............................................................ 14

FEDERAL STATUTES

28 U.S.C. § 1404(a) ............................................................................ 11-12

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 5:07-cv-04659-RS

28 U.S.C. § 1406(a) .......................................................... 2, 9

28 U.S.C. § 2201 ................................................................. 17

Federal Rule of Civil Procedure 12(b)(3) ............................. 2, 9


**STATE STATUTES**

California Business & Professions Code 16600 ........................ Passim

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS

1    I.      **INTRODUCTION**

2           The Gault Plaintiffs' ex parte application for a temporary restraining order

3    against Defendant DePuy's Indiana litigation must be denied:

4    •      **Plaintiffs have failed to demonstrate the requisite imminent threat of**

5    **irreparable injury.** Plaintiffs do not even attempt to explain what irreparable

6    injury justifies a rush to judgment on these issues, especially when important

7    concerns such as respect for other courts' ability to control the proceedings

8    before them are implicated.   <u>There is no reason that Plaintiffs cannot simply</u>

9    <u>make their "first-to-file" argument to the Indiana Court.</u>   There is no

10   justification here for the extraordinary relief – enjoining proceedings in another

11   federal court – Plaintiffs demand.

12   •      **Other important public policies such as judicial restraint and comity**

13   **prohibit enjoining litigation in other jurisdictions.** California law – upon

14   which Plaintiffs purport to rely in challenging the validity of their non-compete

15   agreement with DePuy—prohibits the anti-suit injunction Plaintiffs seek here.

16   The California Supreme Court has held that, even where there is a non-compete

17   agreement that may be invalid under California law, other important public

18   policies such as judicial restraint and comity prohibit enjoining litigation in

19   other jurisdictions to enforce the non-compete agreement. <u>Advanced Bionic</u>

20   <u>Corp. v. Medtronic, Inc.</u>, 29 Cal. 4th 697, 706-07 (2002).  Similarly, under

21   federal law, as a matter of comity, an injunction against proceedings in another

22   federal court will rarely be granted.

23   •      **The "first-to-file" rule has no application here where "forum-shopping"**

24   **motivated Plaintiffs' choice of venue for the first suit and where the first**

25   **suit lacks proper venue in light of the parties' agreement to litigate their**

26   **disputes in Indiana.**

27          Here, knowing that DePuy was about to file suit against the Gault Plaintiffs

28   in Indiana for breach of contract and unfair competition, they raced to file a

---

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION**
                                          CASE NO. 5:07-cv-04659-RS
                                          Doc. # CC-166473 v.1

declaratory relief action in California.  The Gault Plaintiffs' conduct, secretly

financed by DePuy's competitor Biomet, is illegitimate forum-shopping at its

finest, which the first-to-file rule does not tolerate.

Moreover, although it is not reflected as a Plaintiff on the Gault Complaint

(e.g., likely in order to create the false impression that DePuy is a "Goliath" against

the "David"-like Plaintiffs), it is DePuy's competitor, Biomet, that is behind

Gault's litigation against DePuy.  Biomet is paying Plaintiffs' counsel of record to

find potential plaintiffs to sue DePuy.  See Ex. 2 to DePuy's Request for Judicial

Notice ("RJN") [Daneman Affidavit], at. pp. 52-53 (Biomet lawyer solicited

Daneman to sign a representation agreement).

Plaintiffs filed suit in California even though the parties' agreement which is

the subject of the litigation between them requires that any litigation arising from it

be filed only in an Indiana venue.  Forum selection clauses are presumed valid and

are routinely enforced by the courts.  Indeed, a federal court in California recently

enforced this Indiana forum selection clause in DePuy's sales representative

agreements.  See Ex. 1 to DePuy's Request for Judicial Notice ("RJN").  Plaintiffs'

litigation in California lacks proper venue and must be dismissed or transferred

under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).  Even if

first-filed, Plaintiffs' *improper* suit in California cannot rely on the first-to-file rule.

Thus, for all of these reasons and more, Plaintiffs' ex parte application must

be denied.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

In November 2006, Plaintiff Gault South Bay, Inc. ("Gault South Bay") and

defendant DePuy Orthopaedics, Inc. ("DePuy") entered into an independent

contractor agreement (the "Agreement") whereby Gault South Bay agreed to act as

the independent sales representative for DePuy's product in identified territory

("Territory").  Griffin Decl. Ex. 1 ¶ 8 (Gault Complaint) and Ex. A thereto.

Plaintiff Bob Gault ("Gault") is the President and sole shareholder of Gault

1  South Bay.  Griffin Decl. Ex. 1 at ¶ 1 (Gault Complaint).  Gault South Bay's

2  business purpose is to allow Gault to perform Gault South Bay's obligations under

3  the Agreement.  Id.

4       The Agreement requires Gault South Bay to "devote its best efforts" to

5  selling DePuy products and prohibits Gault South Bay from engaging in

6  competitive activities while it is DePuy's sales representative.  Griffin Decl. Ex. 3

7  at ¶ 17 (DePuy Complaint), and Ex. A at p. 1.  The Agreement also prohibits Gault

8  South Bay, including Gault, from accepting a position with a competitor of DePuy,

9  which involves sales of competitive products in the same Territory for one year

10  after termination for any reason.   Griffin Decl. Ex. 3 at ¶ 18 (DePuy Complaint), ¶

11  18 and Ex. A at p.7.

