1   Mark A. Neubauer (No. 73728)
    Rebecca Edelson (No. 150464)
2   Carla A. Veltman (No. 223910)
    Steptoe & Johnson LLP
3   2121 Avenue of the Stars, Suite 2800
    Los Angeles, CA  90067
4   Telephone:     (310) 734-3200
    Facsimile:     (310) 734-3300
5   Email: mneubauer@steptoe.com
    Email: redelson@steptoe.com
6   Email : cveltman@steptoe.com

7   Attorneys for Plaintiff
    DEPUY ORTHOPAEDICS, INC.,
8   an Indiana corporation

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12

13

14  DEPUY ORTHOPAEDICS, INC., an         CASE NO. 5:07-cv-05897-JW
    Indiana corporation,
15                                        PLAINTIFF DEPUY ORTHOPAEDICS,
                 Plaintiff,               INC.'S EVIDENTIARY OBJECTIONS TO
16                                        THE DECLARATIONS OF ROBERT GAULT
    GAULT SOUTH BAY, INC. a California    AND TORY E. GRIFFIN FILED IN
17  Corporation, and BOB GAULT, an       SUPPORT OF DEFENDANTS' MOTION
    individual,                          FOR PARTIAL SUMMARY JUDGMENT
18
                 Defendants.             The Honorable James Ware, Ctrm 8
19
                                          Date:      April 28, 2008
20                                        Time:      9:00 a.m.
                                          Place:     Courtroom 8
21                                                    280 South 1st Street
                                                      San Jose, CA 95113
22

23

24

25

26

27

28

---

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF ROBERT GAULT AND
TORY E. GRIFFIN**

CASE NO. 5:07-cv-05897-JW
Doc. #177565

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiff DePuy Orthopaedics, Inc. ("DePuy") hereby objects to the declarations of Robert Gault ("Gault") and Tory E. Griffin ("Griffin") filed in support of Defendants' Motion for Partial Summary Judgment.

A declaration is a substitute for oral testimony, and therefore must conform to the same requirements of competency as would be applicable if the declarant were to testify at trial. F.R.E. 601-02. It is not enough for the declarant simply to state that he or she has personal knowledge of the facts asserted. Rather, the declaration must contain facts showing the declarant's connection with the matter stated therein and establishing his or her personal knowledge of the facts alleged and the source of his or her information. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Opinion testimony may be offered, but only if an adequate foundation for the declarant's knowledge and the basis of his or her opinion has first been established. F.R.E. 701. All declarations must be made by witnesses having personal knowledge of the facts stated therein and must state facts that would be admissible in evidence (rather than, for example, the declarant's unfounded personal opinions or conclusions). F.R.C.P. 56(e); W. Schwarzer, A. Tashima, J. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, § 12:57 at page 12-16 (TRG 1998).

Testimony with a proper foundation based on personal knowledge must be based upon what the witness directly saw, heard, perceived or otherwise experienced with his own senses. *See* Fed. R. Evid. 602 and Adv. Comm. Notes (1972). Moreover, a mere summary of a writing (i.e., Gault and Gault South Bay's agreement with DePuy) is not the best evidence to prove the content of a writing, and must be excluded. *See* Fed. R. Evid. 1002.

Documentary evidence may be offered, but it first must be properly authenticated by a declarant with personal knowledge of the document's genuineness and execution. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990).

Of course, the most basic element of admissibility is relevance. While "[n]ot all relevant evidence is admissible" (Advisory Committee Notes to F.R.E. 402), all irrelevant evidence is inadmissible. F.R.E. 402. Evidence is only relevant if it has a tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401.

Plaintiff's specific objections are as follows:

## II. SPECIFIC OBJECTIONS TO ROBERT GAULT AND TORY E. GRIFFIN DECLARATIONS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.    OBJECTIONS TO DECLARATION OF ROBERT GAULT (02/13/08)

| No. | Material Objected to: | Grounds for Objection |
|---|---|---|
| 1 | Pg. 1, ¶ 3:23-25: "I am the President and sole shareholder of Gault South Bay, Inc. ("GSB"), a California corporation that from January 1, 2007 until its termination on August 24, 2007, acted as an independent sales representative for DePuy Orthopaedics, Inc. ("DePuy")." | **Lacks foundation, vague and ambiguous, and conclusory.** Gault fails to establish his personal knowledge concerning the duration of GSB's relationship with DePuy. Moreover, the statement is misleadingly incomplete in that it suggests a relationship of limited duration, ignoring the close to 10 year sales representative relationship between Gault/GSB and DePuy. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); F.R.E. 701. |
| 2 | Pg. 1, ¶ 4:26 to Pg. 2, line 1: "In late 2006, I entered into negotiations on behalf of GSB to act as DePuy's independent sales representative for northern California. All | **Lacks foundation and conclusory.** Gault's conclusion about where the negotiations giving rise to GSB's agreement with DePuy occurred is |

