**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| GAULT SOUTH BAY, INC. and | ) | |
| ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF JAKE DANEMAN

I, Jake Daneman, under the penalties for perjury, state:

1.      I have personal knowledge of the facts set forth in this Affidavit, except as otherwise stated. I am competent to testify as to all matters stated, and I am under no legal disability which would in any way preclude me from testifying. If called upon to do so, I would testify to the facts set forth in this Affidavit.

2.      I am a sales representative ("sales rep") for DePuy Orthopedics, Inc. ("DePuy"). I have been a DePuy sales rep for about three years. My territory includes customers in the South Bay area of San Francisco, California.

3.      I worked under Bob Gault and his company, Gault South Bay Inc., from January of this year until his contract was terminated by DePuy in August 2007. John Angileri, Candice Polich, and Craig Fry worked as DePuy sales reps under Mr. Gault as well.

4.      On or about August 12, 2007, Mr. Gault called me and told me he was going to work for Biomet Orthopedics, Inc. ("Biomet"), a competitor of DePuy. He told me he was working on bringing a team of DePuy sales reps to work at Biomet with him, and that he wanted me to join them. He told me he had already spoken to Mr. Fry and Ms. Polich, and that he had encouraged them to move to Biomet as well.

5.    That same day, after speaking with Mr. Gault, I called Brad LaPoint, our DePuy Territory General Manager, and told him what Mr. Gault had told me. Mr. LaPoint told me to keep him informed, which I did.

6.    The following week, Mr. Gault and I met at the VA Hospital in Palo Alto, California, and he continued to solicit me to work for Biomet. He told me he had a plan to convert his current DePuy customers to Biomet products, and that he intended to bring specific DePuy customers to Biomet. For example, he said he was confident he could get several doctors at Stanford University to use Biomet rather than DePuy products. He also said I should contact a Biomet distributor named Chris Robbins to discuss the details of moving to Biomet with him, and gave me Mr. Robbin's phone number.

7.    Mr. Gault called me several more times over the next month, encouraging me to work for Biomet.

8.    On or about August 15, 2007, Mr. Robbins called me to discuss my working for Biomet. I had not called him, and had not spoken with him before. Mr. Robbins told me that Mr. Gault had told him I would be a good sales rep for Biomet and recommended that he call me.

9.    I met with Mr. Robbins on two occasions. He provided me an offer of employment on both occasions. The second offer was memorialized in a letter sent August 22, 2007.

10.    On August 22, 2007, I spoke with Ms. Polich and asked her whether she planned to follow Mr. Gault to Biomet. She told me Mr. Gault had been putting pressure on her to work for Biomet, and that Mr. Gault was promising to get 70% of the doctors at El Camino Hospital in Los Gatos to switch from DePuy to Biomet products. She told me she had nevertheless decided to stay at DePuy.

11.    During the week of August 20, 2007, Mr. Gault and Mr. Robbins both told me that a Biomet lawyer would call me to "take care of things." I did not request or agree to have such a lawyer contact me.

2

12.    On August 24, 2007, a lawyer from the law firm of Downy Brand named Tory Griffin called me. I had no prior relationship with Mr. Griffin, I have not been a client of his law firm, and I have never expressed any interest in becoming a client. Mr. Griffin asked me to sign a representation agreement so he could "get you out of your non-compete" with DePuy so I could leave and work for Biomet. I did not agree to have him represent me, and I did not sign any agreement. Mr. Griffin is not now and has never been my lawyer.

13.    On August 27, 2007, I communicated my decision to not work for Biomet to Mr.Griffin and Mr. Robbins, and rejected Biomet's offer of employment.

14.    Based on my personal knowledge and conversations with DePuy customers, Mr. Gault appears to be assisting in sales of Biomet products to his former DePuy customers.

15.    For example, in mid August, 2007, prior to Mr. Gault's termination, two of Mr. Gault's doctor customers told me that Mr. Gault had recently encouraged them to purchase Biomet products instead of DePuy products, and promised them benefits if they did so. One doctor told me that Mr. Gault promised to get him a consultant contract with Biomet if he switched to Biomet products. Another doctor told me that Mr. Gault promised to get me a position as a developer with Biomet if he switched to Biomet products.

16.    On another occasion, a doctor told me that Mr. Gault had been harassing doctors to switch to Biomet products, claiming to one that if they did not switch, he could not put his kids through college.

THIS CONCLUDES MY AFFIDAVIT.

3

I affirm, under the penalties for perjury, that the facts set forth in this Affidavit are true based on my personal knowledge or, where stated, on information and belief.

Jake Daneman

**SWORN BEFORE ME** in the City )

of San Francisco, in the State of California, )

this 10th day of September 2007. )

)

)

A Notary Public          **Signature** )

Maryo Magsarram          **Printed**

MARYO MOGANNAM
Commission # 1758063
Notary Public - California
San Francisco County
My Comm. Expires Jul 8, 2011

My Commission Expires: July 08 2011

4

**EXHIBIT  D**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:07 CV 0425 RM |
| | ) | |
| GAULT SOUTH BAY, INC. and | ) | |
| ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO QUASH AMENDED DEPOSITION NOTICES
TO GAULT SOUTH BAY, INC. AND ROBERT GAULT**

Defendants, Gault South Bay, Inc. ("GSB") and Robert Gault ("Gault"), through their undersigned counsel, respectfully move this Court to quash the amended notices of deposition served upon them pursuant to Federal Rules of Civil Procedure 26 and 45.  In support of this motion, Defendants state as follows:

**RELEVANT FACTS**

In connection with its complaint seeking a preliminary injunction, this Court granted Plaintiff's motion for expedited discovery.  In its October 4, 2007 Order, the Court clarified its order and, among other things, ordered that Defendants had "until November 14, 2007 to make Robert Gault and Gault South Bay, through an identified representative, available for deposition." (*See* 10/4/07 Order, attached hereto as Ex. A.)  The Court also ordered that all discovery in this matter shall be applicable to the case currently pending in the Northern District of California brought by Gault and GSB against Plaintiff. *Id.*

Subsequently, on Thursday, October 18, 2007, Plaintiff issued an amended deposition notice on GSB.  Plaintiff had previously issued deposition notices to both Defendants on

September 14, 2007. The amended notice listed November 1, 2007 as the date of the deposition. (*See* Amended Notice of Rule 30(b)(6) Deposition of GSB, attached hereto as Ex. B.) Plaintiff chose the location of the deposition as San Jose, California. *Id.* Prior to noticing this deposition, Plaintiff made no effort to contact counsel for Defendants in order to schedule the deposition on a date where all parties involved were available. (*See* Affidavit of Catherine A. Miller ¶ 4, attached hereto as Ex. C.)

On Monday October 22, 2007, Plaintiff contacted Defendant for the first time in connection with its amended deposition notice by sending an email to counsel for Defendants, *not* in an attempt to determine an *agreed upon* date, but rather to "confirm the November 1 deposition date," which had neither been discussed nor agreed upon by the parties. (*See* 10/22/07 Email from Aaron Staser to Bob Palmer, attached hereto as Ex. D.) That communication was followed by a telephone call from Mr. Staser on Tuesday, October 23 to Doug Albritton (an attorney at Freeborn & Peters LLP who is not, and has never been, involved in this case), who in turn forwarded the call to Catherine Miller, an attorney at Freeborn & Peters LLP working on this case. (*See* Miller Aff. ¶ 3.) During that call, Ms. Miller represented that GSB was not available on November 1, but that GSB was looking at November 13. Mr. Staser stated that if the deposition were to proceed on that date, *Plaintiff would seek an extension* of the November 15 hearing date because that would not be enough time to obtain a transcript of the deposition and use it in "any meaningful way" for purposes of the preliminary injunction hearing. *Id.* During the call, Mr. Staser acknowledged that pursuant to the October 4 Order, Defendants had until November 14 to make themselves available for deposition. *Id.*

On Thursday, October 25, Ms. Miller attempted to contact both Mr. Staser and Dwight Lueck to confirm the November 13 deposition date. (*See* Miller Aff., ¶ 5.) She was informed by

Mr. Lueck's assistant that both he and Mr. Staser were not coming into the office on either October 25 or 26. *Id.* On October 25, Ms. Miller subsequently contacted Mike Anderson, another Barnes & Thornburg LLP attorney on this case, and inquired as to whether Plaintiff was attempting to schedule both the GSB and Gault depositions, or only the deposition of GSB. Mr. Anderson responded that he did not know what Mr. Lueck was seeking to do. (*Id.* at ¶ 6.)

