**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-0425-RM |
| | ) | |
| GAULT SOUTH BAY, INC. | ) | |
| and ROBERT GAULT, | ) | |
| | ) | |
| Defendants. | ) | |

## DEPUY'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH AMENDED DEPOSITION NOTICES TO GAULT SOUTH BAY, INC. AND ROBERT GAULT

### I. INTRODUCTION.

Defendants represent to the Court that Plaintiff DePuy Orthopaedics, Inc. ("DePuy") "made no good faith effort to schedule the depositions" in violation of L.R. 30.1. DePuy submits that the Defendants violated the Rule. Defendants emphatically informed DePuy that they were not available for the depositions during any one day the week of November 5, 2007; meanwhile, Defendants' sworn testimony submitted with their motion indicates that, indeed, they are available during this time. Furthermore, DePuy attempted a compromise by offering to break its own scheduling commitments and conduct the depositions on the only day that Defendants are *purportedly* available, November 13, 2007, just two days before the preliminary injunction hearing. Defendants refused to so much as even *address* this offer while ardently maintaining that the deposition can take place at a single time and place.

Moreover, Defendants' stonewalling efforts with respect to scheduling depositions, and their belated, deficient document production illustrates their concerted effort to delay DePuy's opportunity to seek a preliminary injunction against Defendants. Meanwhile, Defendants

continue to flout the Agreement and irreparably harm DePuy by stealing DePuy customers for Biomet.

DePuy remains willing to conduct the deposition on any one day during the week of November 5, and the Defendants are available.

## II. RELEVANT PROCEDURAL HISTORY AND FACTS.

### A. The Court's Order for *Expedited* Discovery:

At the same time as DePuy filed the Complaint on September 11, 2007, DePuy also filed a motion for preliminary injunction. *See* Dkt. 3. Just three days later, on September 14 DePuy filed a Motion for Expedited Discovery (Dkt. 6), which commenced what has proven to be a very long and difficult road to obtain any discovery from Defendants.

The Court's Order of September 17 (Dkt. 12) granted DePuy's Motion for Expedited Discovery, which included written discovery requests calling for the production of documents no later than September 24, and making the Defendants available for depositions no later than October 1. *See* Dkt. 6 at ¶¶ 6-9. Accordingly, DePuy noticed Defendants' depositions for September 28, 2007. *Id.* at Ex. D. Defendants *never* responded to that deposition notice.

Defendants ignored the Court's Order. September 24 passed with no word, let alone document production, from Defendants. Accordingly, DePuy was forced to continue the depositions noticed for September 28. *See* Ex. A.

In addition to forcing DePuy to delay its deposition of Defendants, Defendants' failure to produce any discovery warranted DePuy to file its Motion to Compel Discovery on September 26. *See* Dkts. 19 and 20. On October 4, 2007, the Court granted DePuy's Motion to Compel Discovery and altered the previous discovery schedule, generously allowing Defendants to respond to written discovery requests on or before October 24 and allowing Defendants until November 14 to be made available for their depositions. *See* Dkt. 29.

**B. The Amended Deposition Notice:**

On October 18, 2007, DePuy amended its deposition notices for November 1 to take place, as a courtesy to Defendants, in San Jose, California, Defendants' hometown. As with the originally noticed September 28 date that DePuy had to unilaterally continue without any input whatsoever from Defendants (except for their violation of the Court's September 17 Order (Dkt. 6) by failing to respond to written discovery), Defendants *again* made no attempt to notify DePuy as to their unavailability on November 1, 2007. *See* Def. Mtn (Dkt. 41) at 2. Instead, as Defendants admit, it was *DePuy* who contacted Defendants on October 22 and 23 to attempt to confirm that deposition, which, upon DePuy's prodding, November 1 was purported to be unavailable. *Id*; *see also id.* at Ex. D.

