Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Carla A. Veltman (No. 223910)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067
Telephone:      (310) 734-3200
Facsimile:      (310) 734-3300
Email: mneubauer@steptoe.com
Email: redelson@steptoe.com
Email : cveltman@steptoe.com

Attorneys for Plaintiff
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEPUY ORTHOPAEDICS, INC., an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GAULT SOUTH BAY, INC. a California Corporation, and BOB GAULT, an individual,<br><br>Defendants. | CASE NO. 5:07-cv-05897-JW<br><br>**DEPUY'S RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY DEPUY IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   April 28, 2008<br>Time:  9:00 a.m.<br>Place:  The Honorable James Ware<br>           Courtroom 8<br>           280 South 1st Street<br>           San Jose, CA 95113 |

Plaintiff DePuy Orthopaedics, Inc. ("DePuy") responds to Defendants' objections to the LaPoint and Lueck Declarations as follows and submits those objections should be overruled in their entirety.

**OBJECTIONS TO THE DECLARATION OF BRADFORD C. LAPOINT**

| | TESTIMONY | OBJECTION |
|---|---|---|
| 1. | In Paragraph Fifteen of his Declaration, Bradford LaPoint states:<br>[I]n August 2007, I began receiving calls from sales representatives and customers stating that Gault had commenced solicitation of business for DePuy's competitor, Biomet, Inc. . . . [Specifically] [o]n or about August 12, 2007, I received a call from Jake Daneman, a DePuy sales representative working under Gault in the South Bay. Daneman told me that Gault had solicited him to work for Biomet. I also learned from Daneman and other sales representatives that Gault had approached three other sales representatives working under him, including John Angeleri, Candice Polich and | Defendants object to these statements in Paragraph Fifteen as **hearsay**. Fed. R. Evid. 801. The statements made by Jake Daneman to Bradford LaPoint (as well as any other statements made by other DePuy sales representatives to Mr. LaPoint) were made out of court and are offered by DePuy for the truth of the matter asserted, namely, that Gault solicited DePuy sales representatives to work for a competitor. *See id*. No hearsay exception applies to these statements. Therefore, these statements in Paragraph Fifteen should be stricken as hearsay. |

1

DEPUY'S RESPONSE TO DEFS' OBJS TO EVID BY DEPUY IN OPPO TO PARTIAL SJ MOTION
CASE NO. 5:07-cv-05897-JW
Doc. # CC-180983 v.1

| TESTIMONY | OBJECTION |
|---|---|
| Craig Fry, and two other DePuy sale representatives working in adjacent territories to Gault's territory, Mike Olmes and Euluis Haselden, to solicit them also to leave DePuy and work for Biomet. | |

**RESPONSE TO OBJECTIONS**

Defendants' hearsay objection is without merit since the testimony is offered in support of DePuy's FRCP 56(f) application. Under Rule 56(f), if DePuy's declarations show it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition," the Court may deny the motion for summary judgment or continue the hearing to allow additional discovery. FRCP 56(f). Through the LaPoint testimony above, DePuy was showing a likelihood that controverting evidence exists. DePuy's Opposition brief provides in relevant part:

> DePuy believes that the proposed discovery would lead to evidence of Defendants' unfair competition and breaches of loyalty in light of the **LaPoint Declaration (see ¶¶15-18)**, the **Affidavit of Jake Daneman (RJN Ex. C ¶¶4-16)**, and the Declaration of Dwight Lueck (see ¶3 Ex. 8). DePuy also believes that the proposed discovery would result in admissions by Defendants that there are potential customers and products concerning which the Agreement does not restrict Defendants' competitive activities (see LaPoint Decl. ¶¶16-18) and, thus, the Agreement's covenant not to compete is narrow.
>
> **These factual matters, concerning which Defendants, and not DePuy, have personal knowledge, can only be learned through discovery.** They are also directly relevant to the issues of Defendants' breaches of the duty of loyalty to DePuy, the nature of Defendants'

unfairly competitive conduct, and the fact that the numerous alternatives to direct competition with DePuy in violation of the Agreement were available to Gault and Gault South Bay.  Neubauer Decl. ¶¶8-9.

