IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Gault South Bay Litigation <br> _____/ | NO. C 07-04659 JW <br> **ORDER GRANTING GAULT SOUTH BAY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

This is a consolidated diversity action between Gault South Bay, Inc., and Robert Gault (collectively, "Gault") and DePuy Orthopaedics, Inc. ("DePuy"). The parties assert claims against each other for alleged unfair competition, breach of contract, and tortious interference stemming from a sales representative agreement. Presently before the Court is Gault's Motion for Partial Summary Judgment. (hereafter, "Motion," Docket Item No. 11.)[1] The Court conducted a hearing on April 28, 2008. Based on the papers submitted to date and oral argument, the Court GRANTS Gault's Motion for Partial Summary Judgment..

## II. BACKGROUND

**A.   Factual Background**

DePuy is an Indiana corporation that manufactures and distributes orthopedic implants and operating room products.[2] Robert Gault is an individual residing in California.[3] Mr. Gault is the

---

[1] On April 18, 2008, the Court consolidated <u>DePuy Orthopaedics, Inc. v. Gault South Bay, Inc., et al.</u>, C 07-05897-JW with <u>Gault South Bay, Inc. v. DePuy Orthopaedics, Inc.</u>, C 07-04659-JW. Since the present motion was filed prior to consolidation, all docket references are to the C 07-05897-JW docket unless otherwise noted.

[2] (Request for Judicial Notice, Ex. A, hereafter, "DePuy Complaint," Docket Item No. 15.)

[3] (Declaration of Robert Gault in Support of Motion for Partial Summary Judgment ¶ 2, hereafter, "Gault Decl.," Docket Item No. 14.)

president of Gault South Bay, Inc., a California Corporation with its principal place of business in California. (Gault Decl. ¶ 3.)

In November 2006, the parties entered into a sales representative agreement (the "Agreement"). (Gault Decl., Ex. A.) Under the Agreement, Gault became DePuy's exclusive representative for the sale of DePuy's products in the San Francisco Bay Area. (Id.) The Agreement contains two "non-compete" provisions, which provide as follows:

> Contractor[4] agrees that neither Contractor nor anyone in its employ, nor any member of the immediate family of any one owning the majority of the stock, a controlling interest or exercising control of the Contractor will, during the time that this appointment is in effect, sell any competitive products or engage in any competitive activities without obtaining DePuy's prior written consent. Competitive activities mean [sic] selling, offering for sale, promoting, receiving or soliciting orders for goods or services similar, or intended for a similar use as those offered by DePuy or any other J&J company, or accepting remuneration of any kind from any person providing such goods and services.
> . . .
> Contractor agrees that, if this Agreement is terminated for any reason, that for or [sic] a period of one (1) year after termination of the Agreement, that neither Contractor nor any of its employees, independent contractors, or agents who were involved in the representation or sale of the Products, will, without DePuy's prior written consent, accept a position with a competitor of DePuy, which involves the direct or indirect sales of competitive products in the same Territory or sales to the same accounts covered by the Agreement or engage, directly or indirectly in the sales of competitive products or in competitive activities . . . .

(Id. at 7.)

**B.   Procedural Background**

In August 2007, DePuy notified Gault that it was terminating the Agreement on the ground that Gault had breached the contract by assisting DePuy's competitor. On August 24, 2007, Gault filed an action in Santa Clara County Superior Court alleging unfair competition and seeking a declaratory judgment that the non-compete clause which restricts competitive activities for the year following termination is unenforceable. (See C 07-04659-JW, Docket Item No. 1.) On September 7, 2007, DePuy removed the action to the Northern District of California on the basis of diversity jurisdiction. (Id.)

Two weeks later, on September 11, 2007, DePuy filed an action against Gault in the Northern District of Indiana. (See Docket Item No 1.) DePuy alleged breach of contract and

---

[4] The "Contractor" is specified in the Agreement to be Gault South Bay, Inc. (Gault Decl., Ex. A at 1.)

2

tortious interference. (Id.)  On November 13, 2007, the Northern District of Indiana transferred the case to the Northern District of California.  (Id.)  On April 18, 2008, the Court consolidated the actions.  (See Docket Item No. 26.)

Presently before the Court is Gault's motion for partial summary judgment.

### III.  STANDARDS

Although motions for partial summary judgment are common, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment, does not contain an explicit procedure entitled "partial summary judgment."  As with a motion under Rule 56(c), partial summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The purpose of partial summary judgment "is to isolate and dispose of factually unsupported claims or defenses."  Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact."  Id. at 323.  The non-moving party must then identify specific facts "that might affect the outcome of the suit under the governing law," thus establishing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).