12       The Agreement includes an Indiana forum selection clause:

13       "We both agree that Indiana law shall govern and interpret this

14       appointment and the relationship between the parties, that **any and**

15       **all jurisdiction and/or venue for any claims or matters related to**

16       **or arising from this Agreement shall be [sic] reside in the state**

17       **and/or federal courts located in the state of Indiana**."  Griffin

18       Decl. Ex. 3 (DePuy Complaint) and Ex. A at p. 9 (emphasis added).

19       While Gault South Bay was still under contract with DePuy, Gault engaged

20  in activities to assist DePuy's competitor Biomet, Inc. and, thus, on August 20,

21  2007 DePuy sent to Gault South Bay a letter terminating effective August 24, 2007

22  its status as a DePuy sales representative on that basis.   Griffin Decl. Ex. 3 at

23  ¶¶19-21 (DePuy Complaint); see also LaPoint Affidavit, included in Ex. 2 to RJN.

24       In response, anticipating that DePuy would file suit in Indiana given the

25  mandatory choice of an Indiana venue for litigation, Plaintiffs filed in California

26  Superior Court (County of Santa Clara) on August 24, 2007 a Complaint seeking a

27  judicial declaration regarding the validity and enforceability of the restrictive

28  covenants contained in the Agreement, as well as the termination provision and the

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION

CASE NO. 5:07-cv-04659-RS

1  waiver of the right to a jury trial in the Agreement.  Griffin Decl. Ex. 1 at ¶ 18

2  (Gault Complaint).  Plaintiffs, however, did not serve that Complaint on DePuy.

3  Griffin Decl. Ex. 2 (Notice of Removal).

4       DePuy removed the action to this Court on September 10, 2007, on the basis

5  of diversity jurisdiction.  Griffin Decl. Ex. 2 (Notice of Removal).

6       On September 11, 2007, DePuy filed in the United States District Court of

7  the Northern District of Indiana a Complaint against Gault South Bay and Gault

8  which asserted claims for breach of contract, tortious interference with contractual

9  relationship, tortious interference with customer relationships, breach of duties

10  owed to DePuy, and unfair competition based on Gault's competitive activities

11  against DePuy.  Griffin Decl. Ex. 3 (DePuy Complaint).

12       The same day, DePuy also filed in that action in Indiana a motion for a

13  temporary restraining order and preliminary injunction to prevent Gault and Gault

14  South Bay from continuing to violate its obligations not to compete with DePuy.

15  Griffin Decl. Ex. 4 (DePuy Motion).  See also Ex. 2 to RJN (attaching all papers

16  filed in support of DePuy's motion, including the affidavits).

17       Also, on September 11, 2007, DePuy put Plaintiffs on notice that it would

18  file on or before September 17, 2007 a motion to dismiss or transfer this action in

19  California on the basis of the Indiana forum selection clause in the parties'

20  Agreement.  See also Ex. 3 to RJN [Notice of Pendency of Other Action].

21       In response, on September 12, 2007, Plaintiffs filed in this action an ex parte

22  application for an injunction against the Indiana action and demanded that it be

23  heard on September 14, 2007 or sooner.  Thus, although Plaintiffs were and are

24  free to present their "first-to-file" argument to the court in Indiana, Plaintiffs

25  attempted to take unfair advantage by filing an ex parte application in this action in

26  the hope that DePuy's counsel would have at best a very limited opportunity to

27  oppose it.

28       Not only does Plaintiffs' ex parte application smack of gamesmanship but it

4

1   also is frivolous on the merits as explained below.

2   **III.    THERE IS NO JUSTIFICATION FOR AN EX PARTE INJUNCTION**

3          A temporary restraining order is an extraordinary remedy, justified only

4   when the moving party can establish a probability of success on the merits and that

5   immediate and irreparable harm will result unless the application is granted.  The

6   Gault Plaintiffs cannot succeed on either count.

7          "When a party is seeking a preliminary injunction, he or she must show

8   either: '(1) a combination of probable success on the merits and the possibility of

9   irreparable injury, or (2) that serious questions are raised and the balance of

10  hardships tips sharply in favor of the moving party. These standards are not

11  separate tests but the outer reaches of a single continuum.'" Iconix, Inc. v. Tokuda,

12  457 F. Supp. 2d 969, 974-75 (N.D. Cal. 2006) (citing Stuhlbarg Int'l Sales Co. v.

13  John D. Brush & Co., Inc., 240 F. 3d 832, 839-40 (9th Cir. 2001).

14              The grant of a preliminary injunction is the exercise of a

15              very far reaching power never to be indulged except in a

16              case clearly warranting it.  In order to obtain such relief .

17              . . the plaintiff must establish a strong likelihood or

18              reasonable certainty that he will prevail on the merits at a

19              final hearing.  It is a cardinal principle of equity

20              jurisprudence that a preliminary injunction shall not issue

21              in a doubtful case. Unless the court be convinced with

22              reasonable certainty that the complainant must succeed at

23              final hearing the writ should be denied.

24  Sierra Club v. Hickel, 433 F.2d 24, 33 (9th Cir. 1970) (internal citations and

25  quotations omitted) (emphasis added).  "In order to be entitled to an injunction,

26  Plaintiff must make a showing that he faces a real or immediate threat of

27  substantial or irreparable injury." Midgett v. Tri-County Metropolitan Transp.