2

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF ROBERT GAULT AND TORY E. GRIFFIN**

| No. | Material Objected to: | Grounds for Objection |
|---|---|---|
| | negotiations occurred in California with DePuy's Emeryville, California office. Specifically, I dealt with Brad LaPoint, who is Depuy's Territory General Manager for Northern California." | conclusory and a legal conclusion for which he fails to provide personal knowledge. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 351 (9th Cir. 1963) (explaining that "the court was obliged to disregard" affidavits that contained legal conclusions). |
| 3 | Pg. 2, ¶ 5:2-4: "In December 2006, GSB and DePuy executed in California an Agreement to be performed in California. I signed the Agreement on behalf of GSB in California. A true and correct coy of the Agreement is attached hereto as Exhibit A." | **Lacks foundation, conclusory, speculative, violates Fed. R. Evid. 1002.** Gault's assumption regarding the location for performance of the Agreement is a legal conclusion. *Engelhard Indus., Inc.*, 324 F.2d at 351 (explaining that "the court was obliged to disregard" affidavits that contained legal conclusions). The agreement itself is the best evidence of the contents of the agreement. *See* Fed. R. Evid. 1002. |
| 4 | Pg. 2, ¶ 6:5-7: "GSB's territory under the Agreement included the Santa Clara Valley and the Peninsula area. GSB's customers were in this territory. GSB's customer list | **Lacks foundation, conclusory, vague and ambiguous, argumentative, violates Fed. R. Evid. 1002.** The agreement itself is the best |

3

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF ROBERT GAULT AND TORY E. GRIFFIN**

CASE NO. 5:07-cv-05897-JW

Doc. #177565

| No. | Material Objected to: | Grounds for Objection |
|---|---|---|
| | included 20 hospitals and numerous individual physicians." | evidence of the contents of the agreement. *See* Fed. R. Evid. 1002. Gault fails to provide any foundation for his assertion of the number of customers included on GSB's customer list, and his reference to "numerous individual physicians" is too vague to be admissible. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). |
| 5 | Pg. 2, ¶ 9:11-13: "While operating under the Agreement, I (on behalf of GSB) reported directly to LaPoint. I estimate that ninety-nine percent of the communications I had in connection with the Agreement took place in California with DePuy's Emeryville, California office." | **Lacks foundation, conclusory, speculative, vague and ambiguous, speculative.**<br><br>Gault's assertion regarding communications is both speculative and misleading in its lack of foundation and clarification. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). |

**B.    OBJECTIONS TO DECLARATION OF TORY E. GRIFFIN DATED (02/13/08)**

| No. | Material Objected to: | Grounds for Objection |
|---|---|---|
| 6 | Pg. 0, ¶2:24-26: "Attached hereto as Exhibit A is a true and correct copy of a printout from Johnson & Johnson's website, listing | **Irrelevant, hearsay, lack of proper authentication.**<br><br>Whether of not DePuy is a subsidiary |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF ROBERT GAULT AND TORY E. GRIFFIN**

CASE NO. 5:07-cv-05897-JW

Doc. #177565

| No. | Material Objected to: | Grounds for Objection |
|-----|----------------------|----------------------|
|  | plaintiff DePuy Orthopaedics, Inc. ("DePuy") as a subsidiary of Johnson & Johnson." | is irrelevant.  *See* Fed. R. Evid. 401. The website itself constitutes hearsay and Mr. Griffin lacks personal knowledge to authenticate the document in any event. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990). |
| 7 | Pg. 0, ¶3:27 to pg.1 line 1:  "Attached hereto as Exhibit B is a true and correct copy of a printout from Johnson & Johnson's website, identifying Johnson & Johnson as a corporation incorporated in the State of New Jersey." | **Irrelevant, hearsay, lack of proper authentication.**<br><br>The status of Johnson & Johnson, which is not a party to this action, is irrelevant and Mr. Griffin makes no effort to establish its relevancy.  *See* Fed. R. Evid. 401.  The website itself constitutes hearsay and Mr. Griffin lacks personal knowledge to<br><br>/ / /<br><br>/ / /<br><br>/ / /<br><br>/ / /<br><br>/ / /<br><br>/ / /<br><br>/ / /<br><br>/ / / |

5

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF ROBERT GAULT AND TORY E. GRIFFIN**

| No. | Material Objected to: | Grounds for Objection |
|---|---|---|
| | | authenticate the document in any event. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990). |

Respectfully submitted,

DATED: March 24, 2008                STEPTOE & JOHNSON LLP

MARK A. NEUBAUER
REBECCA EDELSON
CARLA A. VELTMAN


By    /s/ Rebecca Edelson
          REBECCA EDELSON
      Attorneys for Plaintiff
      DEPUY ORTHOPAEDICS, INC.

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF ROBERT GAULT AND TORY E. GRIFFIN**

CASE NO. 5:07-cv-05897-JW

Doc. #177565