On Monday, October 29, 2007, Mr. Staser responded to Ms. Miller's inquiry to Mr. Anderson and informed her that Plaintiff sought to depose Gault and GSB on the same day, and said that Mr. Lueck was available November 5-7. (*See* Miller Aff. ¶ 7.) On that same day, Ms. Miller informed Plaintiff that Defendants were not available November 5-7, but that they were available November 13. Ms. Miller also informed Plaintiff that Defendants simply could not proceed with the depositions any earlier. *Id.* Pursuant to her earlier conversation with Mr. Staser wherein he represented that Plaintiff would seek to move the preliminary injunction hearing date if the depositions were to proceed on November 13, Ms. Miller stated that Defendants would not object to such action being taken. *Id.*

In an email from Mr. Staser received on October 29, Plaintiff *contradicted its prior position* with respect to moving the hearing date, now claiming that it was not willing to do so, again proffered November 5-7, even though it knew that Defendants were unavailable, and additionally offered November 8-9, even though it knew Defendants were unavailable. (*See* 10/29/07-10/30/07 Email Chain between Staser and Miller, attached hereto as Ex. E.) Mr. Staser stated that if Defendants did not agree to one of their dates, Plaintiff would seek assistance from the Court. *Id.* Ms. Miller responded that the October 4 Order provided that Defendants' depositions must proceed prior to November 14, and that the November 13 date complied with

-3-

the Order. She again noted that were Defendants available any sooner, they would proceed with the depositions on an earlier date. *Id.*

Apparently ignoring all of the preceding discussions and communications with Ms. Miller, on October 30, Mr. Staser left Ms. Miller a voicemail message again suggesting that the depositions proceed on November 8 or 9, all the while knowing that Defendants were unavailable on these dates. (*See* Miller Aff. ¶ 9.) Ms. Miller confirmed as much in a subsequent email. (*See* Ex. E.) In response, Mr. Staser sought reasons for Defendants' unavailability, and stated that if Plaintiff, in its discretion, deemed the reasons to be "bona fide" and constituted "insurmountable conflicts" Plaintiff would "consider" conducting the deposition on November 13 in Indiana, even though Plaintiff noticed the depositions for San Jose, California and that is the assumption upon which Defendants proceeded with respect to all communications surrounding the date of the depositions. *Id.*

Further demonstrating how Plaintiff continues to refuse to cooperate in the scheduling of discovery, on October 30, Defendants also received a letter from Mr. Staser, along with two amended notices of deposition scheduling Defendants' depositions for November 5, 2007, even though Plaintiff was repeatedly told that Defendants were unavailable on that date. (*See* 10/30/07 Letter from Staser to Miller and Amended Notices of Deposition to Defendants, attached hereto as Exs. F-H) In his letter, Mr. Staser wholly disregarded the October 4 Order, and went so far as to take the position that if Defendants refused to appear for their depositions (intentionally noticed by Plaintiff on a date for which it is impossible for them to appear), it was incumbent upon them to seek a protective order from the Court. (*See* Ex. F at 2-3.)

## ARGUMENT

Indiana Local Rule 30.1 provides:

- 4 -

> Pursuant to the Standards for Professional Conduct within the Seventh Federal
> Judicial Circuit, Lawyers Duty to Other Counsel, paragraph 14, the attorneys shall
> make a good faith effort to schedule depositions in a manner which avoids
> scheduling conflicts. Unless agreed by counsel or otherwise ordered by the court,
> no deposition shall be scheduled on less than fourteen (14) days notice.

Here, Plaintiff made no good faith effort to schedule the depositions of GSB or Gault on dates to

avoid scheduling conflicts or to comply with the 14-day rule.    Instead, Plaintiff contacted

Defendants for the first time one week prior to the date it chose for the deposition "to confirm the

November 1 deposition date." (*See* 10/30/07 Letter from Staser to Miller at 2.)  When Plaintiff

learned Defendants were unavailable on that date, Plaintiff repeatedly attempted to foist dates on

Defendants that were convenient for Plaintiff, all the while knowing that those dates did not

work for Defendants.    Finally, Plaintiff served amended deposition notices, intentionally

scheduling the depositions for a date it knew Defendants were unavailable, and then charged

Defendants with the task of seeking a protective order in the event they did not appear, again

knowing that those dates did not work for the Defendants.

        By contrast, Defendants have made good faith efforts to schedule their depositions.

When contacted by Plaintiff, Defendants promptly responded and proffered an available date.

Defendants also sought to discern whether Plaintiff was attempting to schedule one or two

depositions.  Plaintiff did not even know its plan in this respect as of October 26, 2007. (*See*

Miller Aff. ¶ 6.) Where Plaintiff's only objection to proceeding on November 13 is that it is too

close to the preliminary injunction hearing – a date of which the Court and Plaintiff's counsel

was well aware when the October 4 Order was entered – Defendants' prior commitments

preclude them from appearing on any other date.

        On November 5, Bill Howard, counsel for Defendants, has other professional obligations

and a charitable obligation which he cannot change. On November 8-9, Mr. Howard is chairing

- 5 -

the annual March of Dimes charity event for 600 guests in Chicago which has been scheduled for a year and for which he has emcee and oversight responsibilities. (*See* Bill Howard Affidavit, attached hereto as Ex. I.) Ms. Miller is scheduled to be out of town on a family vacation from November 1-5 – a trip which has been planned for nearly 8 months. (*See* Miller Aff. ¶ 10.) Tory Griffin, counsel for Defendants in the action pending in California, will be taking depositions outside of California on November 5-6. As those depositions have already been rescheduled twice, Mr. Griffin is unable to move them again. Mr. Griffin is unavailable on November 7-9 because his wife will be out-of-town and he is charged with caring for his three children. Additionally, Mr. Griffin has a hearing scheduled in another case on November 8 at which his presence is required. (*See* Tory Griffin Affidavit, attached hereto as Ex. J.) As this Court has ordered that all discovery applies to the California action as well, Mr. Griffin's presence is necessary at the depositions of Defendants in this case.

This is to say nothing of Gault's schedule. Gault resides in California, and while Plaintiff has assisted in facilitating his appearance by noticing the depositions to take place in San Jose (Plaintiff at least tacitly admitting by this conduct that this case should be proceeding in California), it does not follow that Gault can appear on a moment's notice.

Plaintiff cannot even seem to take a consistent position with respect to these depositions going forward, making scheduling them even more difficult for Defendants. Plaintiff claimed that it has been attempting to schedule the depositions "since at least September 14," but it never contacted Defendants regarding its amended deposition notice to GSB until nearly 4:00 p.m. on October 22 – five weeks later. (*See* 10/22/07 Email from Staser to Palmer.) Plaintiff also claimed that it would seek an extension of the November 15 preliminary injunction hearing if the depositions of Gault and GSB did not proceed until November 13, but then stated "it is

-6-

unreasonable to expect that we would be willing to postpone the preliminary injunction hearing…" Finally, Plaintiff claimed that if Defendants did not agree to the dates proffered by it, it would "seek the court's assistance in scheduling a deposition well enough in advance of the November 15 hearing so as to allow meaningful use of that testimony…" and that it needed to "evaluate how to proceed as to the court's involvement in scheduling these depositions…" but then claimed the very same day that if Defendants refused to honor the amended deposition notices it was "incumbent upon them to seek a protective order from the Court."

Defendants do not believe that they should be subjected to Plaintiff's gamesmanship in connection with the scheduling of these depositions. Defendants have proffered a date to Plaintiff which complies with the October 4 Order of this Court, and Plaintiff has acknowledged its availability on that date. That Plaintiff believes the date is too close to the preliminary injunction hearing is the fault of Plaintiff, and only Plaintiff. The Court's Order has been in place since October 4. If Plaintiff took issue with the Order, it should have notified the Court at that time. Furthermore, if Plaintiff was concerned about the dates provided for in that Order, it could have contacted Defendants the day the Order issued and sought to schedule Defendants' depositions based on the notices it served in September. Instead, Plaintiff contacted Defendants for the first time late in the day on October 22 with respect to the November 1 deposition date unilaterally chosen by it. Had Plaintiff complied with Local Rule 30.1 and reached out to Defendants, this issue would have never made its way to the Court. However, at this late date, Defendants simply cannot rearrange their schedules to accommodate Plaintiff's unreasonable demand that they appear on one week's notice. For these reasons, Plaintiff's amended notices of depositions to Defendants should be quashed.