Through various phone calls and email correspondence, Defendants refused to be available for their depositions on **any one day during the week** of November 5, 2007 in San Jose. Def. Mtn at 3 and at Exs. C ("Miller Decl.") at ¶¶ 7-9; E, and F. Defendants insisted that the only date available was November 13, 2007. *Id.*

DePuy repeatedly informed Defendants that the November 13 date was not feasible because it was too close to the November 15 hearing to allow for DePuy to present a concise case to the Court.[1] Def. Mtn. at Ex. F at 2. DePuy also informed Defendants that postponing the hearing based on such belated depositions was unacceptable because, absent an injunction against Defendants, DePuy continued to be irreparably harmed. Def. Mtn. at Ex. E at 3, ¶ 1; Ex. F at 3.

---

[1] Mr. Lueck, counsel for DePuy, also informed Defendants that this date was not acceptable because of a standing commitment to give a presentation at a CLE conference in Indiana.

### C. DePuy's Proposed Compromise:

DePuy then attempted to effect a compromise: DePuy offered to break its conflicts[2] and conduct the depositions on November 13 *in Indiana* in either South Bend or Indianapolis (Defendants could choose) if Defendants were willing to offer bona fide reasons as to their purported unavailability during the week of November 5. Def. Mtn. at Ex. E at 1.    DePuy specifically noted that Robert Gault (who will be the deponent for the depositions) will be required, via subpoena, to be in Indiana on November 15 for the hearing regardless.    *Id.*    DePuy also noted that this deposition date would allow the parties to adequately prepare for the hearing by eliminating two cross-country flights and an additional three hour loss of time due to the time zone change. *Id.*

Instead of presenting a good faith effort to address DePuy's proposed compromise, Defendants responded that "[s]uffice it to say, we have valid and ample reasons for our unavailability."    Def. Mtn. at Ex. E at 1. Defendants reiterated their uncompromised position that the depositions could only proceed on November 13 in California.    *Id.*    Acutely aware that Defendants were not engaging in good faith scheduling efforts, and because Defendants still refused to offer a bona fide reason as to deposition unavailability *and* had not yet produced one single document in this case, on October 30, DePuy served amended deposition notices for November 5, 2007. *See* Def. Mtn at Ex. F at 2. Defendants then filed this motion.

### D. Defendants' Belated, Deficient Document Production.

Despite that the Court ordered *expedited* discovery within less than a week after this action commenced on September 11, 2007, despite that the Court, upon granting DePuy's Motion to Compel for Defendants' blatant disregard of the Court's Order as to expedited

---

[2] Subsumed in this compromise, Mr. Lueck was prepared to break his CLE commitment in order to take the depositions in either South Bend or Indianapolis. *See* Def. Mtn. at Ex. F at 2.

discovery, despite the Court's generous extension beyond the time allowed under the Rules, despite that discovery responses were due October 24, 2007, per the Court's Order, and despite that there will be a hearing on Plaintiff's Motion for Preliminary Injunction commencing on November 15, **Defendants did not produced one single document until October 31, 2007.**

The sum of Defendants' document production, which arrived a full week after a full week after the deadline set by the Court for providing discovery responses (Dkt. 29), contained a total of 51 pages in response to 41 document requests and 11 interrogatories. *See* Ex. B. Moreover, one-third of that production is comprised of documents that Defendants knew were already in DePuy's possession because they are documents that originally came from DePuy. *Id.* Thus, Defendants produced a **total** of **34 pages** of documents that could potentially even be characterized as "discovery" to DePuy. Furthermore, despite DePuy's comprehensive document requests pertaining to Defendants' affiliations and communications with Biomet, Inc. ("Biomet") and the centrality of that affiliation to DePuy's contentions, Defendants have produced only one document (Gault0001) that so much as even mentions "Biomet." *Id.*

## III.    IT IS DEFENDANTS, NOT DePUY, THAT VIOLATED LOCAL RULE 30.1.

DePuy agrees that L.R. 30.1 requires the parties to make a good faith effort to schedule depositions and that a deposition shall not be scheduled on less than 14 days notice. DePuy complied with both aspects of this Rule; Defendants did not.

### A. DePuy noticed these depositions more than *seven weeks* in advance of the proposed November 5, 2007, deposition date.