… DePuy must be provided an opportunity to discover the facts underlying the existence of the unfair competition and duty of loyalty claims set forth in its complaint because the existence of these claims raises exceptions to Section 16600 under which restraints of trade are permitted under California law.  [Citations.]  Likewise, the fact that Gault had available to him multiple avenues of employment other than just accepting a position with Biomet in which he was directly soliciting the discrete list of customer accounts he serviced on behalf of DePuy is directly relevant to the fact that the Agreement contains only a narrow restraint and thus is not subject to Section 16600.  [Citation.]

Opp. Br., pp. 23-24 (emphasis added).

|   | **TESTIMONY** | **OBJECTION** |
|---|---|---|
| 2. | In Paragraph Sixteen of his Declaration, Bradford LaPoint states:<br>On or about August 14, 2007, I received a call from Dr. Steven Woolson, a physician with Stanford University Medical Center, who was an account in Gault's territory who ordered DePuy products through Gault. Dr. Woolson said to me that Gault had solicited him to | Defendants object to these statements as **hearsay**. Fed. R. Evid. 801.  The statements made by Doctors Woolson, Littlejohn and Lannin to Bradford LaPoint were made out of court and are offered by DePuy for the truth of the matter asserted, namely, that Gault solicited physicians on behalf of a competitor. *See id.*  No hearsay exception applies to these statements.  Therefore, the entire paragraph should be stricken as hearsay. |

| | TESTIMONY | OBJECTION |
|---|---|---|
| 1 | | |
| 2 | purchase Biomet products rather | |
| 3 | than competing DePuy products. | |
| 4 | Dr. Woolson told me that Gault | |
| 5 | had promised him that Biomet | |
| 6 | would make Dr. Woolson his | |
| 7 | own implant if Dr. Woolson | |
| 8 | agreed to switch to Biomet | |
| 9 | products.  On or about August | |
| 10 | 15,2007, I spoke with Dr. Ed | |
| 11 | Littlejohn, a physician at Los | |
| 12 | Gatos Hospital, another account | |
| 13 | that ordered DePuy products | |
| 14 | through Gault.  Dr. Littlejohn | |
| 15 | told me that Gault told him he | |
| 16 | was intending to move to Biomet | |
| 17 | and had solicited him to purchase | |
| 18 | Biomet products rather than | |
| 19 | DePuy products.  On August 21, | |
| 20 | 2007, I spoke with Dr. John | |
| 21 | Lannin at Stanford University | |
| 22 | Medical Center who told me that | |
| 23 | Gault had left him a voicemail, | |
| 24 | asking him to write a letter | |
| 25 | stating that he was discontent | |
| 26 | with DePuy's services and | |
| 27 | products. | |
| 28 | | |

**RESPONSE TO OBJECTIONS**

Defendants' objection is without merit for the same reasons explained above in connection with Paragraph 15 of the LaPoint Declaration. The testimony was offered in support of the DePuy's FRCP 56(f) application.

| | TESTIMONY | OBJECTION |
|---|---|---|
| 3. | In Paragraph Eighteen of his Declaration, Bradford LaPoint states: Gault has continued to solicit his former DePuy customers on behalf of Biomet. I learned that Gault arranged and held a meeting on September 10, 2007 with DePuy customers in Gault and Gault South Bay's territory for the purpose of soliciting those customers to purchase product from Biomet. | Defendants object to this statement on the following grounds: **lack of foundation, lack of personal knowledge and hearsay.** Fed. R. Evid. 602, 801. The statement lacks foundation because Mr. LaPoint has not explained how he has personal knowledge of the alleged September 10, 2007, meeting between Gault and DePuy customers, or how he has any personal knowledge that Gault has solicited DePuy customers on behalf of Biomet. *Id.* 602. In fact, based on earlier statements in his Declaration, Mr. LaPoint appears to have "learned" about the supposed September 10, 2007, meeting and the alleged solicitation based on statements made by other sales representatives and/or doctors, all of which are hearsay for which no exception applies. *Id.* 801. Therefore, this entire paragraph should be stricken for a lack of foundation, lack of personal knowledge and hearsay. |

## RESPONSE TO OBJECTIONS

Defendants' objections are without merit for the same reasons explained above in connection with Paragraph 15 of the LaPoint Declaration. The testimony was offered in support of the DePuy's FRCP 56(f) application.