When evaluating a motion for partial or full summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986).  The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded.  See, e.g. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992).  The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv., 809 F.2d at 631.  In such a case, partial summary judgment is inappropriate. Anderson, 477 U.S. at 248.  However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

## IV.  DISCUSSION

Gault moves for partial summary judgment that the Agreement's post-termination non-compete provision is unenforceable on the ground that the provision is void under California law. (Motion at 10.)

As a threshold matter, the parties dispute whether California or Indiana law should apply with respect to determining the enforceability of the non-compete provision.[5]  The Agreement contains a clause which provides:

> Both Parties agree that Indiana law shall govern and interpret this appointment and the relationship between the parties . . . .

(Gault Decl., Ex. A at 9.)   Despite this choice-of-law clause, Gault contends that the Court must apply California law in deciding whether to void the non-compete provision at issue in this case because California has a strong public policy against enforcing such provisions.  (Motion at 15.) Thus, the Court must make two determinations.  First, the Court must determine whether Indiana or California law applies for purposes of determining the enforceability of the non-compete provision. Second, the Court must determine whether the non-compete provision is enforceable based on the applicable state law.  The Court considers each issue in turn.

In diversity cases, courts apply the choice-of-law rules of the forum state.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  However, when a case is transferred pursuant to 28 U.S.C. § 1404(a), "[t]he transferee district court must [] apply the state law that would have been applied if there had been no change of venue."  Van Dusen v. Barrack, 376 U.S. 612, 639 (1964).

Here, this case is a consolidated action in which the first case was initially filed in the Northern of District of California and the second case was transferred from the Northern District of Indiana.  Thus, both California and Indiana choice-of-law rules potentially apply.  However, both Indiana and California follow the Restatement (Second) of Conflict of Laws § 187 when determining the enforceability of a contractual choice-of-law provision.  Nedlloyd Lines B.V. v.

---

[5] (Motion at 10; DePuy's Opposition to Gault's Motion for Summary Judgment, hereafter, Opposition at 8, hereafter, "Opposition," Docket Item No. 19.)

4

Superior Court, 3 Cal. 4th 459, 464 (Cal. 1992); Barrow v. ATCO Mfg. Co., 524 N.E. 2d 1313, 1315 (Ind. Ct. App. 1988). Therefore, the result is the same under either state's choice-of-law rules.

Section 187 of the Restatement provides in pertinent part that "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless . . . application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination . . . ." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971). This means the enforceability of the non-compete provision in this case is governed by Indiana law unless: (1) Indiana law is contrary to a fundamental policy of California and (2) California has a materially greater interest in the issue. The Court considers each issue in turn.

**A.    Contradictions Between Indiana and California Law**

Under Indiana law, "[n]oncompetition agreements are strictly construed against the employer and are enforced only if reasonable." Pathfinder Commc'ns. Corp. v. Macy, 795 N.E.2d 1103, 1109 (Ind. Ct. App. 2003). Moreover, "the business advantage which may attend a salesman's close contact with a customer" is considered "a protected interest sufficient to justify an employer's non-competition restriction." Licocci v. Cardinal Assocs., Inc., 445 N.E. 2d 556, 563 (Ind. 1983). Consistent with this principle, spatial restraints of a former employee's ability to compete in a given area are considered reasonable when limited to the area where the employee used to conduct business on behalf of the employer. S. Bend Consumers Club, Inc. v. United Consumers Club, Inc., 572 F. Supp. 209, 213-214 (C.D. Ind. 1983). Temporal restraints of up to two to three years have also been found to be reasonable and therefore enforceable. Id.; Cent. Indiana Podiatry, P.C. v. Krueger, 882 N.E.2d 723, 729 (Ind. 2008).

California law, on the other hand, provides that "[e]very contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600. "[S]ection 16600 represents a strong public policy of the state [of

5

California.]" Edwards v. Arthur Andersen LLP, 2008 WL 3083156, at *7 (Cal. 2008);[6] Application Group, Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881, 900 (1998). The rationale of § 16600 is that "[t]he interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employers." Diodes, Inc. v. Franzen, 260 Cal. App. 2d 244, 255 (1968). Under § 16600, even covenants not to compete which are limited spatially and temporally are void. Kolani v. Gluska, 64 Cal. App. 4th 402, 406 (1998) (declaring void a provision that barred a former sales representative from selling competing products to any former customers within a 40-mile radius for one year.) Section 16600 may not be interpreted under a "rule of reasonableness" or "narrow restraint" standard; its prohibition is strict. Edwards, 2008 WL 3083156, at *6-7.

In this case, the non-compete provision provides that if the Agreement is terminated for any reason, neither Gault South Bay, Inc. nor any of its employees, independent contractors, or agents may "accept a position with a competitor of DePuy, which involves the direct or indirect sales of competitive products in the same Territory or sales to the same accounts covered by the Agreement or engage, directly or indirectly in the sales of competitive products or in competitive activities . . . ." (Gault Decl., Ex A. at 7.) The provision is effective for one year. (Id.)