28  Dist. of Oregon, 254 F.3d 846, 850 (9th Cir. 2001) (emphasis added).

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 5:07-cv-04659-RS

1    "When an injunction sought in one federal proceeding would interfere with

2    another federal proceeding, considerations of comity require more than the usual

3    measure of restraint, and such injunctions should be granted only in the most

4    unusual cases." Bergh v. State of Washington, 535 F.2d 505, 507 (9th Cir. 1976).

5        The Gault Plaintiffs do not even attempt to make a showing that they will be

6    irreparably injured in the absence of immediate relief. Instead, in their Notice, the

7    Gault Plaintiffs mention the existence of an upcoming hearing in the pending case

8    in Indiana regarding DePuy's proposed injunction. Notably, however, they make

9    no attempt to satisfy their burden of demonstrating how this pendant case will

10    irreparably injure the Gault Plaintiffs, and their Memorandum is absolutely silent

11    on irreparable injury or even the proper legal standard for issuance of a TRO.   At

12    most, Plaintiffs claim that they will be irreparably prejudiced by being forced to

13    defend themselves in Indiana, but that cannot constitute legitimate irreparable harm

14    since they expressly agreed to defend themselves in Indiana in the Agreement.

15        Moreover, as discussed in detail below, the Gault Plaintiffs are unlikely to

16    succeed on the merits of their case or this application because venue is

17    appropriately set in the Indiana court given the existence of an express venue

18    selection provision specifying venue in Indiana in the agreement governing the

19    parties' relationship. The Gault Plaintiffs have failed to meet their burden of

20    demonstrating why ex parte relief through a temporary restraining order is justified

21    in this case, and on that basis alone, the TRO should be denied.

22    **IV.    CALIFORNIA LAW – ON WHICH PLAINTIFFS PURPORT TO**

23    **RELY – PROHIBITS THE INJUNCTION THEY SEEK**

24        Contrary to Plaintiffs' ex parte application, the fact that a non-compete

25    agreement that *may* be invalid under California Cal. Bus. & Prof. Code § 16600

26    does not justify issuing an injunction against proceedings in another jurisdiction.

27    The California public policy underpinning Cal. Bus. & Prof. Code § 16600 does

28    *not* outweigh the public policy in comity (e.g., respecting the other court's ability

6

1   in decide the issued placed before it).  See <u>Advanced Bionics Corp. v. Medtronic,</u>

2   <u>Inc.</u>, 29 Cal. 4th 697 (2002); <u>Biosense Webster, Inc. v. The Superior Court</u>, 135

3   Cal. App. 4th 827 (2006).

4          In <u>Advanced Bionics</u>, the California Supreme Court announced that while

5   California courts have the power to issue a TRO or anti-suit injunction restraining

6   proceedings in a sister jurisdiction, "[t]he significant principles of judicial restraint

7   and comity inform that we should use that power sparingly." <u>Advanced Bionics</u>, 29

8   Cal.4th at p. 705.  The court specifically rejected the argument that California's

9   strong public policy against non-competition agreements justified the enjoining the

10  parallel Minnesota parallel proceedings:

11              We agree that California has a strong interest in

12              protecting its employees from noncompetition

13              agreements under [Business & Professions Code] section

14              16600.  But **even assuming a California court might**

15              **reasonably conclude that the contractual provision at**

16              **issue here is void in this state, this policy interest does**

17              **not, under these facts, justify issuance of a TRO**

18              **against the parties in the Minnesota court**

19              **proceedings.**

20  <u>Id.</u> at 706-07 (emphasis added).

21         The California Court of Appeal confirmed in <u>Biosense Webster, Inc. v. The</u>

22  <u>Superior Court</u>, 135 Cal. App. 4th 827 (2006), that the public policy underpinning

23  California Business & Professions Code 16600 does not trump the public policies

24  underpinning comity principles even where there is no pending litigation in another

25  jurisdiction.  There, the Court of Appeal held that the TRO restraining the

26  defendant from commencing any action to enforce certain non-competition

27  agreements in any court other than Los Angeles County Superior Court or federal

28  court in California was improper on a number of grounds, including comity.  <u>Id.</u> at

7

1   837-39. "Judicial restraint and comity concerns are present whether a court is

2   restraining a litigant from filing suit in a foreign court or from proceeding with an

3   action already pending in another forum." Id. at 837.

4          Federal law is generally in accord. "[A]s a matter of comity, a federal court

5   injunction against proceedings in another federal court will rarely be granted...."

6   Del Mar Avionics vs. Quiton Instruments Co., 645 F. 2d 832, 836 (9th Cir. 1981);

7   Bergh v. State of Washington, 535 F.2d 505, 507 (9th Cir. 1976).  Cf. also E. & J.

8   Gallo Winery v. Andina Licores S.A., 446 F. 3d 984, 991-93 (9th Cir. 2006)(given

9   the importance of enforcing forum selection agreement, the district court should

10  have enjoined distributor from participating in the action it filed in contravention

11  of the forum selection agreement); E. & J. Gallo Winery v. Andina Licores S.A.,

12  440 F. Supp. 2d 1134, 1140 (E.D. Cal. 2006) (distributor not entitled to an

13  injunction enjoining winery's participation in distributor's action filed elsewhere in

14  violation of the parties' forum selection agreement; "given the strong public policy

15  favoring enforcement of forum selection clauses, it cannot be said that the balance

16  of the hardship against public interest tips in favor of the [distributor]").

17         Thus, although Plaintiffs purport to rely on California law and public policy

18  in support of their ex parte application, California law and public policy prohibit

19  the injunctive relief they seeks through that ex parte application.