## CONCLUSION

For the reasons explained above, Defendants, Gault South Bay, Inc. and Robert Gault,
respectfully request that the Court quash the amended deposition notices served on them
requiring their appearance on November 5, 2007 for depositions in this case.

Dated:  November 1, 2007

                                        Respectfully submitted,

                                        Attorneys for Defendants
                                        Gault South Bay, Inc. and Robert Gault

                                        /s/ Robert J. Palmer
                                        Robert J. Palmer (6316-71)
                                        Attorney for MAY • OBERFELL • LORBER
                                        4100 Edison Lakes Parkway, Suite 100
                                        Mishawaka, Indiana  46545
                                        Phone: (574) 243-4100
                                        Fax: (574) 232-9789

                                        Of Counsel:
                                        William N. Howard
                                        Freeborn & Peters LLP
                                        311 South Wacker Drive, Suite 3000
                                        Chicago, Illinois  60606

1419358

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record, hereby certifies that he caused a copy of

the foregoing **Defendants' Motion to Quash Amended Deposition Notices to Gault South**

**Bay, Inc. and Robert Gault** which is attached hereto, to be served upon the following parties,

via electronic filing on November 1, 2007.


Dwight D. Lueck                              D. Michael Anderson
Kendall Millard                              Barnes & Thornburg LLP
Barnes & Thornburg LLP                       600 1st Source Bank Center
11 South Meridian Street                     100 North Michigan
Indianapolis, IN  46204                      South Bend, IN  46601-1632
Phone: (317) 236-1313                        Phone: (574) 233-1171
Fax: (317) 231-7433                          Fax: (574) 237-1125
Email:  dlueck@btlaw.com                     Email:   mandanderson@btlaw.com
        Kmillard@btlaw.com


By:____/s/ Robert J. Palmer_____

**EXHIBIT A**

Case 5:07-cv-05897-JW    Document 22-4    Filed 03/24/2008    Page 17 of 67
case 3:07-cv-00425-ᴋLM-CAN    document 41-2    filed 11/ʋ1/2007    page 2 of 3
case 3:07-cv-00425-RLM-CAN    document 29    filed 10/04/2007    page 1 of 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 3:07-CV-425-RM |
| | ) | |
| GAULT SOUTH BAY, INC. and | ) | |
| ROBERT GAULT, | ] | |
| | ) | |
| Defendants | ) | |

ORDER

On September 17, 2007, the court granted DePuy's motion for expedited discovery and ordered discovery be completed by October 17, 2007. In so ruling, the court contemplated the completion of all discovery relevant to the preliminary injunction hearing set for November 15, 2007. The court now clarifies its previous order and GRANTS DePuy's Motion to Compel Discovery [Doc. No. 19] and Motion for Expedited Ruling [Doc. No. 23.] The Defendants shall have until October 24, 2007 to respond to DePuy's requests for production of documents and interrogatories and until November 14, 2007 to make Robert Gault and Gault South Bay, through an identified representative, available for deposition.

As previously noted, all discovery shall be applicable in this case as well as in the action pending before the Northern District of California and shall not be limited to address only personal jurisdiction issues with respect to Robert Gault.

SO ORDERED.

Entered:   October 4, 2007

Case 5:07-cv-05897-JW    Document 22-4    Filed 03/24/2008    Page 18 of 67
case 3:07-cv-00425-ʀLM-CAN    document 41-2    filed 11/ʋ1/2007    page 3 of 3
case 3:07-cv-00425-RLM-CAN    document 29    filed 10/04/2007    page 2 of 2

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court

cc:    counsel of record

2

**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-0425-RM |
| | ) | |
| GAULT SOUTH BAY, INC. | ) | |
| and ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF GAULT SOUTH BAY, INC.

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil

Procedure, DePuy Orthopaedics, Inc. will take the deposition by oral examination of Defendant

Gault South Bay, Inc. ("GSB") on November 1, 2007, on the topics attached as Exhibit A at the

offices of Palone & Stromberg, 1550 The Alamadea, Suite 150, San Jose, California 95126.

The deposition will commence at 11:00 a.m. and will continue day to day until completed.  The

deposition will be taken before an officer authorized to administer oaths and will be recorded

stenographically and by videotape. You are invited to attend and participate in the deposition.

By:    _____
Dwight D. Lueck (14294-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
E-mail:  dlueck@btlaw.com

Michael Anderson (20770-53)
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, IN  46601-1632
Telephone:  (574) 233-1171
Facsimile:  (574) 237-1125


Attorneys for Plaintiff,
DePuy Orthopaedics, Inc.

-2-

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For the purposes of this Deposition, the following definitions and instructions shall apply:

1.    Unless otherwise noted, this deposition seeks information from January 1, 2007 to the present.

2.    "Biomet" means Biomet Inc. and its affiliates, agents, employees, accountants, consultant, and any other representative acting on, or purporting to act on, the behalf of Biomet. The term "Biomet" expressly includes Chris Robbins.

3.    "Defendants" means Defendants Gault South Bay, Inc. and Robert Gault, collectively.

4.    "Gault" means defendant Robert Gault.

5.    "GSB" means defendant Gault South Bay, Inc. and also refers to any affiliates, agents, employees, accountants, consultant, and any other representative acting on, or purporting to act on, the behalf of the defendant Gault South Bay, Inc

6.    "DePuy" means the plaintiff DePuy Orthopaedics, Inc.

7.    "Sales Rep" means a sales representative selling DePuy products, whether as an employee or an independent contractor.

8.    "Distributor" means a Sales Rep who supervises other Sales Reps.

9.    "DePuy employee" means, without limitation, any current or former officer, director, executive, manager, or other person who is or was employed by DePuy, including any Territory General Manager.

10.    "Work" or "working" mean soliciting, servicing, or selling.

- 3 -

11.    "Competitor" means a company engaged in the business of making, distributing, and selling orthopedic implants, instruments, equipment, and/or supplies.

12.    "Document," which includes "electronically stored information" has the same meaning as in Federal Rule of Civil Procedure 34(a), and includes, drawings, graphs, charts, photographs, sound recordings, images, and other date or data compilations stored in any medium from which information can be obtained (*e.g.*, tape, disk, computer, electronic mail (email), phone record, voice mail or other), and includes any and all originals, duplicates, drafts, and all copies bearing notations or marks not found on the original.

13.    "Communication" or "communications" means and includes any transmission, conveyance, or exchange of information, whether by written, oral, electronic, or by other means including, but not limited to, the transmission or exchange of any kind of document or email, as well as face-to-face conversations, meetings, and telephone conversations.

14.    The terms "relating to," "relate to," "concerning," "with respect to," "referring to," and "regarding," mean, without limitation, the following concepts: constituting, estimating, surveying, commenting, projecting, assessing, criticizing, reporting, received from, addressed to, sent to, alluding to, responding to, announcing, explaining, evaluating, discussing, showing, describing, studying, reflecting, analyzing, consulting, or otherwise involving, in whole or in part.

15.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope. The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and the feminine. The terms "and" as well "or" shall be

- 4 -

construed either disjunctively or conjunctively, as necessary, to bring within the scope of the requests all responses that might otherwise be construed to be outside the scope. The term "All", as in "All documents" means any, each and every.

16.    The deposition topics incorporate by reference all applicable terms and definitions provided in the Federal Rules of Civil Procedure and any applicable local rules of court.