Defendants' argument that DePuy violated the 14-day rule cannot be sincere.[3] DePuy first noticed these depositions as early as **September 14** when DePuy filed its Motion to

---

[3] Defendants are quick to accuse DePuy of violating local rules; however, it is Defendants that violated L.R. 37.1 by failing to file a separate certificate reciting efforts they made to resolve this without court

Expedite Discovery, which the Court granted. *See* Dkts. 6 and 12. DePuy then continued the depositions due to Defendants' failure to respond to the deposition notices and failure produce documents as required by the Court. Ex. A.. Even DePuy's first *amended* notice, which was served October 18, and was a *continuation* of the *original* depositions, was in compliance with the 14-day as to both November 1 (as set forth in that amended notice) and as to November 5 (as set forth in the second amended notices). Def. Mtn. at Ex. B. Under Defendants' reading of the 14-day rule, even if DePuy agreed to the November 13 date in San Jose and sent out an amended notice today, Defendants could move to quash for failure to abide the 14-day rule. Certainly the 14-day rule applies to when the depositions are originally noticed.[4]

The upshot is, DePuy is seeking to take depositions that it noticed more than seven weeks in advance of the latest tendered deposition date. In that seven week time period, Defendants have proposed a single date and location for taking that deposition: November 13 in San Jose.

### B. Defendants' representations to DePuy regarding their unavailability during the week of November 5 are inaccurate.

Defendants have repeatedly asserted that they are unavailable during the week of November 5, but refused to offer specific reasons upon inquiry. *See supra* at 3-4, Def. Mtn. at Ex. E at 1; *see also* Miller Decl. at ¶¶ 7-9 (sworn testimony that Ms. Miller communicated unavailability of counsel for all days of week of November 5). However, Defendants' counsel's sworn testimony indicates otherwise. First, Mr. Howard, Defendants' lead counsel, states he is unavailable the 5-6 and 8-9 of November. Def. Mtn. at Ex. I ("Howard Decl.") at ¶ 3. Therefore during the scheduling discussions, when Defendants consistently represented they were not

---

intervention. Under the Local Rule, the court may deny the motion based solely on this fact. *See, e.g. Lopez v. Patrick*, Case No. 2:05 cv 452, 2007 WL 2323112 (N.D. Ind. Aug. 7, 2007.)

[4] As mentioned above, even calculating time from when DePuy served the first amended notice in the wake of the Court's Order compelling discovery (Dkt. 29), DePuy satisfies the 14-day rule.

available for any one day during the week of November 5, **Mr. Howard was (and appears to still be) available November 7.** *Id.* It is not good faith to inform Defendants they are not available during any one day during the entire week of November 5 when their lead counsel is, in fact, available. *See, e.g.,* Miller Decl. at ¶¶ 7-9 ("I...told them that we were also unavailable on November 5-7"; "I had already stated we were unavailable" November 8-9.); Def,. Mtn. at Ex. E at 1-3; Def. Mtn at Ex. F. at 2.

Moreover, DePuy specifically inquired as to the availability of Defendants' remaining attorneys involved in this case during any one day of the week of November 5. Def. Mtn. Ex. E. at 3. Such attorneys include Ms. Miller, a partner at Freeborn & Peters, and Mr. Robert Palmer. *Id.* However, contrary to Ms. Miller's statements made to Mr. Staser as expounded in Ms. Miller's sworn testimony, **Ms. Miller apparently is available from November 6-9 of that week.** Miller Decl. at ¶ 10 (asserting unavailability on November 5, but silent as to remainder of the week of November 5). Additionally, Defendants submitted no affidavit and presented no evidence concerning the unavailability of Mr. Palmer during this time period.    Mr. Palmer appears to be available during the week of November 5.

DePuy submits that Mr. Howard, Ms. Miller, or Mr. Palmer (all of whom are apparently available at least one day during the week of November 5) alone can adequately represent Defendants at their depositions. However, to the extent Mr. Griffin is *required*[5] to attend the depositions, it seems he could have agreed to attend on November 7, 8, or 9 as well. His excuse is that he will be in charge of his children alone. Def. Mtn. at Ex. J at ¶ 6. Certainly, a single-

---

[5] It is unclear what rule *requires* Mr. Griffin's attendance at *any* deposition; moreover, Defendants' motion is the first mention of Mr. Griffin's need to attend the depositions, let alone first indication to DePuy that he had a scheduling conflict so insurmountable that it would preclude the deposition during the week of November 5. *See* Def. Mtn at C, D, E, and F (no mention of Mr. Griffin's schedule).

parent attorney has taken a deposition at a location less than two hours from home many times in the past, as many parents have left town, even over night (which would not be required for Mr. Griffin), with their children in the care of another. Mr. Griffin has the resources to procure a baby-sitter for one day in the Sacramento area with more than a week's notice.