| | TESTIMONY | OBJECTION |
|---|---|---|
| 4. | In Paragraph Twenty of his Declaration, Bradford LaPoint states:<br><br>Gault had other options for employment other than accepting a job in which he was directly competing with DePuy. Gault's skills as a salesperson are translatable to other products that do not compete with the products he sold for DePuy. Gault also could have easily found work outside of the territory he serviced on behalf of DePuy. For example, he could have sold the same type of products he sold on behalf of DePuy to hospitals in San Francisco, outside of his territory for DePuy, or to other hospitals in Northern California outside of the limited list of hospitals that were his customers on behalf of DePuy, without | Defendants object to Paragraph Twenty on the following grounds: **lack of foundation, lack of personal knowledge, speculation, impermissible opinion, and relevancy.** Fed. R. Evid. 401, 602, 701, 801. Preliminarily, the statement lacks foundation because Mr. LaPoint does not have personal knowledge regarding the other options Defendants supposedly had for employment or whether their skills are transferable to the sale of other non-competing products. See Fed. R. Evid. 602. Also, the statement that "Gault also could have easily found work outside of the territory he serviced on behalf of DePuy" and the list of potential hospitals where Gault "could have sold the same products" lacks foundation and constitutes impermissible speculation as well as improper opinion testimony. *Id.* 602, 701. Additionally, to the extent that Mr. LaPoint opines about what activities Defendants could have engaged in "without violating [the] Agreement," that |

| | TESTIMONY | OBJECTION |
|---|---|---|
| | violating his agreement. Examples of such potential customers outside of Gault South Bay's territory (as defined by the Agreement) include-hospitals such as UCSF, Alta-Bates-Summit Medical Center, and St. Francis Memorial Hospital, to name just a few. | testimony also constitutes an impermissible lay opinion. *Id.* 701. Finally, any evidence about what other opportunities might be available to Defendants is irrelevant for purposes of the Motion for Partial Summary Judgment. Fed. R. Evid. 401. Federal courts in California have determined that the facial validity of a covenant not to compete may be appropriately resolved on summary adjudication. *Latona v. Aetna U.S. Healthcare Inc.*, 82 F.Supp.2d 1089, 1093 (C.D. Cal. 1999); *Scott v. Snelling & Snelling*, 732 F.Supp. 1034, 1038 (N.D. Cal. 1990). As in these two cases, the issue here before this court is "whether the Agreement, on its face, purports to bar [Defendants] from engaging in lawful conduct, in clear derogation of [California Business and Professions Code] section 16600." *Latona*, 82 F.Supp.2d at 1093. Thus, on a motion for summary adjudication, "the application of the Agreement is secondary to its facial validity." *Id.* Therefore, any evidence or testimony regarding the application or effect of the Agreement, or what alternative opportunities are available to Defendants under that Agreement, are |

| TESTIMONY | OBJECTION |
|---|---|
|  | irrelevant for purposes of the Motion for Partial Summary Judgment. |

**RESPONSE TO OBJECTIONS**

Defendants' objections are without merit as set forth below.

The Declarant lays the foundation (including his personal knowledge) for his testimony. In Paragraph 1 of his Declaration, he testifies about his job responsibilities, including his interaction with sales representatives and customers (physicians and hospitals).

Nor is the testimony irrelevant. It is relevant to demonstrating that, even assuming California law governs (which it does *not* in light of the parties' Indiana choice of law in their Agreement), the non-compete provisions of the parties' Agreement are enforceable under the "narrow restraint" doctrine. *See IBM v. Bajorek*, 191 F.3d 1033, 1040-41 (9th Cir. 1999)("a contract is valid … if the promissor is "barred from pursuing only a small or limited part of the business, trade or profession..."); *Campbell v. Board of Trustees*, 817 F. 2d 499, 503 (9th Cir. 1987) (California Business & Professions Code Section 16600 makes illegal only those restraints which entirely preclude one from engaging in a lawful profession, trade, or business); *Gen. Commercial Packing, Inc. v. TPS, Package Eng.'g, Inc.*, 126 F. 3d 1131, 1133 (9th Cir. 1997) ("section 16600 does not impair General Commercial's contract with TPS unless it entirely precludes TPS from pursuing its trade or business"); *Boughton v. Socony Mobil Oil Co., Inc.*, 231 Cal. App. 2d 188, 192 (1964) ("where one is barred from pursuing only a small or limited part of a business, trade or profession, the contract has been upheld as valid")). The fact that Gault had available to him multiple avenues of employment other than just accepting a position with Biomet in which he was directly soliciting the discrete list of customer accounts he serviced on behalf of DePuy is directly relevant to the fact that the Agreement contains only a narrow restraint and thus is not subject to Section 16600.