The non-compete provision protects DePuy's interest in maintaining relationships with its customer base. The provision is limited spatially to the twenty hospitals and physicians to which Gault sold DePuy's products, and limited temporally to a time period of one year.[7] These types of restriction are within the range considered reasonable by Indiana courts.[8] However, under California law, a non-compete provision which restrains an individual's ability to engage his or her profession is void, even if the restraint is arguably "reasonable." See Edwards, 2008 WL 3083156, at *5-7.

---

[6] Gault has filed a statement of recent decision regarding Edwards. (See Docket Item No. 49.) The parties dispute whether additional briefing on the impact of Edwards II on Gault's Motion is necessary. (See Docket Item Nos. 50-51.) Upon review of Edwards, the Court finds that additional briefing is unnecessary.

[7] (Gault Decl., Ex. A at 7, Appendix A; Declaration of Brad Lapoint, Audrey Frush, Dwight Lueck, and Mark Neubauer in support of DePuy's Opposition to Motion for Partial Summary Judgment, Ex. 3, Docket Item No. 21.)

[8] S. Bend Consumers Club, 572 F. Supp. at 213-14; Krueger, 882 N.E. 2d at 729.

Here, the Agreement restricts competition not only by the entity Gault South Bay, Inc., but also by its employees, independent contractors, and agents. Since the provision would restrain these individuals from engaging in their profession, it would be void under § 16600. Thus, the Court finds there is a conflict between Indiana law and the strong public policy of California as reflected in § 16600.

**B.     The State with a Materially Greater Interest in Resolution of the Issue**

To determine which state has a materially greater interest in resolution of an issue, a court may consider (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, (5) the domicile, residence, nationality, place of incorporation and place of business of the parties, (6) the impact of the transaction on the state or its citizens, and (7) the extent to which the state has sought to regulate the issue. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187-88; Brack v. Omni Loan Co., Ltd., 80 Cal. Rptr. 3d 275, 286-87 (Cal. Ct. App. 2008); see also Klussman v. Cross Country Bank, 134 Cal. App. 4th 1283, 1300 (2005).

In this case, the Agreement primarily involves activities in California between a California resident, a California corporation, and a foreign Corporation registered to do business in California. (Gault Decl., Ex. A at 1.)   The Agreement was signed in California by DePuy's California regional manager. (Id.) The Agreement has DePuy's California office address listed as a return address. (Id.) The only connection this case has with Indiana is that DePuy is headquartered in Indiana and manufactures its products there. (DePuy Complaint ¶ 1, C 07-04659-JW, Docket Item No. 43.)

Further, California and Indiana differ in how much emphasis each has placed on regulating the enforceability of non-compete provisions. California has a "fundamental policy" against such provisions, which is evident from the passage of § 16600 and court decisions subjecting it to strict interpretation. Application Group, 61 Cal. App. 4th at 900; Edwards, 2008 WL 3083156, at *5-7. In contrast, there is not a similarly strong public policy for or against non-compete provisions under Indiana law, which provides such provision may or may not be enforceable depending on whether they are reasonable. Compare Krueger, 882 N.E. 2d at 729, with Burk v. Heritage Food Serv. Equip., Inc., 737 N.E. 2d 803, 811 (Ind. Ct. App. 2000).

7

Finally, the effects of the non-compete provision in this case would be felt by California consumers; they would be deprived of Gault's services if the non-compete provision is enforced. California has an interest in protecting its employers and employees from anticompetitive conduct by an out-of-state employer, including litigation based on a non-compete provision. Application Group, 61 Cal. App. 4th 881, 901 (1998) (finding that California's policy of voiding non-compete agreements outweighs foreign states' policies of enforcing them).

On balance, the Court finds that California has a materially greater interest in resolving this controversy than Indiana.[9] Under conflicts of laws analysis, this finding requires the Court to apply California law to the Agreement and to find that the non-compete provision of the Agreement is void. Accordingly, the Court GRANTS Gault's motion for partial summary judgment.

## V. CONCLUSION

The Court GRANTS Gault's Motion for Partial Summary Judgment and finds that the non-compete provision of the Agreement is void under California law.

The parties shall appear for a Case Management Conference previously scheduled for **September 8, 2008 at 10 a.m.**

Dated: August 27, 2008

JAMES WARE
United States District Judge

---

[9] The Court's finding is consistent with the Northern District of Indiana's decision to transfer its action to California. (See Docket Item No. 1.)

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Donald P. Gagliardi dgagliardi@be-law.com
Mark A. Neubauer mneubauer@steptoe.com
Rebecca Edelson bedelson@steptoe.com
Tory Edward Griffin tgriffin@downeybrand.com

**Dated: August 27, 2008**                                    **Richard W. Wieking, Clerk**

                                              **By:  /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California