20  **V.    THE MANDATORY INDIANA FORUM SELECTION CLAUSE IN**

21  **THE PARTIES' AGREEMENT PRECLUDES THE INJUNCTION**

22  **PLAINTIFFS SEEK**

23         **A.    The Parties' Forum Selection Clause Mandates A Different Venue**

24         "[A] forum selection clause is prima facie valid and should be enforced

25  . . . ." (Sarmiento v. BMG Entm't, 326 F. Supp. 2d 1108, 1108 (C.D. Cal. 2003).

26  "[A] party seeking to avoid [a] forum selection clause bears 'a heavy burden of

27  proof.'" (Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998).

28         Federal courts routinely dismiss actions for improper venue where a forum

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 5:07-cv-04659-RS

1    selection clause calls for a different forum.  Federal Rule of Civil Procedure

2    12(b)(3) (authorizing a motion to dismiss based on "improper venue"); 28 U.S.C. §

3    1406(a) ("The district court of a district in which is filed a case laying venue in the

4    wrong division or district shall dismiss . . . such case . . . ."). <u>See, e.g.</u>, <u>Kukje</u>

5    <u>Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty</u>, 408 F.3d 1250, 1255 (9th Cir.

6    2005) (affirming dismissal and enforcement of Korea forum selection clause in bill

7    of lading); <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 327 (9th Cir. 1996)

8    (affirming enforcement of loan agreements' Mexico forum selection clause and

9    dismissal of case for improper venue); <u>Sarmiento</u>, 326 F. Supp. 2d at 1113

10   (enforcing New York forum selection clause and dismissing case for improper

11   venue).

12          Alleged financial hardship is insufficient to overcome the designated forum.

13   <u>See</u> <u>Sarmiento</u>, 326 F. Supp. 2d at 1112-13 (enforcing forum selection clause

14   despite expense and travel required to litigate in designated forum); <u>Hopkinson v.</u>

15   <u>Lotus Dev. Corp.</u>, 1995 WL 381888, *3 (N.D. Cal. June 20, 1995) (citing <u>Spradlin</u>

16   <u>v. Lear Siegler Management Services Co.</u>, 926 F.2d 865 (9th Cir. 1991)).

17          Nor is the locale of the alleged wrongful conduct sufficient to overcome a

18   forum selection clause.  In <u>Manetti-Farrow, Inc. v. Gucci Am., Inc.</u>, 858 F.2d 509,

19   515 (9th Cir. 1988), the plaintiff contended that because the alleged wrongful acts

20   were committed principally in the United States, and the harmful effects of these

21   acts were suffered by the plaintiff in California, it should be permitted to prosecute

22   its claims in the district court in California and, thus, the foreign forum selection

23   clause should not be enforced.  The Ninth Circuit rejected the argument:

24          This argument overlooks several important facts. The complaint

25          centers on a dispute over a contract executed in Italy with an Italian

26          corporation. The contract involves the distribution of Italian goods.

27          And most important, the contract contains a forum selection clause

28          which designates Florence, Italy as the place for the resolution of the

9

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS

1      disputes in this case. [¶] We conclude that the district court did not err

2      in enforcing the forum selection clause by dismissing Manetti-

3      Farrow's complaint.

4  Id. at 515.

5      Thus, venue is appropriate in Indiana, where DePuy's action is pending.  The

6  Agreement that is the subject of Plaintiffs' Complaint contains a forum selection

7  clause that designates Indiana, not California, as the sole forum.  Specifically,

8  under the Agreement, "any and all jurisdiction and/or venue for any claims or

9  matters related to or arising from" the Agreement "shall be[or] reside in the state

10 and/or federal courts located in the state of Indiana."  See Griffin Decl. Exs. 1 and

11 3  (Complaints) and Ex. A at p. 9.  Where the term "venue" is used with mandatory

12 language, the state designated in the forum selection clause is the only appropriate

13 forum.  Docksider, Ltd. v. SeaTechnology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989)

14 (holding mandatory language that "venue shall be deemed to be in Virginia" makes

15 clear that venue lies exclusively in Virginia and all actions must be filed and

16 prosecuted there).

17     The forum selection clause applies to Gault as well as to Gault South Bay,

18 even if he is not technically a party to the Agreement, since his conduct as Gault

19 South Bay's president and shareholder and the individual who acted as the Gault

20 South Bay sales representative for DePuy is inextricably linked to the contractual

21 relationship between Gault South Bay and DePuy according to Plaintiffs' own

22 Complaint.  Forum selection clauses apply to non-parties to the agreement where

23 "the alleged conduct of the non-parties is . . . closely related to the contractual

24 relationship." Manetti-Farrow, 858 F.2d at 514 n. 5. See also TAAG Linhas

25 Aereas de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1354 (9th Cir.

26 1990) (holding third party beneficiaries to a contract can be bound by forum

27 selection clause and "[i]t is not unreasonable or unjust to enforce the [forum

28 selection] clause even though [an individual defendant] did not sign the

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS

1  agreement"). For example, in <u>Graham Tech. Solutions, Inc. v. Thinking Pictures,</u>

2  <u>Inc.</u>, 949 F. Supp. 1427, 1434 (N.D. Cal. 1997), the court ruled that the conduct of

3  certain non-signatories to the forum selection agreement was sufficiently closely

4  related to the contractual relationship between the signatories such that the forum