## TOPICS

1.    The incorporation of GSB.

2.    The corporate status of GSB from incorporation through the present.

3.    All assets of GSB from incorporation through the present.

4.    The identity of any bank accounts held in GSB's name from incorporation through the present.

5.    Any sale or transfer of assets by GSB from incorporation through the present.

6.    The identity of all stockholders of GSB from incorporation through the present

7.    The identity of all officers of GSB from incorporation through the present.

8.    All board of directors or other official corporate meetings of GSB from incorporation through the present.

9.    The identity of any minutes or other corporate record of GSB's activities from incorporation through the present.

10.    Payments received by GSB for services rendered by GSB or on behalf of GSB from incorporation through the present.

11.    The employees and/or independent contractors of GSB from incorporation through the present.

12. Compensation paid to officers, employees or agents of GSB from incorporation through the present.

13. All audits of GSB from incorporation through the present.

14. All other names under which GSB has done business from incorporation through the present.

15. The relationship, if any, between GSB and DePuy Central California.

16. All communications, correspondence, meetings and interviews between GSB and any DePuy employee, including any DePuy Territory General Manager, from incorporation through the present.

17. All communications, correspondence, meetings and interviews between Defendants and any DePuy employee or independent contractor, and any DePuy Territory General Manager, Distributor or Sales Rep.

18. The negotiation and terms of any contracts or agreements between Biomet and Defendants.

19. Any indemnifications or agreements to pay the legal fees of GSB sought from Biomet or received from Biomet.

20. All business activities of GSB, its officer and/or agents, since June 1, 2007.

21. All work done or anticipated to be done by Defendants on behalf of or for the benefit of Biomet, including but not limited to job description, work responsibilities, territories, and customers.

- 7 -

22. All information concerning DePuy communicated or disseminated by Defendants directly or indirectly to Biomet, including but not limited to information about (i) DePuy customers; (ii) DePuy employees or independent contractors, including Territory General Managers, Distributors and Sales Reps, (iii) any information about such employees' or independent contractors' compensation, performance, territories, customers, contact information or willingness to leave DePuy or relocate, and (iv) any other non-public information about DePuy.

23. The identity and contents of all documents communicated or disseminated by Defendants directly or indirectly to Biomet.

24. Communications between Defendants and nurses, doctors, representatives, agents, employees, independent contractors, or other individuals otherwise affiliated with the following California medical entities since June 1, 2007:

    a.  Advanced Surgery Center (San Jose)

    b.  Bascom Surgery Center (Campbell)

    c.  Camino Medical Group (Santa Clara)

    d.  Community Los Gatos (Los Gatos)

    e.  El Camino Hospital (Mt. View)

    f.  El Camino Surgery Center (Mt. View)

    g.  Forest Surgery Center (San Jose)

    h.  Good Samaritan (San Jose)

    i.  Harold Chope Community Hospital (San Mateo)

    j.  Menlo Park Surgical Center (Menlo Park)

    k.  O'Connor (San Jose)

l.  Palo Alto Surgical Center (Palo Alto)

m.  Regional Medical Center San Jose (San Jose)

n.  San Jose Market Consolidation Distribution Center (San Jose)

o.  Sequoia Hospital (Redwood City)

p.  Silicon Valley Surgical Center (San Jose)

q.  Stanford (Palo Alto)

r.  VA Palo Alto (Palo Alto)

s.  Valley Medical Center (San Jose)

t.  Waverly Medical Center (Palo Alto)

25.  Any and all documents and/or information generated by DePuy or received by DePuy and currently in the possession, custody or control of GSB or any or its employees or agents.

26.  Any and all documents and/or information regarding the accounts listed in Topic 24 or any doctor or surgeon conducting procedures in those accounts.

27.  Any and all communications between officers or agents of GSB and sales representatives of the company concerning GSB's consideration of representing the products of a company other than DePuy.

28.  Any and all communications between officers or agents of GSB and sales representatives of the company concerning potential litigation to be brought against DePuy or that may be brought by DePuy.

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07 CV 0425 RM |
| | ) | |
| GAULT SOUTH BAY, INC. and | ) | |
| ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF CATHERINE A. MILLER

I, Catherine A. Miller, declare as follows:

1.     I am over the age of eighteen and competent to testify as to the matters set forth herein which are based on my personal knowledge.

2.     I am an attorney licensed to practice in the State of Illinois, and I am one of the attorneys representing Defendants Gault South Bay, Inc. and Robert Gault, in the above-captioned matter.

3.     On October 23, 2007, one of my partners, Doug Albritton, contacted me to inform me that Aaron Staser of Barnes & Thornburg LLP left him a message regarding a Rule 30(b)(6) deposition. I returned Mr. Staser's call and learned that the deposition to which he referred was the Rule 30(b)(6) deposition of Gault South Bay, Inc. ("GSB"), which Plaintiff noticed for November 1, 2007. In informed Mr. Staser that GSB was not available on November 1 and that Defendants were looking at November 13. Mr. Staser stated that if we proceeded on that date, Plaintiff would seek an extension of the November 15 preliminary injunction hearing because November 13 did not permit enough time to obtain a transcript of the deposition and use it in "any meaningful way" for purposes of the preliminary injunction hearing. When I informed Mr.

Staser that pursuant to court order, we had until November 14 to produce Defendants for deposition, he acknowledged that was the case.

4.      The October 23, 2007 phone call was the first time anyone from Barnes & Thornburg contacted me with respect to scheduling any depositions in this case.

5.      On October 25, 2007, I placed a call to Dwight Lueck, counsel for Plaintiff, to confirm the November 13 deposition date. I was informed by Mr. Lueck's assistant that he would not be in the office for the rest of the week. When I asked to be transferred to Mr. Staser, Mr. Lueck's assistant informed me that he had taken the rest of the week off as well.

6.      I then called Mike Anderson, counsel for Plaintiff, and inquired whether Plaintiff was seeking to take GSB's deposition only, or the depositions of both GSB and Robert Gault ("Gault"). Mr. Anderson responded that he did not know what Mr. Lueck was seeking to do.

7.      On October 29, 2007, Mr. Staser contacted me again and informed me that Plaintiff sought to take the deposition of GSB and Gault on the same day, and told me that Mr. Lueck was available November 5-7. On that same day, in an email to Mssrs. Lueck and Anderson, I informed them again of our unavailability on November 1 and told them that we were also unavailable on November 5-7. I confirmed our November 13 availability, and stated that based on Mr. Staser's comments to me on October 23, we had no objection with Plaintiff seeking to move the preliminary injunction hearing.

8.      On October 29, 2007, I received an email from Mr. Staser where he now claimed Plaintiff was not willing to move the hearing date, again offered up November 5-7 for the depositions, apparently ignoring my earlier response, and additionally offered November 8-9, even though I had already stated we were unavailable. Mr. Staser's email also said that if we did not agree to one of Plaintiff's dates, Plaintiff would seek assistance from the Court in scheduling

- 2 -

the deposition. I responded that November 13 complied with the Court's October 4, 2007 Order and noted that if we could have produced Defendants any earlier, we would have.

9.    On October 30, 2007, I received a voicemail from Ms. Staser again suggesting that the depositions proceed November 8 or 9. I responded via email that we were still not available on those dates. Mr. Staser then sought the reasons for our unavailability, and stated that Plaintiff would determine whether the reasons were "bona fide" or if they amounted to an "insurmountable conflict" such that Plaintiff would consider having the depositions take place on November 13. I was offended by Mr. Staser's suggestion that we did not have valid reasons for our unavailability, reminded Mr. Staser that as of October 26, no one could even tell me if Plaintiff was attempting to schedule one or two depositions and stated that had he contacted us sooner, our availability may not have been as much of an issue.

10.    I am unavailable to appear for Defendants' depositions on November 5, as I have a family vacation scheduled from November 1-5, which has been planned for nearly eight months. I am available November 13.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Catherine A. Miller

Executed on October 31, 2007

- 3 -

**EXHIBIT D**

## Miller, Catherine

| | |
|---|---|
| **From:** | Palmer, Bob [RPalmer@MayLorber.com] |
| **Sent:** | Wednesday, October 31, 2007 12:17 PM |
| **To:** | Miller, Catherine |
| **Subject:** | FW: DePuy v. Gault: GSB 30(b)(6) Notice |

```
-----Original Message-----
From: Aaron Staser [mailto:aaron.staser@BTLaw.com]
Sent: Monday, October 22, 2007 3:52 PM
To: dalbritton@freebornpeters.com; Palmer, Bob
Cc: Dwight Lueck
Subject: DePuy v. Gault: GSB 30(b)(6) Notice
```

Gentlemen:

I am following up as to the Amended 30(b)(6) deposition notice for Gault South Bay, Inc. Are you able to confirm the Nov. 1 deposition date as noticed?