Finally, Defendants provide absolutely no reason why Mr. Gault cannot be available for the depositions during the week of November 5. Defendants merely contend that "it does not follow that Gault can appear at a moment's notice." Def. Mtn. at 6. Mr. Gault has been on notice of an early November deposition since at least October 22, and Defendants have offered no reason why he cannot be available during any one day during the week of November 5.

DePuy remains willing to conduct those depositions on any one day of the week of November 5. Contrary to Defendants' bad faith scheduling efforts, they are available as well.

### C. Defendants failed to even consider DePuy's compromise to conduct the deposition on the date selected by Defendants.

When DePuy originally noticed the depositions for September 28, Defendants did not even extend the courtesy to check their schedules and indicate whether or not this date would work.. Instead, Defendants remained silent as the discovery deadline passed without compliance. *See supra* at 2. DePuy extended courtesy to Defendants by faxing a letter on September 27 to Defendants giving notice that the depositions would have to be continued. *See* Ex. A. Having heard nothing from Defendants in response to a properly noticed deposition, DePuy could have followed through with the deposition arrangements and, pursuant to Rule 37(d), sought sanctions for Defendants' failure to appear. DePuy, however, did not do that. *Id.*

Defendants remained silent yet again when DePuy served the amended notices on October 18. If Defendants truly had a conflict on November 1, as noticed, and further knew that they would be unavailable the *entirety* of the following week, they should have immediately

contacted DePuy to so indicate. Defendants, however, did not extend such courtesy. Instead, they sat idly by until *DePuy* contact them to confirm that date, to which they indicated a conflict. Def. Mtn. at Ex. D.

Despite that depositions have been noticed since September and that DePuy has proposed to take the deposition on any one day on September 28, November 1, November 5, 6, 7, 8, 9, or even November 13 in Indiana, **November 13 (in California) is the only date that has ever been advanced by Defendants**. *See* Def. Mtn. (in its entirety, including exhibits). Certainly, remaining steadfast as to only one date at one location is not a good faith effort to schedule a deposition.

Defendants' total failure to even entertain DePuy's proposed November 13 Indiana compromise conclusively establishes that Defendants have made no good faith effort to schedule this deposition per L.R. 30.1. *See supra* at 4. Defendants offer no reason to conduct the deposition in California except that DePuy "chose the location of the deposition as San Jose California."[6] Def. Mtn. at 2. DePuy noticed this deposition in California as a courtesy to Defendants. As originally noticed, the depositions were to occur in Indiana. *See* Dkt. 6 at Exs. C and D. Defendants never objected to conducting the depositions in Indiana, until now when they believe it will force Defendants to postpone the injunction hearing. DePuy set out the many advantages (to both parties) of conducting the deposition in Indiana. *See supra* at 4. Instead of even considering the merits of this good faith attempt to compromise, Defendants flatly refused to offer their reasons for unavailability as to the week of November 5, and insisted that the only date available was November 13 in San Jose. It is clear that Defendants are making every effort

---

[6] Going by this logic, then Defendant would have felt obligated to have conducted the depositions on November 1 because that is the date that DePuy chose. Such inconsistency illustrates Defendants' lack of good faith.

to stall this case, as evident by their failure to even entertain compromise and their dilatory discovery practices. *See supra* at 4-5 ("Defendants' Belated, Deficient Document Production").

**IV. CONCLUSION.**

For each of the reasons set forth above, Gault's Motion to Quash Amended Deposition Notices should be denied and Defendants should be compelled to make Defendants available for their depositions during any one day during the week of November 5, 2007.