Defendants' concede "Under this interpretation of section 16600, restrictive covenants are enforceable when they only impose a partial or narrow restraint" (Reply Br., 6:8-9), but contend the restraint in the parties' Agreement is not narrow enough to "pass muster … under the

8
DEPUY'S RESPONSE TO DEFS' OBJS TO EVID BY DEPUY IN OPPO TO PARTIAL SJ MOTION
CASE NO. 5:07-cv-05897-JW
Doc. # CC-180983 v.1

Ninth Circuit's narrow-restraint doctrine" (Reply Br., 6:26-27). Defendants ignore that California's narrow-restraint doctrine is similar to Indiana law regarding the enforceability of restrictive covenants and thus the parties' choice of Indiana law would be enforced here (*see* Section IIIB and IVA,B of the Opp. Brief). But, even assuming California law applies as Defendants disingenuously contend, whether the restraint is narrow enough under California law is a factual matter which depends on circumstances outside the Agreement (*see, e.g.,* the existence of opportunities which are not covered by the restraint, as testified by the Declarant LaPoint) and, thus, summary judgment cannot be granted here.

DePuy will explain at the hearing on this motion that Defendants' contention that the Agreement's restrictions are overly broad on their face misconstrues the Agreement's terms and ignores that under California law, a court is bound to construe such restrictions to be lawful to the extent possible.

## OBJECTIONS TO THE DECLARATION OF DWIGHT LUECK

| | TESTIMONY | OBJECTION |
|---|---|---|
| 1. | In Paragraph Three of his Declaration, Dwight Lueck states:<br><br>Shortly before this action was transferred from Indiana, Defendants made a document production on or about October 31, 2007. I received that document production from Defendants' counsel of record in the action before it was transferred from Indiana. A true and correct copy of the October | Defendants object to these statements in Paragraph Three, as well as Exhibits 6 through 8, on the following grounds: **lack of foundation, lack of personal knowledge, lack of authentication, misleading and irrelevant**. Fed. R. Evid. 401, 602, 901-902. Preliminarily, Mr. Lueck does not have personal knowledge of these three exhibits, two of which are contracts between GSB and its independent contractors, and the third of which is an email from Dr. Woolson to Gault. *See id.* 602. Additionally, Mr. Lueck failed to |

| | TESTIMONY | OBJECTION |
|---|---|---|
| | 30, 2007 cover letter accompanying the production that I received from Defendants' counsel of record, Freeborn & Peters LLP, is attached hereto as Exhibit 5. I have reviewed the production and among the documents produced by Defendants are the following:<br><br>• Contract For Services made on January 1, 2004 between South Bay, Inc. and Candice Polich number-stamped GSB0024-29. It provides at p. GSB0029 that "Contractor [i.e., Candice Polich] agrees not to engage in the sales of 'competitive products.'" Bracket added. A true and correct copy of this document, GSB0024- 29, is attached hereto as Exhibit 6.<br>• Contract For Services made on August 15, 2004 between South Bay, Inc. and Craig Frey number-stamped | provide any foundation demonstrating that the exhibits are what he claims them to be, thus the documents have not been properly authenticated and are inadmissible. *See id.* 901-902.<br>With respect to Exhibits 6 through 7, which are the contracts between GSB and its sales representatives, DePuy claims that these documents contain covenants not to compete that limit the ability of GSB sales representatives to compete after termination of their contracts. However, a cursory review of these contracts reveal that they do not contain any covenants not to compete. Rather, they only contain a provision requiring the contractor to devote his or her "best efforts" to GSB and to not sell "competitive products," which are prohibitions that exist only *during the life of the agreements*, not after termination of the agreements like covenants not to compete. Therefore, since the documents do not contain covenants not to compete as DePuy so brazenly claims, its characterizations of those documents are misleading and disingenuous. Finally, with respect to Exhibit 8, an e-mail that Gault received from Dr. Woolson *prior to* |