5  selection clause applied to them in spite of the fact that they were not signatories to

6  the agreement. Here, the Complaint alleges that Plaintiff Gault was inextricably

7  intertwined in Gault South Bay's sales representative services to DePuy. <u>See</u>

8  Griffin Decl. Ex. 1 at ¶ 1 (Complaint stating Gault is Gault South Bay's president

9  and sole shareholder and was the one who was to perform the Agreement on Gault

10  South Bay's behalf). Gault, as well as Gault South Bay, are thus bound by the

11  Indiana forum selection provision.

12       Similarly, the alleged claims of Candace Polich also depend on the

13  Agreement which contain the Indiana forum selection clause. According to

14  Plaintiffs' Complaint, Polich is an independent contractor for Gault South Bay and

15  takes issue with the Gault South Bay-DePuy Agreement's purported limitation on

16  her ability to compete with DePuy and thus seeks a declaration that it is

17  unenforceable. Griffin Decl Ex. 1 at ¶¶12, 17. Even assuming Polich has standing

18  to assert these claims against DePuy, certainly she is bound by the Indiana forum

19  selection clause in the Agreement to the extent that she purports to challenge the

20  Agreement. Even accepting the allegations of the Gault Complaint as true,

21  Polich's purported claims must be made in an Indiana court to the extent that she

22  desires to make them for the reasons stated above.

23       Plaintiffs' reliance on <u>United Rentals, Inc. v. Pruett</u>, 296 F. Supp. 2d 220 (D.

24  Conn. 2003) is misplaced. There, the court ruled that the Connecticut forum

25  selection agreement was enforceable. <u>Id.</u> at 224-28. Although the Court granted

26  the employee's motion for transfer of venue to California under 28 U.S.C. §

27  1404(a), here the Gault Plaintiffs have not made a motion before the Indiana court

28  to transfer venue to California under 28 U.S.C. § 1404(a), let alone supported it

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS

1    with evidence. Instead, they filed a protective complaint in California, which they

2    have not even served on DePuy, in contravention of the Indiana forum selection

3    agreement. Then, they rushed to secure a TRO before this Court without bothering

4    to allow the Indiana court to decide the issue of venue. Thus, if anything, United

5    Rentals supports DePuy's position, not Plaintiffs.

6        For similar reasons, Plaintiffs' citation to Stewart Organization, Inc. v.

7    Ricoh Corp., 487 U.S. 22 (1988) is baffling. There, a motion to transfer venue

8    under 28 U.S.C. § 1404(a) to a venue other than the forum agreed to by the parties

9    was at issue, not a party's unilateral decision to file an action in contravention of

10   the parties' forum selection agreement. In holding that federal law, not state law,

11   governs the court's decision as to whether to grant the motion to transfer, the

12   Supreme Court observed that "[t]he presence of a forum-selection clause … will be

13   a significant factor that figures centrally in the district court's calculus." Id. at 29.

14   Again, here the Gault Plaintiffs have not asked the Indiana Court (i.e., the Court

15   which properly has the dispute before it according to the parties' Agreement) to

16   transfer the action to California under 28 U.S.C. § 1404(a), let alone supported

17   such a request with evidence. Instead, they unilaterally filed in California in

18   contravention of the parties' Indiana forum selection agreement and are now

19   attempting to justify their breach of the Agreement by an after-the-fact and

20   unsupported argument that the parties' forum selection agreement is

21   unenforceable. The Court should not countenance such gamesmanship.

22       Plaintiffs falsely argue that DePuy should be estopped from relying on the

23   forum selection clause in the Agreement. Yet, all Plaintiffs have done is point to a

24   lawsuit filed against two former DePuy EMPLOYEES (*not* independent sales

25   representatives like Gault South Bay) with entirely different agreements than

26   DePuy's Agreement with Gault South Bay. Indeed, the supposed "forum selection

27   provision" in those employee agreements ("any action relating to or arising out of

28   this Agreement **may** be brought in the courts of the State of New Jersey")

12

1 (emphasis added) is different from the one at issue in the Gault South Bay

2 Agreement ("**any and all** jurisdiction and/or venue for any claims or matters

3 relating to or arising from this Agreement **shall** be [sic] reside in the state and/or

4 federal courts located in the state of Indiana") (emphasis added).

5     Accordingly, Plaintiffs' attempt to enjoin the Indiana proceeding should be

6 denied since Indiana is the only venue where jurisdiction is appropriate under the

7 mandatory venue selection clause. Plaintiffs are not entitled to disregard the

8 Indiana forum selection provision of the Agreement simply because they perceive

9 it as undesirable. And they provide no basis for this Court to decide these issues,

10 especially on an ex parte basis.

11     **B.**     **Public Policy Does Not Invalidate the Indiana Forum Selection**

12 **Provision in the Parties' Agreement**

13     Foreign forum selection clauses do not violate any California public policy

14 favoring access to courts by resident plaintiffs:

15         Plaintiffs allege that the forum selection clause in the

16         Agreement violates California's policy favoring access to

17         courts by resident plaintiffs. Plaintiffs are mistaken;

18         courts sitting in California routinely require California

19         residents to litigate in forums that have been agreed upon

20         contractually. Although California has an interest in

21         protecting the rights of resident plaintiffs, the designated

22         forum state has an equal interest in regulating a resident

23         corporation's activities and ensuring that contractual

24         agreements are enforced.