Please respond promptly so that we are able to make appropriate arrangements to proceed with the deposition as noticed.

Aaron Staser

Aaron M. Staser
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
317.229.3139 (Office)
317.231.7433 (Fax)
aaron.staser@btlaw.com

------------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  We do not waive attorney-client or work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a "reliance opinion" as defined in IRS Circular 230 and may not be used to establish reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance opinions only in formal opinion letters containing the signature of a partner.

1

**EXHIBIT E**

**Miller, Catherine**

| | |
|---|---|
| **From:** | Miller, Catherine |
| **Sent:** | Tuesday, October 30, 2007 11:06 AM |
| **To:** | 'Aaron Staser' |
| **Cc:** | Dwight Lueck; Kendall Millard; Mike Anderson; Howard, William; Bob Palmer |
| **Subject:** | RE: DePuy v. Gault South Bay: Deposition scheduling andotherdiscovery matters |

Counsel:

We take exception to both the tone and content of your communication. Suffice it to say, we have valid and ample reasons for our unavailability, some of which may not have been an issue had you been diligent in your attempts to take discovery, and begun the process before last week so that other commitments did not interfere with our schedules.

On October 5, the Court ordered that we were required to produce defendants for deposition by November 14. We are in a position to comply with the order of the Court. If DePuy took issue with the schedule set by the Court, it should (could) have addressed it with the Court at that time.

Note that we heard nothing from you with respect to scheduling any deposition until last week. In fact, as of last Friday, no one from Barnes & Thornburg could even tell me if you planned to take one or two depositions. After we learned yesterday that you were seeking to depose both Mr. Gault and GSB on the same day, we promptly informed you that we were available on November 13. We remain available on that date to proceed with the depositions in California as originally noticed.

-----Original Message-----
From: Aaron Staser [mailto:aaron.staser@BTLaw.com]
Sent: Tuesday, October 30, 2007 10:40 AM
To: Miller, Catherine
Cc: Dwight Lueck; Kendall Millard; Mike Anderson; Howard, William; Bob Palmer
Subject: RE: DePuy v. Gault South Bay: Deposition scheduling andotherdiscovery matters

Catherine,

As you are aware, we initially noticed the deposition of Robert Gault and GSB for November 1, 2007. On or about October 23, we were informed that this date was not available; accordingly, over the course of continuing correspondence, we have proposed conducting these depositions on a single day anytime from November 5-9, but have been informed that none of these dates are available for Mr. Gault and/or his counsel. As to the proposed November 8 or 9 dates, Bill Howard informed Dwight Lueck as late as yesterday afternoon that he would have to check his calendar to see if any of those dates were available. However, we are now informed that Defendants' counsel are not available those dates because of "prior commitments that have been on the calendar for nearly a year now." Meanwhile, you maintain that the only date available is November 13, 2007, which is only two days before the hearing and also falls on the same day that Dwight Lueck has agreed to lead a presentation at a CLE conference.

So that we can evaluate how to proceed as to the court's involvement in scheduling these depositions, please provide us with the specific reasons as to why Defendants' counsel and/or Mr. Gault cannot be available during the period November 5-9 for a one day deposition in San Jose.

If, in fact, there are insurmountable conflicts preventing a deposition anytime during the week of November 5, we would consider conducting the deposition on November 13 so long as the deposition took place in Indianapolis or in South Bend. We note, though, that this suggestion is contingent upon bona fide reasons for the deposition not taking place the week of November 5. As per my previous email, we have issued a subpoena (through counsel) to Mr. Gault to appear at the hearing on November 15, so he will need to be in Indiana near that deposition date regardless. Furthermore, conducting the deposition in Indiana would save significant travel time (and lost time due to the time zone change) to allow the attorneys to prepare for the hearing and to have a chance to utilize the deposition testimony in a meaningful way in connection with the hearing.

1

I look forward to your response.

Aaron

Aaron M. Staser
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
317.229.3139 (Office)
317.231.7433 (Fax)
aaron.staser@btlaw.com


>>> "Miller, Catherine" <cmiller@freebornpeters.com> 10/30/2007 10:09
AM >>>
    Aaron,
        I received your voicemail message this morning regarding possibly proceeding with
the depositions on November 8-9, and I wanted to assure you that I have spoken to Bill, as
well as the other counsel involved, numerous times and did so prior to responding to your
message yesterday.  November 8-9 were never an option for us due to prior commitments that
have been on the calendar for nearly a year now.

        With respect to the protective order, with the exception of the caption and the
party and firm names, nothing has been changed.  It is the protective order previously
entered in the Barney case.

Catherine

-----Original Message-----
From: Miller, Catherine
Sent: Monday, October 29, 2007 4:59 PM
To: 'Aaron Staser'
Cc: Howard, William; 'Palmer, Bob'; Dwight Lueck; Kendall Millard; Mike Anderson
Subject: RE: DePuy v. Gault South Bay: Deposition scheduling and otherdiscovery matters

Aaron,
    To respond to the issues you raise below:

1.    I hinted at nothing with respect to deposition scheduling in my
previous email.  You informed me this morning that if we could not produce Mr. Gault and
our Rule 30(b)(6) representative until November 13, you would seek to move the preliminary
injunction hearing.  That you have now changed your mind does nothing to change our
availability for the depositions.  I also reminded you that pursuant to an order of court,
we had until November 14 to produce defendants for deposition.
The court was well aware of the November 15 hearing date when it entered its order on
October 4.  November 13 complies with the order, and is the only date available based on
the schedules of both defendants and counsel.  If we were available sooner, we would
proceed with the depositions on an earlier date.  That is simply not the case, however.


2.    As I informed you this morning, you will be receiving our
production as soon as possible.  As I also informed you, the production is not large and I
assure you that you will have ample time to review it prior to the hearing.

3.    With respect to a protective order, I have already modified the
protective order in the Barney case, i.e. caption and attorneys, to
apply to this case.  It is attached for your review.

Please feel free to contact us with any additional questions or concerns.

Catherine


-----Original Message-----
From: Aaron Staser [mailto:aaron.staser@BTLaw.com]
Sent: Monday, October 29, 2007 4:22 PM

To: Miller, Catherine
Cc: Dwight Lueck; Kendall Millard; Mike Anderson
Subject: DePuy v. Gault South Bay: Deposition scheduling and otherdiscovery matters

Catherine,

I write in reference to the topics outlined below:

1.      Deposition Scheduling.  As you hint in your email below, taking
the depositions of Gault and GSB on November 13 would simply be too late to allow for any
meaningful use of those depositions in connection with the November 15 hearing; however,
further to our conversation earlier today, we are not so willing to push back the date of
the scheduled injunction hearing because, inter alia, Gault's actions continue to
irreparably harm DePuy.

If the November 5-7 dates do not work solely because of Bill Howard's schedule, please
consider the possibility of having another Freeborn & Peters attorney or Bob Palmer attend
the depositions during one of those proposed dates.  If there are other reasons as to the
unacceptability of those dates (e.g., Mr. Gault is unavailable), please advise if Gault
and GSB are available for their depositions on either November 8 or 9 at 9:00 am in San
Jose.  Again, if Bill Howard is unavailable during the 8th or 9th, please consider the
option of having another attorney attend the deposition.

If you do not agree to conducting the depositions during one of the days from November 5-7
or November 8-9, we will seek the court's assistance in scheduling a deposition well
enough in advance of the November 15 hearing so as to allow meaningful use of that
testimony in connection with that hearing.

2.      Document Production.  It is our understanding that Defendants
intend to deliver to our office this week responsive documents as set forth in Defendants
Gault and Gault South Bay, Inc.'s Answers and Objections to DePuy's First and Second
Requests for Production of Document and Things to Defendants.  I further emphasize the
importance of receiving this production as soon as possible in light of the court's order
granting DePuy's motion to expedite discovery, the prospective depositions, and the
November 15, 2007, hearing.