Dated: November 2, 2007

By:    /s/ D. Michael Anderson
      Dwight D. Lueck (14294-49)
      Kendall Millard (25430-49)
      BARNES & THORNBURG LLP
      11 South Meridian Street
      Indianapolis, IN 46204
      Telephone: (317) 236-1313
      Facsimile: (317) 231-7433
      E-mail: dlueck@btlaw.com
            kmillard@btlaw.com

      D. Michael Anderson (20770-53)
      BARNES & THORNBURG LLP
      600 1st Source Bank Center
      100 North Michigan
      South Bend, IN 46601-1632
      Telephone: (574) 233-1171
      Facsimile: (574) 237-1125
      E-mail: manderso@btlaw.com

      *Attorneys for Plaintiff,*
      *DePuy Orthopaedics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system on September 28, 2007. Parties may access this filing through the Court's system.:

Robert J. Palmer
MAY OBERFELL LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, Indiana 46545
E-mail: rpalmer@maylorber.com

William N. Howard
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
E-mail: whoward@freebornpeters.com

/s/ D. Michael Anderson

SBDS01 DMA 270803v1

# BARNES & THORNBURG LLP

Dwight D. Lueck
(317) 231-7713
dlueck@btlaw.com

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

September 27, 2007

*Via Facsimile*

Robert J. Palmer, Esq.
MAY OBERFELL LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, Indiana 46545

> RE:    DePuy Orthopaedics, s/v Gault
> Our File No. 265280-765

Dear Bob:

As you know, plaintiff DePuy Orthopaedics, Inc. ("DePuy") has noticed the deposition for Mr. Gault and Gault South Bay for Friday, September 28, 2007. In light of defendants' refusal to produce the documents which were to be produced on Monday, September 24, we are not in a position to proceed with the depositions as noticed. We will contact you regarding rescheduling the depositions as soon as the Court has granted our motion to compel discovery filed yesterday.

Very truly yours,

Dwight D. Lueck

DDL:cew
Enclosures
cc:    Michael Anderson, Esq. (via email)

Elkhart    Fort Wayne    Grand Rapids    Indianapolis    South Bend    Washington, D.C.

Robert J. Palmer
September 27, 2007
Page 2


bcc:     Catherine W. Smith, Esq.
         Mark T. Piazza, Esq.
         Rebecca Edelson, Esq.
         Kendall H. Millard, Esq.
         Aaron M. Staser, Esq.

INDS02 DDL 924155v1

BARNES & THORNBURG LLP

# BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Aaron M. Staser
(317) 229-3139
Email: aaron.staser@btlaw.com

November 1, 2007

*Via Email*

Catherine A. Miller, Esq.
Freeborn & Peters LLP
Suite 3000
311 South Wacker Drive
Chicago, IL  60606
cmiller@freebornpeters.com

> Re:  *DePuy Orthopaedics, Inc. v. Gault South Bay, Inc. et al.*
> <u>Our File No. 265280-765</u>

Dear Catherine:

I write in reference to Defendants' written responses and document production in response to DePuy's First and Second Requests for the Production of Documents and Things to Defendants and Plaintiff's First Set of Interrogatories to Defendants.  These responses are clearly deficient.

As a preliminary matter, I note that the document production delivered to our office yesterday on October 31, 2007, a full week after the deadline set by the Court for providing discovery responses (Dkt. 29), contained a total of 51 pages (GSB0001-0043 and Gault0001-0008) in response to 41 document requests and 11 interrogatories.  Moreover, one-third of that production (GSB0001-0017) is comprised of documents that you already know to be in our possession because they are documents that originally came from DePuy.  Thus, you produced a total of 34 pages of documents that could potentially even be characterized as "discovery" to DePuy.

Even more striking, and despite Plaintiff's comprehensive document requests pertaining to Defendants' affiliations and communications with Biomet, Inc. ("Biomet")[1], you produced only one document (Gault0001) that so much as even mentions "Biomet" or Comprehensive Surgical Services, the Biomet distributor for which Mr. Gault, as stated in his second declaration, is now employed.  As you are well aware, Defendants' communications and other affiliations with Biomet and Biomet's products are of the utmost relevance to Plaintiff's contentions and

---

[1] Plaintiff's document requests specifically defined Biomet to mean "Biomet Inc. and its affiliates, agents, employees, accountants, consultant, and any other representative acting on, or purporting to act on, the behalf of Biomet" and to "expressly include[ ] Chris Robbins."