| | TESTIMONY | OBJECTION |
|---|---|---|
| | GSB003035. It provides at p. GSB0035 that "Contractor [i.e., Craig Frey] agrees not to engage in the sales of 'competitive products.'" Bracket added. A true and correct copy of this document, GSB003035, is attached hereto as Exhibit 7.<br>• An August 24, 2007 (Friday) email from Steve Woolson to Bob Gault, numberstamped [sic] GAULT0008 reflecting that Mr. Gault asked Dr. Woolson to switch prostheses or companies on Wednesday August 22, 2007. A true and correct copy of this document, GAULT0008, is attached hereto as Exhibit 8. | *the termination* of the Agreement with DePuy, this document is not relevant for purposes of the Motion for Partial Summary Judgment. *See* Fed. R. Evid. 401. The Motion focuses only on the validity of the covenant not to compete in the Agreement, which limits the ability of Defendants to compete *after* termination of the Agreement, not on the best efforts clause, which applies only to the conduct of Defendants *prior* to the termination of the agreement. Further, Defendants do not seek adjudication on the claims DePuy asserts for breach of duty and unfair competition, which also focus on the conduct of Defendants *prior* to the termination of the Agreement. Again, the Motion only addresses the validity of the covenant not to compete, which by its terms only applies *after* the Agreement was terminated. Therefore, evidence relating to the conduct of Defendants prior to termination, which includes Exhibit 8, is not relevant to the Motion for Partial Summary Judgment. *See* Reply at Part II.C. |

**RESPONSE TO OBJECTIONS**

Defendants' objections are specious. The Declarant has laid the foundation for his personal knowledge of his testimony about the documents produced in the action when it was in

1   Indiana.  He testified he was DePuy's counsel of record in that litigation and he personally
2   received the document production from Defendants' counsel of record.  As to the objection that
3   the documents are not authenticated, are Defendants suggesting that their counsel of record
4   produced non-authenticate documents?  Moreover, if indeed the documents are not authenticate,
5   where is Defendant Gault's declaration that they are not authenticate.  In addition, Defendants'
6   objections ignore that DePuy has not had a fair opportunity to conduct discovery and thus obtain
7   Defendants' admissions that the documents are "authenticate."  Indeed, this testify is submitted
8   in support of DePuy's FRCP 56(f) application (*see* Opp. Br.,  23:27-28) and thus these objections
9   are without merit.

10          Nor is the testimony misleading.  Instead, it is Defendants' objections that are misleading.
11  Mr. Lueck's Declaration fairly quotes the agreements and indeed attaches the agreements.
12  Defendants' objections claim that the agreements' non-compete provisions are limited to "*during*
13  *the life of the agreements*"  but the agreements contain no such limitation.

14          In addition, the testimony is relevant. The email from Defendant Gault shows that in
15  August 2007, while still working under contract for DePuy, he began to solicit his DePuy
16  customers to switch to Biomet even though Defendants were still supposed to be selling products
17  for DePuy through the end of the year and that, in turn, the "unfair competition" exception to the
18  prohibition against covenants not to compete applies (even assuming California law applies,
19  which it does not).  *See ReadyLink Healthcare v. Cotton*, 126 Cal. App. 4th 1006, 1021-22
20  (2005)("We note that 'if a former employee uses a former employer's trade secrets or otherwise
21  commits unfair competition, California courts recognize a judicially created exception to section
22  16600 and will enforce a restrictive covenant in such a case'"); *see also Board of Trustees v.*
23  *Roche Molecura Systems*, 487 F. Supp. 2d 1099, 1115 (N.D. Cal. 2007) (holding restrictive
24  covenants are enforceable under Section 16600 to the extent necessary to prevent unfair
25  competition).   The inclusion of non-compete provisions in Defendant Gault South Bay's
26  agreements with its contractors are relevant to show that Defendants should be estopped from
27  claiming that California has an absolute prohibition against non-compete agreements (*see*
28  Moving Br., 10:6-11).

## **CONCLUSION**

For the foregoing reasons, DePuy respectfully submits that the Court should over-rule Defendants' objections to the LaPoint and Lueck Declarations.

DATED: April 21, 2008              STEPTOE & JOHNSON LLP

                                   MARK A. NEUBAUER
                                   REBECCA EDELSON
                                   CARLA A. VELTMAN


                                   By    /s/ Rebecca Edelson
                                       REBECCA EDELSON
                                       Attorneys for Plaintiff
                                       DEPUY ORTHOPAEDICS, INC.