25 Hopkinson v. Lotus Dev. Corp., 1995 WL 381888, at *4 (citations omitted).

26     Indeed, there are multiple public policies that support enforcing forum

27 selection agreements. Among other beneficial purposes, forum selection

28 agreements provide the parties with certainty as to where their disputes will be

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 5:07-cv-04659-RS

1    resolved.  See Roberson v. Norwegian Cruise Line, 897 F. Supp. 1285, 1287 (C.D.

2    Cal. 1995); see also E. & J. Gallo Winery v. Andina Licores S.A., 446 F. 3d 984,

3    992 (9th Cir. 2006) ("[forum selection agreements] enhance certainty, allow parties

4    to choose the regulation of their contract, and enable transaction costs to be

5    reflected accurately in the transaction price") (citation omitted).

6        As the Ninth Circuit observed in Manetti-Farrow, forum selection

7    agreements also should be enforced based on comity and the public policy in favor

8    of upholding contracts:

9            Manetti-Farrow contends enforcement of the clause would be

10           unreasonable because it cannot be assured that an Italian court will

11           adequately safeguard its rights against all the defendants. This

12           concern is not only speculative, it 'reflects something of a provincial

13           attitude regarding the fairness of [an Italian] tribunal[ ].' [Citation.]

14           Moreover, it is a concern which the parties presumably thought

15           about and resolved when they included the forum selection clause in

16           their contract. Manetti-Farrow now wants to change the bargain. To

17           permit it to do so would completely contradict the policy of

18           enforcing forum selection clauses.

19   858 F.2d at 515.

20       Although, in theory, it is possible to invalidate a forum selection agreement

21   if it violates public policy, such invalidation rarely occurs.  For example,

22   notwithstanding the existence of other strong California public policies at issue,

23   state and federal courts in California have refused to find that the forum agreed to

24   by the parties does not provide an adequate remedy to the plaintiff.  See, e.g.,

25   Olinick v. BMG Entertainment, 138 Cal. App. 4th 1286, 1305 (2006) ("we

26   conclude New York affords Olinick an adequate forum for his age discrimination

27   claims"); Multimin USA, Inc. v. Walco International, Inc., 2006 WL 1046964, *6

28   (E.D. Cal. 2006) ("Plaintiffs have not shown that they will be denied their day in

---

14

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION

CASE NO. 5:07-cv-04659-RS

1    court. Plaintiffs appear to have a remedy under Texas law for any trade secrets

2    claims"); Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336, 1338 (9th

3    Cir. 1997) (although the right to proceed in rem has a long and important history

4    and although litigating in Korea will deprive plaintiff of its right to proceed in rem

5    against the defendant, the loss of that right is insufficient to invalidate the forum

6    clause on public policy grounds).

7    　　"The fact that the forum or choice of law specified by a contract affords

8    remedies that are different or less favorable to the law of the forum preferred by a

9    plaintiff is not alone a valid basis to deny enforcement of the forum selection and

10   choice of law provisions." E. & J. Gallo Winery v. Andina Licores S.A., 440 F.

11   Supp. 2d 1115, 1127 (E.D. Cal. 2006) (provisions of distributorship agreement

12   between California winery and an Ecuadorian distributor requiring that suit be

13   brought in California and that agreement be interpreted pursuant to California law

14   did not impermissibly violate Ecuador's strong public policy under California Bus.

15   & Prof. Code Section 16600, and thus the provisions were not invalid on that basis,

16   even though Ecuador law permitted aggrieved distributors to recover much greater

17   damages)(citation omitted).

18   　　Thus, the fact that Plaintiffs has alleged that the non-compete and

19   other provisions in the Agreement are contrary to California's public policy

20   does not excuse enforcement of the forum selection clause.

21   　　In Swenson v. T-Mobile USA, Inc., 415 F. Supp. 2d 1101 (S.D. Cal. 2006),

22   the court rejected the plaintiff's claim that enforcement of a non-California forum

23   selection clause would contravene California Bus. & Prof. Code Section 16600:

24   　　**Swenson is … impermissibly … combining the forum selection**

25   　　**and choice of law analyses when she argues that enforcement of**

26   　　**the forum selection clause results in the application of a**

27   　　**Washington law violative of California public policy.** [¶]

28   　　Enforcement of the forum selection clause itself here does not

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 5:07-cv-04659-RS

1    contravene a strong public policy of California. While…a

2    Washington court's application of Washington law to the matter at

3    hand may arguably lead to a result conflicting with the provisions of

4    § 16600, Swenson was free to, and in fact, did argue for application

5    of California law.  The fact that the Washington court ruling resulted

6    in a decision unfavorable to Swenson does not mandate a finding

7    that the clause requiring the case be litigated in Washington is

8    invalid.

9    415 F. Supp. 2d at 1104 (emphasis added and citations omitted).

10        In Whipple Industries, Inc. v. Opcon AB, the Court rejected the plaintiff's

11    argument that the Court should disregard the Swedish forum selection provision of

12    the parties' agreement on the purported ground that enforcement of the non-

13    compete provision in the agreement would contravene California's strong public

14    policy against restraints on trade, and Swedish law may enforce the non-compete

15    provision:

16        Whipple's assertion that California public policy would be

17        contravened if the forum selection clause is upheld is speculative.