3.      Protective Order.  We further understand that some otherwise
responsive documents might be withheld from the Defendants' initial production pending the
entry of a protective order in this case.
DePuy
is amenable to submitting to the court a stipulated protective order that would satisfy
each parties' concerns concerning the production of confidential information.  In order to
quickly resolve this issue so that we may obtain discovery of confidential information as
soon as possible, I suggest utilizing as a template the stipulated protective order
entered in the New Jersey state action of Johnson & Johnson et al.
v. Biomet, Inc. and Robin Barney (Case No. MID-C-107-07).  Please indicate if you are
amenable to this approach.  If so, I will modify that stipulated protective order and
submit a draft for your review and
approval.

Aaron Staser


Aaron M. Staser
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
317.229.3139 (Office)
317.231.7433 (Fax)
aaron.staser@btlaw.com


>>> "Miller, Catherine" <cmiller@freebornpeters.com> 10/29/2007 3:39:45

>>> PM >>>
Dwight and Mike,

3

As we communicated to one of your colleagues last week, we are unavailable on November 1 to proceed with the deposition of Bob Gault and the Gault South Bay Rule 30(b)(6) deposition. And while we were informed this morning that Dwight is available November 5-7, those dates unfortunately do not work for us based on prior commitments. We are available to proceed with the depositions on November 13. We understand that because of the date, you may move the court to reschedule the preliminary injunction hearing, and we have no objection to that as we simply cannot proceed with the depositions any earlier.

Catherine

Catherine A. Miller
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6752
Fax: (312) 360-6595
cmiller@freebornpeters.com

Confidentiality Notice:  This email and its attachments (if any) contain confidential information of the sender which is legally privileged. The
information is intended only for the use by the direct addressees of the original sender of this email.  If you are not an intended recipient of the original sender (or responsible for delivering the message to such person),  you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited.  We do not waive attorney-client or work product privilege by the transmission of this email.  If you have received this email in error, please immediately notify the sender at cmiller@freebornpeters.com and permanently delete any copies of this email (digital or paper) in your possession.

Although we have taken steps to ensure that this email and its attachments (if any) are free from any virus, the recipient should, in keeping with good computing practice, also check this email and any attachments for the presence of viruses.

Freeborn & Peters LLP
http://www.freebornpeters.com


------------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  We do not waive attorney-client or work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a "reliance opinion" as defined in IRS Circular 230 and may not be used to establish reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance opinions only in formal opinion letters containing the signature of a partner.

**EXHIBIT F**

# BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Aaron M. Staser
(317) 229-3139
Email: aaron.staser@btlaw.com

October 30, 2007

*Via Email*

Catherine A. Miller, Esq.
Freeborn & Peters LLP
Suite 3000
311 South Wacker Drive
Chicago, IL  60606
cmiller@freebornpeters.com

      Re:    *DePuy Orthopaedics, Inc. v. Gault South Bay, Inc. et al.*
               <u>Our File No. 265280-765</u>

Dear Catherine:

Please find attached to the email forwarding this letter amended notices for the depositions of Robert Gault ("Gault") and Gault South Bay, Inc. ("GSB") to commence on November 5, 2007 at 9:00 a.m. in San Jose.

I further write in reference to our continuing efforts to schedule these depositions.

Contrary to your assertion that we should have been more diligent in our "attempts to take discovery" and had we "begun the [deposition scheduling] process before last week so that other commitments did not interfere with [defendants' attorneys'] schedules" we would have scheduled the depositions by now, Plaintiffs have been attempting to schedule these depositions since at least September 14, 2007, when we filed our Motion for Expedited Discovery. *See* Dkt. 6. Indeed, we attached to that motion as Exhibits C and D deposition notices for Gault and GSB to take their depositions on September 28, 2007. Despite the Court's Order of September 17, 2007 (Dkt. 12), granting our Motion to Expedite Discovery, which also included requests for production of documents no later than September 24, 2007 (Dkt. 6 at Ex. A), Defendants produced no documents by that date; accordingly, we were forced to continue the depositions scheduled for September 28, 2007.

Because of Defendants' failure to produce any discovery, we filed a Motion to Compel Discovery on September 26, 2007. *See* Dkts. 19 and 20. On October 4, 2007, the Court granted our Motion to Compel and set forth a discovery schedule, generously allowing Defendants more time to respond to written discovery requests than set forth in the Federal Rules of Civil

Catherine A. Miller, Esq.
October 30, 2007
Page 2 of 3

Procedure. *See* Dkt. 29. Despite that extension beyond the time allowed under the Rules, despite that discovery responses were due October 24, 2007, per the Court's Order, and despite that there will be a hearing on Plaintiff's Motion for Preliminary Injunction commencing on November 15, **Defendants have not produced one single document** as of October 30, 2007 at 3:30 p.m.

Acting under the premise that Defendants would comply with the Court's Order and attempt to proceed with discovery with adequate time in advance of the November 15 hearing by producing documents on October 24, we amended the deposition notice with at least respect to GSB to take place on November 1, 2007. We sent this notice by email to your office on October 18, 2007.

Having heard nothing as to the availability of Gault and/or his counsel as to the November 1 deposition, we contacted your office and Mr. Palmer's Office via email on October 22, 2007, to confirm the November 1 deposition date. Defendants' counsel never responded to that email. On October 23, 2007, we placed a telephone call to your office in reference to confirming the deposition date, to which your office responded that the November 1 date was not available.

Subsequently, and through various phone calls and email correspondence, you have refused to accept our proposals to conduct the depositions on any one day during the week of November 5, 2007. We requested an explanation of your specific reasons for Defendants' counsel's inability to attend the depositions during at least one day during the week of November 5, and proposed that if you provided a bona fide reason, we would break our own scheduling commitments (to which we provided a specific explanation) and hold the deposition on November 13 in Indiana. Instead of even arguably addressing this compromise, you responded that "[s]uffice it to say, we have valid and ample reasons for our unavailability." You then reiterated that Defendants remain available to attend the depositions on November 13 in California.

Despite the Court's Order that Defendants be made available for depositions on or before November 14, 2007, it is clear (as we have previously stated) that depositions on November 13 in California are not feasible given the totality of the circumstances. As you know, the preliminary injunction hearing is scheduled for November 15, 2007, in Indiana. It is simply unreasonable to expect Plaintiff's counsel to travel to California two days before that hearing and then attempt to integrate in any meaningful way documents (which Defendants still have not produced) and deposition testimony into our arguments at the hearing after a day of travel and a three hour time change. Simply put, it would be nearly impossible to present our case to the Court in a concise manner under such a rigorous schedule as you propose.

Although you have suggested that you would not be opposed to moving the Court to reschedule the hearing to a later date, it is unreasonable to expect that we would be willing to

BARNES & THORNBURG

Catherine A. Miller, Esq.
October 30, 2007
Page 3 of 3

postpone the preliminary injunction hearing into December or January to accommodate your schedules, especially when we have noticed these depositions as early as September 14, 2007, and since you flatly refuse to provide us with any legitimate reasons as to why Defendants and their counsel cannot attend a one day deposition anytime during the week of November 5; meanwhile, our client continues to be irreparably harmed absent an injunction. Accordingly, we have noticed the depositions pursuant to the Federal Rules of Civil Procedure, and we will proceed to take the depositions on November 5, 2007, in San Jose. If Defendants continue to maintain that they will not produce witnesses on the noticed dates, then it is incumbent upon them to seek a protective order from the Court.

Sincerely,

Aaron M. Staser

cc:    William N. Howard, Esq. (via email w/attachments)
       Robert Palmer, Esq. (via email w/attachments)
       Dwight D. Lueck, Esq. (via email w/attachments)
       Kendall Millard, Esq. (via email w/attachments)
       Michael Anderson, Esq. (via email w/attachments)

INDS02 ASTASER 931831v1

BARNES & THORNBURG

**EXHIBIT G**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-0425-RM |
| | ) | |
| GAULT SOUTH BAY, INC. | ) | |
| and ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF GAULT SOUTH BAY, INC.

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil

Procedure, DePuy Orthopaedics, Inc. will take the deposition by oral examination of Defendant

Gault South Bay, Inc. ("GSB") on November 5, 2007, on the topics attached as Exhibit A at the

offices of Palone & Stromberg, 1550 The Alamadea, Suite 150, San Jose, California 95126.

The deposition will commence at 1:00 p.m. and will continue day to day until completed. The

deposition will be taken before an officer authorized to administer oaths and will be recorded

stenographically and by videotape. You are invited to attend and participate in the deposition.