Catherine A. Miller, Esq.
November 1, 2007
Page 2 of 4

bases for seeking injunction relief.  As you are further aware, a hearing for preliminary injunctive relief is scheduled for November 15, 2007, and Defendants' depositions are noticed to take place in advance of that hearing on November 5, 2007.  Given the proximity of your belated, deficient production to those crucial events and the centrality of Defendants' relationship with Biomet as to Plaintiff's contentions in this case, this is a clear attempt to stall this case.  Meanwhile, DePuy continues to be irreparably harmed absent an injunction against Defendants.

With respect to Plaintiff's particular written discovery requests, I reference the following:

### Interrogatories.

Interrogatory No. 4.  Gault's reasoning "that the information sought in this interrogatory is better suited to a deposition" as a basis for not providing an answer to this interrogatory, which bears directly on the Biomet issue identified above, is not a legitimate reason for not responding to an Interrogatory.[2]  We are entitled to choose which discovery tool as we see fit to elicit information in accordance with the Rules.  Accordingly, please provide an answer to this Interrogatory and produce all documents considered or relied upon in providing that response per Document Request (First Request) No. 32.

Interrogatory No. 5.  Again, Defendants have refused to answer this interrogatory even though it seeks highly relevant information concerning Defendants' affiliation with Biomet (and Biomet products).  First, Gault's objection that "the subject of the communications sought is not limited in any way" is wrong.  Indeed, the requested communications are specifically limited to the subject of the purchase or sale of Biomet products since June 1, 2007.  Second, to the extent "it is literally impossible" to respond by providing all communications, such an objection certainly does not entitle Defendants from providing *any* of the requested communications.  Accordingly, please provide an answer to this Interrogatory and produce any supporting documentation.

Interrogatories Nos. 9 and 10.  Similar to Interrogatory No. 5, Gault's objection that "the scope and subject of the communications sought is not limited in any way" is wrong.  Indeed, the requested communications are specifically limited to personnel associated with the accounts listed in Interrogatories Nos. 6 and 10 since July 1, 2007.  Second, to the extent "it is literally impossible" to respond by providing all communications, such an objection certainly does not entitle Defendants from providing *any* of the requested communications.  Accordingly, please provide an answer to these interrogatories and produce any supporting documentation.

---

[2] Your suggestion that we seek this information in a deposition is particularly ironic considering that you have refused to make Defendants available for their depositions until November 13, 2007 (in California), which is virtually the eve of the preliminary injunction hearing.

BARNES & THORNBURG

Catherine A. Miller, Esq.
November 1, 2007
Page 3 of 4

Interrogatory No. 11. Whether or not Biomet has agreed to indemnify Defendants is highly relevant to the Court's consideration of issuing an injunction upon balancing the equities between the parties. Certainly, there is less harm as between parties to a defendant in an injunction proceeding whose legal expenses are being indemnified by a large corporation. Accordingly, please provide an answer to these interrogatories and produce any supporting documentation.

### First Set of Document Requests

Document Request Nos. 9, 10, 15, 16, 17, and 25. Defendants have agreed to produce these documents; however, these documents do not appear to be a part of the production record thus far. While an agreed motion for a protective order was filed with the Court today, the written discovery responses do not identify withholding production of these responsive and highly relevant documents for confidentiality reasons or subject to the entry of a protective order; therefore, we expect immediate production of these documents.[3] Furthermore, we expect Defendants to produce any agreements, draft agreements, proposals, or communications relating to Gault and Comprehensive Surgical Services as they relate to providing services as to Biomet products. This entity falls within the definition of "Biomet" as provided in the Plaintiff's document requests.

### Second Set of Document Requests

Document Request Nos. 4 and 5. For the reasons set forth in the above correspondence as to First Set of Document Request Nos. 9, 10, 15, 16, 17, and 25, please immediately produce responsive documents. These requests seek documents that are highly relevant to Plaintiff's contentions.

Document Request Nos. 7, 8, and 9. These requests are reasonably calculated to lead to the discovery of admissible evidence. Namely, the retention agreements between Defendants and their attorneys might indicate whether or not Biomet has agreed to indemnify Defendants for their legal expenses in connection with DePuy's action for injunctive relief, which is highly relevant to the Court's consideration of issuing an injunction upon balancing the equities between the parties. Accordingly, please produce documents responsive to these requests.