18        For the court to determine that enforcing the forum selection clause

19        would violate California's public policy based on Whipple's

20        argument, the court would have to surmise [improperly] that

21        Whipple will be able to successfully argue that California law

22        applies despite the choice of law provision in the contract. [Fn]

23        … **Notably absent from Whipple's arguments is any assertion**

24        **that Swedish courts are ill-equipped to address the legal issues**

25        **related to those causes of action.** Whipple's argument regarding

26        contravention of public policy is speculative and insufficient to

27        demonstrate that enforcement of the forum selection clause would

28        be 'unreasonable and unjust.' See Manetti-Farrow, Inc. v. Gucci

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS

1      *America, Inc.*, 858 F.2d 509, 515 ([9th] Cir. 1988) (upholding

2      enforcement of forum selection clause where plaintiff's contention

3      of unreasonableness 'speculative' and reflecting provincial attitude

4      toward foreign tribunal).

5  2005 WL 2175871 at *10 (E.D. Cal. 2005) (emphasis added).

6      Similarly, here, the Court cannot assume that Plaintiffs will be able to

7  successfully argue that California law applies despite the Indiana choice of law

8  provision in the Agreement or even that the Indiana Court will reject application of

9  California law if the Gault Plaintiffs make that argument to it. Nor are the Indiana

10  courts ill-equipped to address Plaintiffs' alleged grievances.

11      The parties' agreed forum, Indiana, provides a remedy to Plaintiffs to pursue

12  their alleged grievances. Plaintiffs are free to pursue a declaratory relief action in

13  Indiana. See 28 U.S.C. § 2201. **Plaintiffs are free to argue to the court in**

14  **Indiana that the choice of Indiana law in the Agreement should be**

15  **disregarded and California law should apply instead.** See South Bend

16  Consumers Club, Inc. v. United Consumers Club, Inc., 572 F. Supp. 209, 212

17  (N.D. Ind. 1983) ("[t]he law of the state chosen by the parties to govern their

18  contractual rights and duties will be applied…unless either, (a) … there is no …

19  reasonable basis for the parties' choice, or (b) application of the law of the chosen

20  state would be contrary to a fundamental policy of a state which has a materially

21  greater interest than the chosen state in the determination of the particular issue and

22  which…would be the state of the applicable law in the absence of an effective

23  choice of law by the parties"); see also Austin Powder Co. v. Wallwork, 761 F.

24  Supp. 612, 615-17 (S.D. Ind. 1990) (examining covenants not to compete under the

25  laws of two states to decide whether the public policy of the first state outweighed

26  the public policy of the second state in choice of law determination).

27      There is, however, no basis for enjoining an Indiana court from deciding the

28  dispute when that is the forum to which the parties agreed. Manetti-Farrow, 858

17

1   F.2d at 515 ("Manetti-Farrow contends enforcement of the clause would be

2   unreasonable because it cannot be assured that an Italian court will adequately

3   safeguard its rights against all the defendants. This concern is not only speculative,

4   it 'reflects something of a provincial attitude regarding the fairness of [an Italian]

5   tribunal[ ].'").

6        Contrary to the suggestion in Plaintiffs' brief, the slip opinion <u>Davis v.</u>

7   <u>Advanced Care Technologies, Inc.</u>, 2007 WL 2288298 (E.D. Cal. 2007) does not

8   support their ex parte application.  In that case, a forum selection agreement was

9   not at issue.  Instead, it was only a choice of law agreement.  That begs the

10  question here of whether where there is a mandatory forum selection agreement

11  whether a court in a jurisdiction outside of the forum selection can decide the

12  choice of law issue.  It cannot.  <u>See</u> <u>Whipple Industries, Inc. v. Opcon AB</u>, 2005

13  WL 2175871 (E.D. Cal. 2005); <u>Swenson v. T-Mobile USA, Inc.</u>, 415 F. Supp. 2d

14  1101 (S.D. Cal. 2006).

15       Plaintiffs' reliance on <u>Jones v. GNC Franchising, Inc.</u>, 211 F. 3d 495 (9th

16  Cir. 2000) is also unsupportable.  There, the court held the forum selection clause

17  was unenforceable because there was a California statute that expressly provided it

18  was void.  <u>Id.</u> at 497-98.  It provided that "[a] provision in a franchise agreement

19  [such as was at issue in that case] restricting venue to a forum outside this state is

20  void with respect to any claim arising under or relating to a franchise agreement

21  involving a franchise business operating within this state [such as the claims at

22  issue in that case]."  <u>Id.</u>  Here, there is no statute that voids the forum selection

23  clause in the Gault South Bay Agreement.

24       Thus, the Court should respect the Indiana Court's right to adjudicate the

25  dispute about the enforceability of the non-compete and termination provisions in

26  the Agreement since the parties designated Indiana as the forum for resolution of

27  such disputes.

28

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION**
CASE NO. 5:07-cv-04659-RS

## VI.    THE FIRST-TO-FILE RULE DOES *NOT* SUPPORT PLAINTIFFS' EX PARTE APPLICATION

The "first-to-file" rule is not a rigid or inflexible rule to be applied mechanically. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). Rather, it is a principle designed to guide sound judicial administration subject to exceptions including anticipatory litigation, forum shopping and where the first-filed suit is filed in the wrong venue.