By: _____
Dwight D. Lueck (14294-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail: dlueck@btlaw.com

Michael Anderson (20770-53)
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, IN 46601-1632
Telephone: (574) 233-1171
Facsimile: (574) 237-1125

Attorneys for Plaintiff,
DePuy Orthopaedics, Inc.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For the purposes of this Deposition, the following definitions and instructions shall apply:

1.    Unless otherwise noted, this deposition seeks information from January 1, 2007 to the present.

2.    "Biomet" means Biomet Inc. and its affiliates, agents, employees, accountants, consultant, and any other representative acting on, or purporting to act on, the behalf of Biomet. The term "Biomet" expressly includes Chris Robbins.

3.    "Defendants" means Defendants Gault South Bay, Inc. and Robert Gault, collectively.

4.    "Gault" means defendant Robert Gault.

5.    "GSB" means defendant Gault South Bay, Inc. and also refers to any affiliates, agents, employees, accountants, consultant, and any other representative acting on, or purporting to act on, the behalf of the defendant Gault South Bay, Inc

6.    "DePuy" means the plaintiff DePuy Orthopaedics, Inc.

7.    "Sales Rep" means a sales representative selling DePuy products, whether as an employee or an independent contractor.

8.    "Distributor" means a Sales Rep who supervises other Sales Reps.

9.    "DePuy employee" means, without limitation, any current or former officer, director, executive, manager, or other person who is or was employed by DePuy, including any Territory General Manager.

10.    "Work" or "working" mean soliciting, servicing, or selling.

- 3 -

11.    "Competitor" means a company engaged in the business of making, distributing, and selling orthopedic implants, instruments, equipment, and/or supplies.

12.    "Document," which includes "electronically stored information" has the same meaning as in Federal Rule of Civil Procedure 34(a), and includes, drawings, graphs, charts, photographs, sound recordings, images, and other date or data compilations stored in any medium from which information can be obtained (*e.g.*, tape, disk, computer, electronic mail (email), phone record, voice mail or other), and includes any and all originals, duplicates, drafts, and all copies bearing notations or marks not found on the original.

13.    "Communication" or "communications" means and includes any transmission, conveyance, or exchange of information, whether by written, oral, electronic, or by other means including, but not limited to, the transmission or exchange of any kind of document or email, as well as face-to-face conversations, meetings, and telephone conversations.

14.    The terms "relating to," "relate to," "concerning," "with respect to," "referring to," and "regarding," mean, without limitation, the following concepts: constituting, estimating, surveying, commenting, projecting, assessing, criticizing, reporting, received from, addressed to, sent to, alluding to, responding to, announcing, explaining, evaluating, discussing, showing, describing, studying, reflecting, analyzing, consulting, or otherwise involving, in whole or in part.

15.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope. The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and the feminine. The terms "and" as well as "or" shall be

construed either disjunctively or conjunctively, as necessary, to bring within the scope of the requests all responses that might otherwise be construed to be outside the scope. The term "All", as in "All documents" means any, each and every.

16.     The deposition topics incorporate by reference all applicable terms and definitions provided in the Federal Rules of Civil Procedure and any applicable local rules of court.

## TOPICS

1.  The incorporation of GSB.

2.  The corporate status of GSB from incorporation through the present.

3.  All assets of GSB from incorporation through the present.

4.  The identity of any bank accounts held in GSB's name from incorporation through the present.

5.  Any sale or transfer of assets by GSB from incorporation through the present.

6.  The identity of all stockholders of GSB from incorporation through the present

7.  The identity of all officers of GSB from incorporation through the present.

8.  All board of directors or other official corporate meetings of GSB from incorporation through the present.

9.  The identity of any minutes or other corporate record of GSB's activities from incorporation through the present.

10. Payments received by GSB for services rendered by GSB or on behalf of GSB from incorporation through the present.

11. The employees and/or independent contractors of GSB from incorporation through the present.

- 6 -

12.   Compensation paid to officers, employees or agents of GSB from incorporation through the present.

13.   All audits of GSB from incorporation through the present.

14.   All other names under which GSB has done business from incorporation through the present.

15.   The relationship, if any, between GSB and DePuy Central California.

16.   All communications, correspondence, meetings and interviews between GSB and any DePuy employee, including any DePuy Territory General Manager, from incorporation through the present.

17.   All communications, correspondence, meetings and interviews between Defendants and any DePuy employee or independent contractor, and any DePuy Territory General Manager, Distributor or Sales Rep.

18.   The negotiation and terms of any contracts or agreements between Biomet and Defendants.

19.   Any indemnifications or agreements to pay the legal fees of GSB sought from Biomet or received from Biomet.

20.   All business activities of GSB, its officer and/or agents, since June 1, 2007.

21.   All work done or anticipated to be done by Defendants on behalf of or for the benefit of Biomet, including but not limited to job description, work responsibilities, territories, and customers.

- 7 -

22.    All information concerning DePuy communicated or disseminated by Defendants directly or indirectly to Biomet, including but not limited to information about (i) DePuy customers; (ii) DePuy employees or independent contractors, including Territory General Managers, Distributors and Sales Reps, (iii) any information about such employees' or independent contractors' compensation, performance, territories, customers, contact information or willingness to leave DePuy or relocate, and (iv) any other non-public information about DePuy.

23.    The identity and contents of all documents communicated or disseminated by Defendants directly or indirectly to Biomet.

24.    Communications between Defendants and nurses, doctors, representatives, agents, employees, independent contractors, or other individuals otherwise affiliated with the following California medical entities since June 1, 2007:

    a.    Advanced Surgery Center (San Jose)

    b.    Bascom Surgery Center (Campbell)

    c.    Camino Medical Group (Santa Clara)

    d.    Community Los Gatos (Los Gatos)

    e.    El Camino Hospital (Mt. View)

    f.    El Camino Surgery Center (Mt. View)

    g.    Forest Surgery Center (San Jose)

    h.    Good Samaritan (San Jose)

    i.    Harold Chope Community Hospital (San Mateo)

    j.    Menlo Park Surgical Center (Menlo Park)

    k.    O'Connor (San Jose)

- 8 -

l.   Palo Alto Surgical Center (Palo Alto)

m.  Regional Medical Center San Jose (San Jose)

n.   San Jose Market Consolidation Distribution Center (San Jose)

o.   Sequoia Hospital (Redwood City)

p.   Silicon Valley Surgical Center (San Jose)

q.   Stanford (Palo Alto)

r.   VA Palo Alto (Palo Alto)

s.   Valley Medical Center (San Jose)

t.   Waverly Medical Center (Palo Alto)

25.   Any and all documents and/or information generated by DePuy or received by DePuy
and currently in the possession, custody or control of GSB or any or its employees or
agents.

26.   Any and all documents and/or information regarding the accounts listed in Topic 24 or
any doctor or surgeon conducting procedures in those accounts.

27.   Any and all communications between officers or agents of GSB and sales representatives
of the company concerning GSB's consideration of representing the products of a
company other than DePuy.

28.   Any and all communications between officers or agents of GSB and sales representatives
of the company concerning potential litigation to be brought against DePuy or that may
be brought by DePuy.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was served this

30th day of October, 2007, by email and United States mail, postage prepaid, on the following:

> Robert J. Palmer
> MAY OBERFELL LORBER
> 4100 Edison Lakes Parkway, Suite 100
> Mishawaka, Indiana 46545

> William N. Howard
> FREEBORN & PETERS LLP
> 311 South Wacker Drive, Suite 3000
> Chicago, Illinois 60606

_____
Aaron M. Staser

INDS02 ASTASER 928264v3

**EXHIBIT H**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-0425-RM |
| | ) | |
| GAULT SOUTH BAY, INC. | ) | |
| and ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED NOTICE OF DEPOSITION
## OF ROBERT GAULT

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil

Procedure, Plaintiff DePuy Orthopaedics, Inc. will take the deposition by oral examination of

Robert Gault on November 5, 2007, at the offices of Palone & Stromberg, 1550 The Alamadea,

Suite 150, San Jose, California 95126. The deposition will commence at 9:00 a.m. and will

continue day to day until completed. The deposition will be taken before an officer authorized to

administer oaths and will be recorded stenographically and by videotape. You are invited to

attend and participate in the deposition.