In light of the impending depositions and upcoming hearing, please indicate by 1:00 p.m. tomorrow whether or not you will provide interrogatory answers and produce documents in accordance with the above correspondence. In order to conduct the depositions on November 5,

---

[3] Defendant Gault's answer to Document Request No. 6 (Second Request) specifically objects to production based on confidentiality; however, once the Court approves the stipulated protective order filed today, we expect immediate production of documents responsive to this request.

BARNES & THORNBURG

Catherine A. Miller, Esq.
November 1, 2007
Page 4 of 4

2007, and to prepare for the hearing on November 15, 2007 we request responsive documents by no later than November 3, 2007.

Please note that this is our preliminary assessment of your discovery responses, and we reserve the right to provide additional responses in due course.

Sincerely,

Aaron M. Staser

cc:     William N. Howard, Esq.
         Robert Palmer, Esq.
         Dwight D. Lueck, Esq.
         Kendall Millard, Esq.
         Michael Anderson, Esq.

INDS02 ASTASER 932936v1

BARNES & THORNBURG

**EXHIBIT F**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEPUY ORTHOPAEDICS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-425 RLM |
| | ) | |
| GAULT SOUTH BAY INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On November 1, 2007, Defendants filed a motion to quash a deposition. Under Local Rule 37.1(b), "every other motion concerning discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer . . . in an effort to resolve the matter without court action." Defendants' motion was unaccompanied by the necessary certificate. Consequently, Defendants' motion is **DENIED** [Doc. No. 41].

Upon examination of the Defendants' motion and the Plaintiff's response, it is evident why the motion was unaccompanied by the "good faith" certificate. Local Rule 37.1 is in place for a good reason. It encourages the parties to cooperate, resolve disputes, and in the process save time and resources. It also functions as a screening mechanism for this Court so that it does not have to entertain emotionally driven disputes that lack merit. The Defendants' motion is precisely such a dispute. Essentially, the parties have run to this Court to resolve a shouting match between counsel. Simply put, this Court expects more of counsel.

The parties are well aware that this matter is set for a preliminary injunction hearing to take place on November 15, 2007. Absent extremely good cause, that hearing date will not be changed. Pursuant to this Court's October 4, 2007, the depositions **must** be completed by

November 14, 2007. Consequently, this Court advises the parties to act civilly towards one another, complete the depositions, and move forward with this litigation. If this Court is required to entertain a motion such as this one again, or any other discovery matter before the November 15, 2007, hearing, fees and costs will be assessed upon the resolution of that motion.

**SO ORDERED.**

Dated this 6th Day of November, 2007.

<u>S/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge

**EXHIBIT G**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 07-04659 JW**      **Gault South Bay, Inc. Et al v. DePuy Orthopaedics, Inc.**

**C 07-05897 RS**      **DePuy Orthopaedics, Inc. V. Gault South Bay, Inc. Et al**

**I find that the above case is related to the case assigned to me. _____JW_____**

### ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated:_ 12/6/2007____       _____ *James Ware* _____

Judge James Ware

-1-

## CERTIFICATE OF SERVICE

I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record or *pro se* party in the cases listed above.

**Richard W. Wieking, Clerk**

DATED: ___12/6/2007_____

By: _Elizabeth C. Garcia_
**Deputy Clerk**

Copies to:   Courtroom Deputies
              Case Systems Administrators
              Counsel of Record
Entered into Assignment Program: _____(date)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


DEPUY ORTHOPAEDICS, INC.,                    Case Number: CV07-05897 JW

       Plaintiff,                            **CERTIFICATE OF SERVICE**

  v.

GAULT SOUTH BAY INC, ET AL. et al,

       Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Robert J Palmer
May Oberfell Lorder-Mis/IN
4100 Edison Lakes Parkway
Suite 100
Mishawaka, IN 46545


Dated: December 10, 2007

                    Richard W. Wieking, Clerk
                    By: Tiffany Salinas-Harwell, Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DEPUY ORTHOPAEDICS, INC.,

        Plaintiff,

   v.