Application of the first-to-file presumption is inappropriate where the action first filed lacks proper venue. See Sutter Corp. v. P & P Industries, Inc. 125 F. 3d 914, 917 (5th Cir. 1997). As demonstrated in Section IV above, this is exactly the situation here; California is not the proper venue for the parties' litigation given the mandatory Indiana forum selection provision in the Agreement. Thus, the fact that the Gault Plaintiffs filed first in California is not a reason to apply the first-to-file presumption or enjoin the Indiana action. If anything, the reverse injunction, barring the Gault Plaintiffs from proceeding in a jurisdiction other than the venue of Indiana as selected in the parties' agreement, is appropriate. E. & J. Gallo Winery, 446 F. 3d at 991-93 (holding district court should have enjoined distributor from participating in the action it filed in contravention of the forum selection agreement).

Plaintiffs' argument that DePuy should have filed its claims against them in this action as "compulsory counterclaims" is thus false. A claim covered by a contractual forum-selection clause need not be raised as a compulsory counterclaim to a claim brought in a different forum. For example, by agreeing to litigate "all claims" in the designated forum, each party effectively agrees not to invoke the compulsory counterclaim rule elsewhere. Publicis Communication v. True North Communications Inc., 132 F. 3d 363, 366 (7th Cir. 1997).

"The circumstances under which an exception to the first-to-file rule … will be made include bad faith; anticipatory suit, and forum shopping." Alltrade, Inc. v.

DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION

CASE NO. 5:07-cv-04659-RS

1  Uniweld Products, Inc., 946 F. 2d 622 (9th Cir. 1991) (citations omitted).  For

2  instance, in Employers Insurance of WAUSAU and Nat'l Cas. Co. v. News

3  Corporation, 439 F. Supp. 2d 328, 334-37 (S.D.N.Y. 2006), the court ruled that the

4  first-filed action should be dismissed in favor of the later-filed action where it

5  concluded that plaintiffs brought their first-filed declaratory judgment action in

6  order to win a race to the courthouse and preempt defendants' choice of forum in a

7  coercive suit.

8       Here, the Gault Plaintiffs' first-filed California action smacks of bad faith

9  and illegitimate forum shopping.  After receiving DePuy's August 20, 2007

10  termination letter and knowing that DePuy was going to file suit in Indiana (given

11  the Indiana forum selection provision to which the parties agreed) against them for

12  breach of contract and unfair competition, the Gault Plaintiffs raced to file in

13  California a declaratory relief action.  The fact that the Gault Plaintiffs never

14  served on DePuy their Complaint further suggests that they filed it just as a place

15  holder so they could try to claim first-to-file status over DePuy's Indiana action

16  which they knew was around the corner.  Thus, the first-to-file rule has no

17  application here.

18       Plaintiffs falsely suggest that it is DePuy that is improperly racing to an

19  Indiana court to seek a preemptive order.  But, unlike Plaintiffs, DePuy seeks a

20  substantive injunction against Plaintiffs to prevent them from violating their non-

21  compete obligations and causing DePuy irreparable harm.  See Ex. 4 to Griffin

22  Decl. and Ex. 2 to RJN.  DePuy has not sought in the Indiana action an injunction

23  against Plaintiffs from pursuing this action in California.  Instead, DePuy already

24  put Plaintiffs on notice on September 11 that it will file with this (California) Court

25  no later than Monday a motion to dismiss or transfer this California action in light

26  of the Indiana forum selection clause.  Thus, contrary to Plaintiffs' suggestion,

27  DePuy has not sought any anti-suit injunction in the Indiana action and indeed

28

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS

1  intends to let this (California) Court decide whether this action is properly before
2  it.

3      In sum, the first-to-file rule does not support granting Plaintiffs' ex parte
4  application.  Indeed, their reliance on the first-to-file rule is disingenuous.

5  **VII.  CONCLUSION**

6      Plaintiffs' ex parte application for an injunction against Defendant DePuy's
7  Indiana litigation against them should be denied.

8      The first-to-file rule has no application where bad faith "forum-shopping"
9  motivated the choice of the situs for the first suit such as here and where the first
10 suit lacks proper venue such as here.

11     Plaintiffs filed suit in California even though the parties' agreement which is
12 the subject of the litigation between the parties requires that any litigation arising
13 from it be filed in Indiana.  Plaintiffs' litigation in California lacks  proper venue.
14 Even if first-filed, Plaintiffs' *improper* suit in California cannot rely on the first-to-
15 file rule.

16     Plaintiffs have also engaged in illegitimate forum-shopping, which the first-
17 to-file rule does not tolerate.  Here, knowing that DePuy was about to file in suit
18 Indiana (in accordance the Agreement), Plaintiffs raced to file in California a
19 declaratory relief action.

20     Finally, the law prohibits the anti-suit injunction Plaintiffs seek here.  Even
21 where there is a non-compete agreement that may be invalid under California at
22 issue, other important public policies such as judicial restraint and comity prohibit
23 enjoining litigation in other jurisdictions to enforce the non-compete agreement.

24     Plaintiffs' ex parte application also is  unjustified since they are free to make
25 there "first-to-file" argument to the Indiana court.  There is no need to require this
26 Court to resolve the issue on an extraordinary ex parte basis.

27

28

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS

1        Thus, DePuy respectfully submits that the Court should deny Plaintiffs' ex

2    parte application.

3

4    DATED: September 14, 2007    STEPTOE & JOHNSON LLP

5        MARK A. NEUBAUER

6        REBECCA EDELSON

7

8        By  /s/ Rebecca Edelson

    REBECCA EDELSON

9        Attorneys for Defendant

    DEPUY ORTHOPAEDICS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

**DEFENDANT DEPUY ORTHOPAEDICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**

CASE NO. 5:07-cv-04659-RS