By:    _____
Dwight D. Lueck
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail: dlueck@btlaw.com

Michael Anderson
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, IN 46601-1632
Telephone: (574) 233-1171
Facsimile: (574) 237-1125
E-mail: jfullenkamp@btlaw.com

*Attorneys for Plaintiff,*
*DePuy Orthopaedics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was served this

30th day of October, 2007, by email and United States mail, postage prepaid, on the following:

        Robert J. Palmer
        MAY OBERFELL LORBER
        4100 Edison Lakes Parkway, Suite 100
        Mishawaka, Indiana 46545

        William N. Howard
        FREEBORN & PETERS LLP
        311 South Wacker Drive, Suite 3000
        Chicago, Illinois 60606

                                Aaron M. Staser

INDS02 ASTASER 920108v2

- 3 -

**EXHIBIT I**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:07 CV 0425 RM |
| | ) | |
| GAULT SOUTH BAY, INC. and | ) | |
| ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF WILLIAM N. HOWARD

I, William N. Howard, declare as follows:

1.    I am over the age of eighteen and competent to testify as to the matters set forth herein which are based on my personal knowledge.

2.    I am an attorney licensed to practice in the State of Illinois, and I am one of the attorneys representing Defendants Gault South Bay, Inc. and Robert Gault, in the above-captioned matter.

3.    I am unavailable to proceed with the depositions of Gault South Bay, Inc. or Robert Gault on November 5-6 or November 8-9 due to other professional obligations and a charitable obligation for which I am the Co-Chair and cannot change.  During the week of November 6, I am finalizing and coordinating the details for an annual March of Dimes charity event for 600 guests in Chicago which has been scheduled for a year and for which I have oversight responsibilities.

4.    I am available to proceed with the depositions of Gault South Bay, Inc. and Robert Gault on November 13, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

William N. Howard

Executed on October 31, 2007

**EXHIBIT J**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07 CV 0425 RM |
| | ) | |
| GAULT SOUTH BAY, INC. and | ) | |
| ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF TORY GRIFFIN

I, Tory Griffin, declare as follows:

1.    I am over the age of eighteen and competent to testify as to the matters set forth herein which are based on my personal knowledge.

2.    I am an attorney licensed to practice in the State of California, and I am the lead attorney representing Defendants Gault South Bay, Inc. ("GSB") and Robert Gault ("Gault"), in their lawsuit against DePuy Orthopaedics, Inc. ("DePuy"), currently pending in the Northern District of California.

3.    I was informed by Freeborn & Peters LLP that pursuant to the October 4, 2007 Order of this Court, all discovery in this case will be applicable to the lawsuit filed by GSB and Gault against DePuy in the Northern District of California. Based on this ruling, I believe my presence is required at the depositions in this case.

4.    Freeborn & Peters LLP has kept me apprised of discussions with counsel for Plaintiff regarding the scheduling of the depositions of GSB and Gault. I have reviewed some of the emails from Aaron Staser regarding depositions proceeding on either November 5-6 or

887503.1

November 8-9, and my schedule does not permit me to attend the depositions of GSB and Gault on those dates.

5.    On November 5-6, I am scheduled to be out of the State of California taking depositions in another case. These depositions have already been rescheduled on two separate occasions, and cannot be rescheduled again.

6.    My wife will be out-of-town on business November 7-9, and I am charged with caring for my three children (ages 7 years, 5 years, 9 months), and am unable to travel away from the Sacramento, California area on those dates. Additionally, on November 8, I have a court hearing at which my presence is required, and on November 9 have a deposition in another matter.

7.    I am available to attend the depositions of GSB and Gault in or near San Jose, California on November 13, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Tory Griffin

Executed on October 31, 2007

887503.1

| | |
|---|---|
| **From:** | Edelson, Rebecca |
| **Sent:** | Thursday, November 01, 2007 11:28 AM |
| **To:** | Cole, Janna |
| **Subject:** | FW: Activity in Case 3:07-cv-00425-RLM-CAN DePuy Orthopaedics Inc v. Gault South Bay Inc et al Motion to Quash |

Can you access and email a PDF of all to Case_Gault.
thx.

---

**From:** CMECFinnd@innd.uscourts.gov [mailto:CMECFinnd@innd.uscourts.gov]
**Sent:** Thursday, November 01, 2007 11:27 AM
**To:** CMECFinnd@innd.uscourts.gov
**Subject:** Activity in Case 3:07-cv-00425-RLM-CAN DePuy Orthopaedics Inc v. Gault South Bay Inc et al Motion to Quash

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court Northern District of Indiana [LIVE]

### USDC Northern Indiana

## Notice of Electronic Filing

The following transaction was entered by Palmer, Robert on 11/1/2007 at 2:26 PM EST and filed on 11/1/2007
**Case Name:**        DePuy Orthopaedics Inc v. Gault South Bay Inc et al
**Case Number:**      3:07-cv-425
**Filer:**                  Gault South Bay Inc
                              Robert Gault
**Document Number:** 41

**Docket Text:**
MOTION to Quash *Amended Deposition Notices to Gault South Bay, Inc. and Robert Gault* by Defendants Gault South Bay Inc, Robert Gault. (Attachments: # (1) # (2) # (3) # (4) # (5) # (6) # (7) # (8) # (9) # (10))(Palmer, Robert)

**3:07-cv-425 Notice has been electronically mailed to:**

D Michael Anderson    mike.anderson@btlaw.com

William N Howard PHV    whoward@freebornpeters.com, dorourke@freebornpeters.com

Dwight D Lueck    Dwight.Lueck@btlaw.com, cstamas@btlaw.com, cwitten@btlaw.com

Kendall Millard    kmillard@btlaw.com, cstamas@btlaw.com, jcole@steptoe.com, lroberts@btlaw.com, redelson@steptoe.com

Robert J Palmer    rpalmer@maylorber.com

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-0]
[c55d3f668ec89a5a593c6cab87180dc1901783e75c66de0da2d097afbac229e75c73
01c6441ccc08edf982dda33ee9676ce4d82a9acb859665f90f29313d6906]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-1]
[186bf6321566c89d1c1be75c092687cce72373b7cbc58955ff5c5e4aaf30cc793918
c016ff72c25af4851bf450d2bba2e8e37c27676fa357a46274e5e285132a]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-2]
[1ad685e84d2191094a6ea0d5399309e7ed05fbfb44d383714d5ce435bb39b071170d
09540f52175b9e3143b856a0afac3bfc12ad222947a299cc7e97715aa9e0]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-3]
[3f34be3651752724743ca7481d5a182efd99dea9d240167664fe458c6934b75ec8ca
1ec3bf9bde5b351bb89cc86ee6d5db1e9e2e401e340ee0921e6b921300ef]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-4]
[41fbf4f93a6bf3dcb518713b5be04753c81635da30ee7e9470e583e3513f335829d1
0e3dd4b8afeea7e80fad60e2c58eda02246aad20fb7e349b9928fdbbaf3e]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-5]
[438eee02155f2189753c7d4e794d1e98fd8ded281f592a3a010f98dc472fb40050c9
c66854b1798bfc76e1bb5ccffca921fe205501a295b941fa2176d8f3b108]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-6]
[9df354e5831527c5d96817952c2f929ad808ec904d41c1fa6a0ce0d16457b0f3e104
7b942758917ec736647a016fa45e6e8fc2a4984f349273955a29fd9d001d]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-7]
[62af240b8213a38701b75b4e191ecb21d829e38fb2025c20d6ed6a04c9c172079dda
bb2e0f52eb66d5c7d973278e26c49b958a14f53aa3f0acf02dd532dbece8]]

**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-8]

**Document description:**

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-9]
[6ed2aff09a5301ed4a71460244f712ec615dc7e57db3b26137211590c92088f83884
18c9d429843dd1946abc02946f0825a80c9e9734ccefaf42319c46a5de08]]

**Document description:**

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1047496160 [Date=11/1/2007] [FileNumber=932103-10
] [9139e42c765b324d475d8b1b2b1047dc5992e8c1d6708e24e3aeb555f913f1da83a
593c5c3546c80648e38081a85d4ecf51528d0bf4a62753d7785c65a57addf]]

11/1/2007