GAULT SOUTH BAY INC, ET AL. et al,

        Defendant.

Case Number: CV07-05897 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William N. Howard
Freeborn and Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606-6677

Dated: December 10, 2007

                      Richard W. Wieking, Clerk
                      By: Tiffany Salinas-Harwell, Deputy Clerk

**EXHIBIT  H**

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | |
|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:07 CV 0425 RM |
| | ) |
| GAULT SOUTH BAY, INC. and | ) |
| ROBERT GAULT, | ) |
| | ) |
|     Defendants. | ) |

### DECLARATION OF ROBERT GAULT IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Robert Gault, declare as follows:

    1.      I am over the age of eighteen and competent to testify as to the matters set forth herein which are based on my personal knowledge.

    2.      I currently reside at 18428 Twin Creeks Road, Monte Sereno, California with my wife and four children. I have lived in California continuously since 1958.

    3.      I am the President and sole shareholder of Gault South Bay, Inc. ("GSB"), a California corporation that from January 1, 2007 until its termination on August 24, 2007, acted as an independent sales representative for DePuy Orthopaedics, Inc. ("DePuy").

    4.      In December 2006, GSB and DePuy executed in California an Agreement to be performed in California. I signed the Agreement solely on behalf of GSB. I signed my name in the area designated for "Contractor," which is defined in the Agreement as GSB. I also indicated my position at GSB, President, under my signature.

    5.      While the Agreement includes a signature block for persons to sign in their individual capacity, I was never asked to sign this, and never did sign this.

6.      The only other document I signed on GSB's behalf in connection with the Agreement was a December 21, 2006 amendment. The signature block on the amendment did not contain an area for me to include my title as President of GSB, but it does indicate that I signed as a "Representative" of GSB. I also executed the amendment in California.

7.      In executing both the Agreement and the December 21, 2006 amendment thereto, I signed solely on behalf of GSB in a representative capacity. I did not, nor did I intend to execute either document in an individual capacity.

8.      Ninety-nine percent of my contacts related to the Agreement were with DePuy's Emeryville, California office. Specifically, I usually dealt with Brad LaPoint.

9.      I have never traveled to Indiana in connection with the Agreement.

10.     I have never conducted business in the State of Indiana.

11.     Since 1994, I have only ever traveled to Indiana on four occasions. In August 1994, I traveled to the State as an agent of GSB for orientation as GSB had just become a distributor of DePuy. In August 1999, I traveled to Indiana to meet with the then President of DePuy, Jeff Binder, as I was concerned that GSB would lose its position as a senior sales representative when Johnson & Johnson acquired DePuy. In November 2001, again as an agent of GSB, I traveled with a surgeon to Indiana to show him the DePuy facilities. Finally, I traveled to Indiana in June 2007 in order to interview for a job.

12.     Of these four trips, I only initiated one of them. In August 1994, I was required by DePuy to attend distributor orientation on behalf of GSB. In November 2001, I was asked by DePuy to invite a surgeon and take the Johnson & Johnson corporate jet to visit DePuy's facilities. Finally, in June 2007 I went to interview with Biomet in Indiana at its request. I only initiated the August 1999 visit out of concern for my employment.

- 2 -

13.     My trip to interview with Biomet only arose after it became clear to me that DePuy was seeking to end its relationship with myself and GSB. In October 2006, when the Agreement was being negotiated, I was informed that accounts were being taken away from GSB, and ultimately strong-armed by Brad LaPoint to increase John Angileri's salary in order to keep those accounts. At this point in time, I knew that DePuy was looking for an out. Tellingly, DePuy has assigned GSB's former territory to John Angileri.

14.     Over the course of the last five years, I have intentionally avoided making contact with DePuy's Indiana headquarters. I was told in no uncertain terms by both Brad LaPoint and his predecessor at DePuy's Emeryville, California office that I was to come to them with any issues, and that if I went over their heads and called the corporate headquarters in Indiana, I would ultimately be risking my career.

15.     Based on these limited trips to the State, I never believed that I would be subject to the personal jurisdiction of any Indiana court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Robert Gault

Executed on September 1 5, 2007

- 3 -